UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT BELCHER and<br>ZARINA BELCHER,<br><br>        Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK MELLON,<br>SELECT PORTFOLIO SERVICING,<br>INC., ORLANS PC AND JOHN<br>DOES 1-10<br><br>        Defendants. | Civil Action No. 1:20-cv-10511 |

**NOTICE OF REMOVAL**

**To:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendants The Bank of New York Mellon, formerly known as The Bank of New York as successor Trustee to JPMorgan Chase Bank, N.A., as trustee for the Certificateholders of Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 ("Bank of New York"), identified in the Complaint as Bank of New York, Mellon and Select Portfolio Servicing, Inc. ("SPS") (collectively "Defendants"), hereby remove to this Court the civil action entitled *Robert Belcher, et al. v. Bank of New York, Mellon, et al.*, pending as Docket No. 2084CV00550 in the Superior Court Department of the Massachusetts Trial Court, Suffolk County, Boston, Massachusetts. Plaintiffs also name the law firm of Orlans PC ("Orlans") as a Defendant in this action.  In support

of this Notice of Removal, Defendants Bank of New York and SPS, with consent from Orlans, state as follows:

## FACTUAL BACKGROUND

1. On or about February 27, 2020, plaintiffs Robert Belcher and Zarina Belcher ("Plaintiffs") filed a Complaint (the "Complaint") against Defendants in the Superior Court Department of the Massachusetts Trial Court, Suffolk County, Boston, Massachusetts.

2. Fewer than thirty (30) days have elapsed since counsel for Defendants learned of the Complaint.

3. Pursuant to U.S.C. § 1446(a), Defendants attach a copy of the Complaint and all other available papers filed in the state court action as Exhibit A.

## GROUNDS FOR REMOVAL

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, as this suit is a dispute among citizens of different states and the amount in controversy exceeds $75,000.00. Furthermore, counts 8, 11, 20, 21, 27 and 28 of the Complaint involve federal questions arising from the laws of the United States.

### I. THERE IS DIVERSITY OF CITIZENSHIP

5. According to the Complaint, Plaintiffs are individuals residing at 590 Truman Highway, Hyde Park, Massachusetts. Accordingly, Plaintiffs are citizens of Massachusetts.

6. SPS is a Utah corporation and is a wholly-owned subsidiary of SPS Holding Corp. SPS Holding Corp. is organized under the laws of the State of Delaware and is not a publicly-traded corporation. SPS Holding Corp. is wholly owned by Credit Suisse (USA), Inc. Credit Suisse (USA), Inc. is organized under the laws of the State of Delaware and is not a publicly-traded corporation. For purposes of diversity jurisdiction under 28 U.S.C. § 1332, SPS is therefore

a citizen of the State of Utah. See 12 U.S.C. § 1464(x); *see also, Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306 (2006).

7.  Bank of New York is a trust organized under the laws of the State of Delaware with a principal place of business located at 383 Madison Avenue, New York, NY 10179. For purposes of diversity jurisdiction under 28 U.S.C. § 1332, Bank of New York is therefore a citizen of the State of New York.

8.  Although defendant law firm Orlans has a principal place of business located in Waltham, Massachusetts, Plaintiffs improperly joined Orlans as defendants to this action. Orlans is foreclosure counsel. Courts have consistently held that foreclosure counsel are not proper defendants in action seeking to contest a mortgage foreclosure auction where legal counsel merely acts on behalf of the foreclosing mortgagee. Courts have routinely dismissed actions brought against foreclosure counsel on a number of grounds applying Massachusetts law, including the failure of any legal duty. *See*, e.g., *Moore v. NovaStar Mortgage, Inc.*, C.A. No. 11-cv-10468-MAP, 2011 WL 2899418, at *2 (D. Mass. July 15, 2011) ("Plaintiff's attempt to impose some sort of contractual duty on Defendant Albitt Law Offices based on the mortgage is unavailing. Defendant Albitt Law Offices was not a party to the mortgage, and Plaintiffs can identify no legal grounds on which the court could impose a duty of good faith as to them or the law firm representing the party adverse to them in the foreclosure proceeding."); *see also Manson v. GMAC Mortgage*, LLC, 283 F.R.D. 30, 42 (D. Mass. 2012) ("The law firm defendants also argue that even where certification proper, and even if *Ibanez* violations were uncovered, they owed no duty to the putative class members with respect to three of the claims (wrongful foreclosure; improper notice; and breach of the duty of good faith and reasonable diligence). The court agrees. A lawyer representing a lender owes no duty to the borrower.").

9. Here, Orlans served as foreclosure counsel. Orlans, as foreclosure counsel, acted to effectuate the foreclosure of the Property pursuant to applicable law. *Fairhaven Savings Bank v. Callahan*, 391 Mass. 1011 (1984) ("We accept the judge's determination that the plaintiff-mortgagee conducted the foreclosure, with its lawyers merely assisting in the preparation of legal documents."). Furthermore, under the doctrine of fraudulent joinder, "removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant." *Universal Truck & Equip. Co., Inc. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014). "The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact." *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 4 (D. Mass. 2001).

10. Here, Plaintiffs' claims against Orlans have no reasonable basis in law and fact because they are barred by the litigation privilege. "Under Massachusetts law, an attorney's statements are absolutely privileged 'where such statements are made by an attorney engaged in his function as an attorney whether in the institution or conduct of litigation or in conferences and other communications preliminary to litigation.'" *Blanchette v. Cataldo*, 734 F.2d 869, 877 (1st Cir. 1984) (quoting *Sriberg v. Raymond*, 370 Mass. 105, 109 (1976)). The privilege applies as a general bar to all civil liability based upon an attorney's statements, and it applies even if the offensive statements were uttered maliciously or in bad faith. *Doe v. Nutter, McClennen & Fish*, 41 Mass. App. Ct. 137, 140 (1996).

11. Thus, Orlans has no real connection to the controversy arising out of the foreclosure of the mortgage at issue, and the claims against Orlans are barred by the litigation privilege. Accordingly, Plaintiffs' fraudulent joinder of Orlans does not defeat subject matter jurisdiction

based on diversity, where "there right of removal cannot be defeated" by including separate claims for recovery against the law firm. *Carey v. Board of Governors of Kernwood Country Club*, 337 F. sup. 2d 339, 341 (D. Mass. 2004) (quoting Healthcare Corp., 178 F. Supp. 2d 1, 4 (D. Mass. 2001)).

12.     Accordingly, because Plaintiffs are citizens of Massachusetts, Bank of New York is a citizen of New York and SPS is a citizen of Utah, this action is between citizens of different states.  28 U.S.C. §1332.

## II.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

13.     Plaintiffs filed this 28-count, 193-paragraph Complaint alleging violations of state and federal laws in connection with the origination of their mortgage loan in 2005.  Plaintiffs also assert that the chain of assignment to Bank of New York is defective on the basis that the Assignment of Mortgage was consummated in violation of the operative Pooling and Servicing Agreement, and that Mortgage Electronic Registration Systems, Inc., a prior holder of the Mortgage, lacked the legal capacity to hold title to the Mortgage.  The Complaint seeks monetary damages totaling $4.3 million.  The face value of the mortgage in question is $412,000.  The aggregate amount of Plaintiffs' claim exceeds $75,000.00.

## III.  THIS SUIT INVOLVES FEDERAL QUESTIONS ARISING UNDER THE LAWS OF THE UNITED STATES

14.     Through their Complaint, Plaintiffs have alleged violations of 15 U.S.C. § 1125(a), 15 U.S.C. § 1681 and 15 U.S.C. § 1692.  *See* Complaint, counts 8, 11, 20, 21, 27 and 28.  Thus, removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441(c).

**IV.     PROCEDURAL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

15.     Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of Massachusetts, as the Complaint in this action was filed in the Superior Court Department of the Massachusetts Trial Court, Suffolk County, Boston, Massachusetts.

16.     Defendants have filed a copy of this Notice of Removal with the Superior Court Department of the Massachusetts Trial Court, Suffolk County, Boston, Massachusetts, as required by 28 U.S.C. § 1446(d).

17.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure in accordance with 28 U.S.C. § 1446.  The statements and allegations contained herein are true and correct to the best of the knowledge and belief of the undersigned based upon review of the material available.

18.     Based on the foregoing, Defendants have met their burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1332.

19.     This action is one which may be removed to this court by Defendants pursuant to 28 U.S.C. § 1441.

20.     In removing this action, Defendants do not intend to waive any rights or defenses to which it is otherwise entitled to under the Federal Rules of Civil Procedure.

WHEREFORE, Defendants remove this action currently pending in the Superior Court Department of the Massachusetts Trial Court, Suffolk County, Boston, Massachusetts to this Court and respectfully requests that this Court assume jurisdiction of this matter and take all further steps as may be required to determine this controversy.

                                                  Respectfully submitted,
                                                  **PARKER IBRAHIM & BERG LLP**
                                                  *Attorney for Defendants,*
                                                 Select Portfolio Servicing, Inc. and The Bank of New York Mellon, formerly known as The Bank of New York as successor Trustee to JPMorgan Chase Bank, N.A., as trustee for the Certificateholders of Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4,

                                               */s/ Donald W. Seeley Jr.*
                                               Jeffrey D. Adams, Esq. BBO# 662697
                                               Donald W. Seeley Jr., BBO# 663568
                                               2 Oliver Street, Suite 405
                                               Boston, Massachusetts 02109
                                               Phone: 617.918.7604
                                               Facsimile: 617.918.7878
                                               Email: jeffrey.adams@piblaw.com
                                                         Donald.seeley@piblaw.com

Dated: March 12, 2020

## **CERTIFICATE OF SERVICE**

      I, Donald W. Seeley Jr., Esq., hereby certify that on March 12, 2020 a true and correct copy of the foregoing document was served upon all parties or counsel of record via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system, then by email and first class mail, postage prepaid to:

Robert Belcher
590 Truman Highway
Hyde Park, MA 02136

Zarina Belcher
590 Truman Highway
Hyde Park, MA 02136

                                                  */s/ Donald W. Seeley Jr.*
                                                  Donald W. Seeley Jr.