

### COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 2084CV00550 D

| | |
|---|---|
| ROBERT BELCHER | ) |
| ZARINA BELCHER | ) |
|     PLAINITFFS, | ) |
| | ) |
| VS. | ) |
| | ) |
| BANK OF NEW YORK, MELLON | ) |
| | ) |
| SELECT PORTFOLIO SERVICING, INC | ) |
| | ) |
| ORLANS, PC | ) |
| | ) |
| JOHN DOES 1 – 10 | ) |
|     DEFENDANTS | ) |

# COMPLAINT

## JURISDICTION

1. Venue is proper in Suffolk County, as the actions complained of occurred in Suffolk County.  Further, the plaintiff is a resident of 590 Truman Highway in Hyde Park, Massachusetts, within Suffolk County and all of the defendants regularly conducted business within Suffolk County, within the Commonwealth of Massachusetts. This Court has jurisdiction over this matter pursuant to the State Constitution and statutes and the Massachusetts Rules of Civil Procedure.

## THE PREMISES

1.A single family Residence located at 590 Truman Highway, Hyde Park, MA 02136. The Owner is the plaintiff Robert Belcher.  It is described in Certificate of Title No 117651 LOT #:  14 SO at Suffolk County REGISTRY OF DEEDS, PLAN BOOK 584 page 51. The Original mortgage date was December 22, 2005. The real estate located in Hyde Park, Suffolk County in the Commonwealth of Massachusetts,  is occupied by the plaintiff and his family, and has been occupied continuously by the plaintiff since 1990, is hereinafter referred to as the "Premises."

# THE PARTIES

2. Plaintiff, Robert Belcher (hereinafter "BELCHER"), is a permanent resident of Massachusetts, and resides at 590 Truman Highway, Hyde Park, Suffolk County, in the Commonwealth of Massachusetts, the premises, as referred to above.

3. Defendant, BANK OF NEW YORK, MELLON ("BANKNY") on information and belief is an International Banking Conglomerate, with its Principal place of Business at 240 Greenwich Street, New York, NY 10286 and **claims to be the Trustee which allegedly is a lender or Holder in Due Course of the instant original mortgage and or original note.** Through its wholly-owned or controlled subsidiaries, its partner and\or joint ventures or its agents or servants, regularly transacts or transacted business within the Commonwealth of Massachusetts, and specifically did so as to the acts and transactions underlying the claim of the plaintiff herein.

4. Defendant, SELECT PORTFOLIO SERVICES, Inc. ("SPS") on information and belief, is a mortgage servicing corporation providing residential mortgage servicing to Banks with its Principal place of Business at 3217 Decker Lake Drive, Salt Lake City, Utah 84165. Either directly or through its predecessor(s) in interest, its wholly-owned or controlled subsidiaries, its partners and\or joint ventures', or its agents or servants, regularly transacts or transacted business within the Commonwealth of Massachusetts, and specifically did so as to the acts and transactions underlying the claims of the plaintiff herein.

5. Defendant, ORLANS PC ("OPC"), on information and belief, is a law firm in Waltham, Massachusetts and is the agent of some or all of the defendants and its various entities, and is a Licensed to practice law in Massachusetts, with a Principal place of Business at 465 Waverly Oaks Road, Waltham, Massachusetts 02452, and the acts or transactions that are the subject of this Complaint took place within this Commonwealth of Massachusetts.

6. As to Defendants John Does 1 – 10, Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as John Does 1 through 10, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Property. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained through discovery. Plaintiff is informed and believes and herein alleges that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

7. Plaintiffs are informed and believes and thereon allege that at all times herein mentioned, jointly and severally, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the wrongdoings alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture to one or all of the defendants.

## HISTORY OF THE TRANSACTIONS

I represent myself, Robert Belcher, in regard to my re-financed mortgage loan, allegedly originally granted by CHASE, (which was my only knowledge at the time of the granting of the mortgage) and subsequently allegedly assigned to MERS and then to BANK OF NY or other unknown (to me) lenders, and also the mortgage was assigned to more than one mortgage servicing agency.  I am without a clue, after 15 years, as to the identity of the Holder in Due Course of the original "Mortgage" or the original "Note" that was signed by me at the closing held on December 22, 2005.   I was not experienced in a "closing" on the mortgaging of real estate, and trusted the lender to be doing the right thing.  I was not given a copy of the documents I had just signed at the closing. I was informed that a copy would be sent to me a "few" days later.  It has been much more than a few days, and I have yet to receive a certified copy of those original documents bearing my signature. I have asked for certified copy of the original documents more than one hundred times, and an attorney representing my interest has asked three times in writing, as well as telephonically. All I have ever received is documents that have been fraudulently assembled. For example page 1 of the copies of the originals adjustable rate rider is often different, depending only on the date it was sent to me. The totality of the document becomes meaningless when pages are shifted and replaced by additions and replacement pages that are not originals.

I purchased separately the land that the house is situated on. I have lived in my family home since October 1990, after being  lent the money for construction buy a now defunct credit union.

Originally, in November of 2005, I was sent to CHASE by a mortgage originator agent. I was also attracted to CHASE because it seemed that a large national and world-wide banking institution was a bank I could trust.

Upon speaking with the loan originator r of CHASE, I learned that my credit was allegedly not stellar, (according to the loan originator) and that CHASE could only "qualify" me for a very high interest loan with a "subsidiary" of CHASE. The mortgage was for $412,000.00.

CHASE allegedly got the loan approval even though CHASE knew or should have known that the BELCHER did not have the resources to pay the regular payments. CHASE nevertheless went ahead with the mortgage transactions, because CHASE representatives represented to BELCHER that BELCHER would be able to organize his finances to make it possible to make payments on time, and then BELCHER would be able to get a lower interest "regular" loan.

CHASE knowingly, willfully, and fraudulently misrepresented to Belcher, a vulnerable person (unsophisticated in matters such as mortgage loans) (Aren't we all?) to whom CHASE owed a heightened duty of fiduciary care[i] that, provided BELCHER made his payments on time each month, BELCHER would qualify after a one-year period for a "regularly amortizing loan at prevailing interest rates". In reliance upon this material representation, BELCHERs entered into this first mortgage loan transaction with, ALLEGEDLY, CHASE.

To avoid losing his family home, which BELCHER has now shared with his family for over 30 years, BELCHER made and notated each and every payment to CHASE agents for the first approximately twenty-four months. BELCHER lived with the fear that he could lose his home, and with the hope that he could save it, with CHASE's promised help to refinance, in a year.

But when it was time to put the "regular" loan in place, CHASE seemed unable to do anything for BELCHER, even though the BELCHER had lived up to his end of the agreement. The representative of CHASE, insisted that BELCHER continue to make his regular mortgage payments each month at the high "interest only" payments, and no new mortgage was presented at prevailing rates, with an amortized payment schedule. Finally, long after the two years had ended, the interest rate was precipitously raised, and BELCHER could no longer keep making the high payments, and fell somewhat behind in his mortgage payments.

Now BELCHER began to hear from CHASE about a new and different "prevailing rates" loan. BELCHER took notes every time any representative of the lender (CHASE) called and BELCHER listened helplessly as those representatives manipulated the terms and misrepresented the process.

Around this time (late 2007) BELCHER began to receive foreclosure threat notices from CHASE. The notices were designed solely to intimidate and frighten BELCHER and were procedurally and substantively ineffective[ii]. Each notice sent indicated that a foreclosure and exercise of power of sale would imminently occur.

When BELCHER reminded CHASE of the agreement, BELCHER received a letter from CHASE that said "sorry you feel let down, we cannot help you, as your loan has been assigned to "MERS". BELCHER, to this day, has no idea who MERS is and upon information in belief does not believe that MERS was ever a proper "Holder in Due Course" of his original Mortgage and original note. Apparently CHASE or other lenders in the background had allegedly transferred their interest in the loan.

Thus, In 2007, BELCHER fell behind, and CHASE or MERS, allegedly the new holder of the original mortgage and note regarding the premises, began a relentless four year pursuit of BELCHER's home. BELCHER was unable to determine who the proper Holder in Due Course was at that time. BELCHER subsequently wrote to CHASE and MERS several times asking simply for proof that CHASE or MERS had the original note and original mortgage on BELCHER's property. Neither CHASE or MERS ever responded to BELCHER'S plea for proof of who actually was a Holder in Due Course of his original mortgage and original note.

On April 26, 2010 an Assignment of Mortgage was sent to BELCHER notifying him that the mortgage was then assigned to BANYNY as Trustee for the certificate holders of Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4.

The effective date of that Assignment had been December 8, 2009.   Apparently BELCHER was not notified of the Assignment until four months after it was effective.  And, query, how does a Trust formed after the date of the mortgage get to Holder in Due Course so many months after the original mortgage was granted and the original note signed, allegedly by CHASE. There had been no mention at the closing of Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 at the closing, nor at any time during the first five years of the mortgage. It is understandable that the Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 wasn't mentioned at the closing because it didn't exist at the time of the closing.

Finally, in August 2011, BELCHER sought the advice of Attorney Tony Blaize of Boston, Massachusetts, regarding the issue of proper proof of ownership of the original note and mortgage regarding the premises.  Attorney Blaize agreed

with BELCHER that he shouldn't pay anybody until an entity stepped up and proved ownership of the original note and original mortgage for the property. Attorney Blaize, in August of 2011, wrote two letters to EMC (then the mortgage servicing agency, wholly owned by CHASE, and now defunct) asking for certified copies of the original note and original mortgage. EMC, through CHASE only sent an unsigned copy (allegedly the proof) of ownership of the "original note" and "original mortgage".

Again, in August of 2012, Attorney Blaize requested for the third time that EMC again send a certified copy of the "original note" and "original mortgage" with regard to the premises. EMC responded by sending different copies to BELCHER's attorney. In addition they allegedly sent the original "closing" paperwork that had not ever been disclosed to BELCHER, (which is required by Federal laws protecting consumers from the misbehavior of banks and their closing representatives. That paperwork contains fabrications on the settlement statement because it shows two different settlement sheets, which make the entire package dubious and also included UNSIGNED documents.

Since that time, BELCHER has sent numerous certified letters to SPS (the mortgage servicing agent now assigned by BANKNY asking for the original mortgage and original note, which would represent proof of someone being a Holder in Due Course of the original mortgage and original note on the premises.

Yet, BELCHER has been advised by an attorney that the assignment to BANKNY cannot be valid, because MERS was never allowed to assume the role of lender. In addition, MERS has been sued hundreds of thousands of times by consumers throughout the United States and by the Attorney's Generals of all fifty states and by the Federal Government, and lost, found to have never been a true assignee in all the times it had claimed to be the true assignee.

In fact, BELCHER received a settlement from a class action won by the Attorney General of Massachusetts for predatory lending practice.

If arguendo, MERS had no legal right to become a Holder in Due Course, then everything after they became an assignee, should be found to be invalid. Thus, BELCHER claims that BANKNY could have never received an assignment from MERS because they were not a true Holder in Due Course.

BELCHER argues that the entire transaction, carried out on December 22, 2005, has always been clouded by improprieties of CHASE, MERS, BANK OF

INDIANAPOLIS, BANK NEW YORK, MELLON, EMC, and after 2014 by SELECT PORTFOLIO SERVCIING AND ORLANS, PC.

BELCHER, upon information and belief, states that while fifteen years has passed since this transaction, the last thirteen years there has been no serious attempts to collect from BELCHER, no earlier attempts at foreclosure, is arguably proof that the above named entities all knew or should have known that the transaction was flawed from the beginning.

BELCHER, upon information and belief, states that the Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-t Certificates, Series 2006-AR4, was apparently the only true Holder in Due Course and litigated against the lenders, and won their claims, for selling them worthless mortgages.

BELCHER, upon information and belief, states that the lenders who have since claimed to be Holder's in Due Course had insurance coverage for those losses accrued from Structured Asset Mortgage  Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 and revered from those insurers and were made whole. Thus any attempt by a lender to foreclose on the premises reflects another attempt by those entities to recover for the third time, which represents a windfall to the claimed lenders or Holders of Due Course.

BELCHER also argues, upon information and belief that the attorney who is handling the threatened foreclosure, knew or should have known of all the above referenced conduct of his client as the number of claims filed against lenders like his client is staggering. Yet he sits there  participating in a foreclose he knew was unscrupulous, and greatly benefitting his client at the expense of an unsophisticated minority, hard-working. Ordinary American homeowner.

To this day, not one entity has ever proven that they in fact are the Holder in Due Course of the "original mortgage" and "original note" regarding the premises.

Now, after a total of 13 years of no mortgage payments having been made by BELCHER, BANKNY, the alleged Trustee, through its mortgage servicing agency, SELECT PORTFOLIO SERVICING, INC and it lawyers ORLANS, PC is attempting to hold an foreclosure auction.

# GENERAL ALLEGATIONS

8. This is an action brought by Plaintiff for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages.

9. Plaintiff, homeowner, disputes Defendants' superior colorable claim to legal title and equitable title of the Prime Market Real Property in question (hereafter, the "Premises"), which is the subject of this instant action. Plaintiff, arguably, is the owner of the property by Deed of Trust.

10. From 1998 until the financial crash of 2008-2009, over 60 million purported consumer credit mortgage loan transactions were purportedly sold by Non-Depository payor Banks to Special Purpose Vehicles (hereinafter "SPV").

11. Plaintiffs are informed and believe, and thereon allege that Defendants participated in a transactional scheme whereby a purported Tangible Note is converted/exchanged for a Payment Intangible asset to provide an alternative investment offering via Special Deposit to certificate or bond holders which were expected to be relatively safe; which, were offered by Wall Street Firms to the secondary market through purported mortgage backed securities. \

12. Defendants PREDESSOR IN INTEREST deployed MERS as an electronic agent under the Constructive Deed of Trust as nominee/beneficiary for each successor Defendant as bailor/bailee to streamline a purportedly hypothecated security interest "Secret Liens" over the Payment Intangible after acquired collateral unlawfully construed as "Proceeds" of Plaintiffs' Real Property.

13. Plaintiff is informed and believes, and thereon allege that MERS only tracks and updates ownership of the Payment Intangible registered with the MERS database software system; MERS cannot transfer the beneficial right to the Tangible Accommodated Note instrument; a legitimate "True Sale" of a Tangible Note instrument can only be transferred in an ordinary course of business by proper negotiation for full value, transfer and delivery by operation of all applicable law.

14. Plaintiff is informed and believes, and thereon allege that payment for full value of the entire instrument was executed in an ordinary course of business from on or about December 22, 2005 to present. There are no documents or records Defendants can produce that demonstrate that prior to on or about December 22, 2005, the closing date for Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 was fully 6 months after the loan  was made

the Tangible Note was duly endorsed, transferred and delivered to **Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4** in an ordinary course of business by operation of all applicable law, including all intervening transfers including any purported transfers in the personal property Payment Intangible. Nor can any documents or records be produced that demonstrate that prior to the on or about December 22, 2005, the Deed of Trust was duly assigned, transferred and delivered to **Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4.**
via the Custodian of Records, JPMORGAN CHASE., including all Secret Liens purportedly securing the Payment Intangible intervening transfers/assignments.

15. Plaintiff further alleges that any documents i.e. a later 2010 MERS Assignment of Deed of Trust that purport to transfer a hypothecated beneficial security interest over the Payment Intangible underlying collateral of the Tangible Note or Bill of Exchange to Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 after the Closing Date February 1, 2006, are void as a matter of law; no security interest in the Real Property was perfected in the name of any of the successor Defendants. The alleged holder of the Tangible Note is not the beneficiary of the Deed of Trust. The alleged beneficiary of Plaintiffs' Deed of Trust, MERS, did not have the requisite title, perfected security interest or standing to proceed in a foreclosure; and/or is not the real party in interest as agent or nominee to any action taken or to be taken against the Real Property by any SUCCESSOR Defendants.

16. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, any assignment of a Deed of Trust without proper transfer in an ordinary course of business of the Tangible Note that it secures is a legal nullity by operation of law.

17. Plaintiff is informed and believes, and thereon alleges that the Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4  had no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of herein below.

18. Plaintiff alleges that Defendants, and each of them, cannot establish possession, show proper receipt, transfer, negotiations, assignment and ownership of the Tangible Note or Deed of Trust, resulting in imperfect security interests and claims; therefore, none of the Defendants have perfected any colorable claim of title or security interest in the Real Property.

19. Defendants, and each of them, cannot establish that the Deed of Trust purportedly securing the Tangle Note, were legally or properly acquired in accordance to all applicable law. Plaintiffs therefore allege, upon

information and belief, that none of the parties to transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Real Property; and that all Defendants are equitably estopped and precluded from asserting an unsecured claim against Plaintiffs' estate.

20. Plaintiff alleges that an actual controversy has arisen and now exists between the Plaintiff and Defendants, and each of them.

21. Plaintiff desires a judicial determination and declaration of its rights about the Real Property and the corresponding Tangible Note and Deed of Trust.

22. Plaintiff also seeks redress from Defendants identified herein for damages, for other injunctive relief, and for cancellation of written instruments based upon:

   a. An invalid and unperfected security interest in Plaintiffs' Real Property hereinafter described;

   b. Void "True Sales;"

   c. An incomplete and ineffectual perfection of a security interest in Plaintiffs' Real Property

23. Plaintiffs are the Superior Recorded owners of the Prime Market Property Grant Deed.

24. On or about December 22, 2005, Plaintiff executed a negotiable promissory note and a security interest in the form of a mortgage in the amount of $412,000.00.

25. The December 22, 2005 negotiable promissory note and mortgage was recorded on December 22, 2005 in BK 46598 PG 405 of the Official Records of Suffolk County, Massachusetts.

26. The original lender of the promissory note and beneficiary of the mortgage is TO BE DETERMINED.

27. Upon information and belief, MERS is not named as the payee of the December 22, 2005 negotiable promissory note and mortgage but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Security Deed.

28. The purported Mortgage loan contracts between the parties are specific as to the duties of each party.

29. MERS failed to record any Assignment of Deed of Trust in the Suffolk County Recorder's Office.

The December 22, 2005 negotiable promissory note was sold, transferred, assigned and securitized into the Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 with a closing date of April 16, 2016

30.   On June 30, 2008, a Corporation Assignment of Mortgage was recorded in BK 584 PG 51 of the Official Records, Suffolk County as instrument number 713600 to Bank New York, Mellon. as Trustee.

31.   The June 30, 2008 Corporation Assignment of Mortgage was unlawfully signed by Mary Cook as Vice President of MERS without disclosure of her true employment working for the Assignee, not the Assignor.

32.   Upon information and belief, Mary Cook fraudulently signed as Vice President of MERS without disclosure of her employment by Assignee agent MERS.

33.   The signature of Mary Cook (from the ROBO signing scandal) is an indication that MERS attempted to conceal the assignment of the mortgage to client Bank New York, Mellon. without an Assignor.

34.   The April 26, 2010 Corporation Assignment of Mortgage is an illegal unilateral transfer and void.

35.   There is no evidence in the April 26, 2010 Corporation Assignment of Mortgage of any verified proof of funds; a note endorsement; a bill of sale; a declaration of value; or transfer taxes as having been paid to Suffolk County, Massachusetts "for value received" for this $412,000 security interest.

36.   On January 20, 2020, approximately 15 years and one months had expired since the December 22, 2005 negotiable promissory note was placed into the Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4.

37.   On June 30, 2008, approximately two years and four months had expired since Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 Closing Date of April 20, 2006.

38.   On April 26, 2010,  an Assignment of Mortgage was recorded in BK 584 PG 51 of the Official Records, Suffolk County as instrument number 713600to Bank New York, Mellon. as Trustee for Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4.

39.   Plaintiffs allege that only the Depositor, Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 is the rightful party that can convey the asset into the trust pursuant to investor offering documents as filed with the Securities and Exchange commission.

**COUNT ONE**
**ROBERT BELCHER V ALL DEFENDANTS**
**LACK OF STANDING/WRONGFUL FORECLOSURE**

40.   Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

41.    An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiff contends that Defendants and each of them, do not have an equitable right to foreclose on the premises.

42.    Defendants, each of them, have failed to perfect any security interest in the real property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust.

43.    Thus, the purported power of sale, or power to foreclose non-judicially, by the above specified Defendants, and each of them, never applied.

44.   Plaintiffs request  this Court find that the purported power of sale contained in the Deed of Trust is a nullified by operation of law'

45.   Defendants' actions in the processing, handling and attempted foreclosure of this this transaction involved numerous fraudulent, false, deceptive and misleading practices, including, but not limited to, violations of State laws designed to protect borrowers, which has directly caused Plaintiffs to be at an equitable disadvantage to the combined defendants.

46.   For this reason, as well as the other reasons set forth herein above and below, defendants cannot transfer an interest in Real Property, and cannot recover anything from Plaintiff because of their combined lack of standing to foreclose on the premises.

47.  As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWO
## ROBERT BELCHER V ALL DEFENDANTS
## FRADULENT CONVEYANCE

48.  Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

49.  Pursuant to State law, one must be able to prove their capacity of Holder of the Tangible Note as one with rights acquired in an ordinary course of business to perfect the transfer of enforcement contract rights to the Deed of Trust instrument as collateral for a Tangible Note debt obligation.

50.  Without proper negotiation and physical transfer, the "true sale" of the Tangible Note is invalid as a fraudulent conveyance, or as an unsecured Tangible Note stripped of the Real Property collateral.

51.  Defendants failed to submit documents to the plaintiff's numerous requests for same, thus they cannot assume the role as nominee beneficiary for the Originator, to assign the subject Deed of Trust to the any of the defendants.

52.  Hence, defendants lack authority as an alleged nominee beneficiary to foreclose on Plaintiffs' Deed of Trust, making any assignment from a predecessor in interest totally defective.

53.  Any attempt by defendants to transfer the beneficial interest of a trust deed without actual ownership of the underlying Tangible Note attached together in one with the underlying Payment Intangible Transferable Record, is void under law.

54.  As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees,

plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT THREE
## ROBERT BELCHER V. ALL DEFENDANTS
## ABUSE OF PROCESS

55.  Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

56.  The defendants by attempting to foreclose without any real interest in the property, is without justification to bring any such action.

57.  The foreclosing parties can't prove it owns plaintiff's loan (that it has "standing" to foreclose).

58.  Therefore, Defendants cannot establish that they are entitled to assert a claim in this case.

59.  As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT FOUR
## ROBERT BELCHER V. ALL DEFENDANTS
## UNCLEAN HANDS

60.  Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

61. The defendant's wrongful behavior in making false statements and submitting fraudulent documents marks the defendant's status as acting with "Unclean Hands".

62. For this reason, as well as the other reasons set forth herein above and below, the defendants cannot transfer an interest in real property, and cannot recover anything from Plaintiff because of their combined unclean hands.

63. Defendants, and each of them, through the actions alleged above, claim the right to illegally commence foreclosure sale of Plaintiffs' real property under the Deed of Trust on the real property via an *in-rem* action supported by false or fraudulent documents.

64. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT FIVE
## ROBERT BELCHER V. ALL DEFENDANTS
## FRAUD

65. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

66. Defendant, through its agents, servants or employees, fraudulently misrepresented and substituted certain items of information to be included in the documents sent by the defendants in response to the plaintiffs' requests.

67. Those documents, substitutes for the actual documents evidence the defendant's fraudulent compilation of allegedly "real and original application for a loan for the purchase of the premises.

68. When Defendants allowed their agents, servants or employees to engage In fraudulent behavior in the in the arranging substitutes of the documents, allegedly of the original real estate loans that are

the subject of this lawsuit the various lenders, the defendants knew or should have known that those agents, servants and or employees were regularly engaged in fraud.

69.   Because defendants had notice of the ongoing fraud, it therefore is subject to the claims of the Plaintiff concerning the fraud.

70.   Said fraud, done by the combined defendants, those defendants knew or should have known about the fraud and that fraud has directly and proximately caused the Plaintiff to continue to have a loan obligation with monthly Payments resulting in lost principal rightly due the Plaintiff, out-of-pocket expenses, emotional and Psychological harm and other consequential damages.

71.   As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT SIX
## ROBERT BELCHER V. ALL DEFENDANTS
## NEGLIGENCE

72.   Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

73.   Defendants, between 2014 and the present have negligently handled the alleged transactions between the parties.

74.   The defendants have negligently sent to the plaintiff dozens of differing, claiming them to be original copies of the original mortgage and the original note and the original note rider, but all of the documents differs in substantive ways.

75.   As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-

pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT SEVEN
## ROBERT BELCHER V. ALL DEFENDANTS
## UNJUST ENRICHMENT

76.   Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

77.   On information and belief all of the defendants'
Express purpose of accelerating and foreclosing the real-
Estate mortgage loan in the Commonwealth, including the
Foreseeable Acceleration and foreclosure against the
Plaintiff was for unscrupulous financial gain to each of the Defendants.

78.   By defrauding the plaintiff, all of the defendants, or its agents, servants or employees will have been enriched, without justification and only as a result of its fraud, if the foreclosure is allowed to proceed.

79.   Upon information and belief, the underlying lender litigated against JP MORGAN CHASE, the original Trustee, and won the litigation and thus the alleged current trustee, the defendant Bank New York, Mellon has no interest in the property and is simply attempting to enrich itself by obtaining the plaintiffs interest.

80.   All defendants had a duty, both in common law and pursuant to various state and Federal statutes and regulations, to properly supervise and control the activities of it assignees and agents so as to prevent those activities from causing injury to persons in the Commonwealth, including the plaintiff.

81.   All the defendants negligently, carelessly and recklessly

Supervised and managed the activities of its assignees,
Agents and servants, so as to permit its assignees,
Agents and servants, to commit oppressive, deceptive and/or
Unfair acts and practices upon persons in the Commonwealth,
Such as the plaintiff, which transactions would financially?
Benefitted all of the defendants and their agents, servants,
Officers or employees.

82. All of the defendants, its officers, agents, servants or employees,
had actual or constructive knowledge of the activities of its
agents, servants or employees, that were causing or would
likely cause, or had caused injury to persons in the
Commonwealth, such as the plaintiff.

83. As a direct and proximate result of the negligence of all
The defendants Plaintiff incurred damages, including the
Threatened loss of the home which had housed his family for
Over thirty (30) years, caused emotional distress, physical
Harm and other psychological damages, out-of-pocket
Expenses and other damages.

WHEREFORE the Plaintiff demands judgment, jointly and severally,
against all of the Defendants in an amount that will fairly and adequately
compensate plaintiff for plaintiffs' damages, plus interest and costs.

## COUNT EIGHT
## ROBERT BELCHER V. ALL DEFENDANTS
## FALSE AND MISLEADING REPRESENTATIONS
## 15 U.S.C. 1692E

84. Plaintiff repeats and incorporates by reference, each and every
allegation contained above as if expressly re-written and set forth
herein.

85. All of the Defendant's systemic practices rise to the level of false
or misleading representations under the plain definition of those
words and have misled and harmed the plaintiff.

86. All of the defendants have engaged in these systematic false and
misleading representations not only to the Plaintiff, but to others,
including the public.

87. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT NINE
## ROBERT BELCHER V. ALL DEFENDANTS
## INTENTIONAL MISREPRESENTATION

88. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

89. Defendant's agents, servants or employees intentionally made fraudulent statements and submitted fraudulent documents to the plaintiff, and those statements and documents concerned some fact that a reasonable person would consider important to any decision that the plaintiff was about to make.

90. When the defendant's agent, servants or employees intentionally made the statements or provided the fraudulent documents, the defendant either knew or should have known that the statements or the documents were false or negligently made by willfully disregarding the truth or falsity.

91. The defendants, or its agents, servants or employees intentionally made the false statements and provided the fraudulent documents with the intention that the plaintiff would rely on those statements or documents in making his decision.

92. In making the plaintiff's decision, plaintiff did in fact rely on the defendant's agents, servants or employee's intentional statements and fraudulent documents as true, and that reliance by plaintiff was reasonable under the circumstances.

93. As a direct and proximate result of the above referenced intentional misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TEN
## ROBERT BELCHER V. ALL DEFENDANTS
## NEGLIGENT MISREPRESENTATION

94.   Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

95.   Defendant's agents, servants or employees negligently made fraudulent statements and submitted fraudulent documents to the plaintiff, and those statements and documents concerned some fact that a reasonable person would consider important to any decision that the plaintiff was about to make.

96.   When the defendant's agent, servants or employees negligently made the statements or provided the fraudulent documents, the defendant either knew or should have known that the statements or the documents were false or negligently made by willfully disregarding the truth or falsity.

97.   The defendants, or its agents, servants or employees negligently made the false statements and provided the fraudulent documents with the intention that the plaintiff would rely on those statements or documents in making his decision.

98.   In making the plaintiff's decision, plaintiff did in fact rely on the defendant's agents, servants or employee's negligent statements and fraudulent documents as true, and that reliance by plaintiff was reasonable under the circumstances.

99.   As a direct and proximate result of the above referenced negligent misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT ELEVEN

**ROBERT BELCHER V. ALL DEFENDANTS**
**FALSE OR MISLEADING REPRESENATIONS**
**15 U.S.C.A.1125 (a)**

100.  Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

101.  Defendant's systemic practices rise to the level of false or misleading representations under the plain definition of those words and have misled and harmed the plaintiff.

102.  Defendants have engaged in these systematic false and misleading representations not only to the Plaintiff, but to others, including the public.

103.  As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

**COUNT TWELVE**
**ROBERT BELCHER V. ALL DEFENDANTS**
**SLANDER OF TITLE**

104.  Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

105.  Defendant's communication with several third parties throughout the period of 2014 until the present regarding the plaintiff and the premises.

106.  The defendants over that time period of 2014 to present made several false statements and produced many false documents.

107.  Defendants, by withholding such facts have potentially committed a grave error and caused the Slander of Title.

108. The act of recording the purported Defendant's Assignment of Deed of Trust into the Official Records of the Suffolk County Recorder's Office is a communication to a third party of a false statement derogatory to Plaintiffs' title made with malice causing special damages to the Plaintiffs' claim of title.

109. Plaintiffs should be the equitable owner of the Subject Property.

110. Plaintiffs seek to quiet title as of the date of the filing of this Complaint.

111. Plaintiffs seek a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that the Defendants be declared to have no interest estate, right, title or interest in the subject property and that the Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights.

112. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT THIRTEEN
## BELCHER V ALL DEFENDANTS
### QUIET TITLE

113. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

114. All Defendants' named herein claim an interest and estate in the property is adverse to Plaintiffs in that Defendants asserts they are owner(s) of the note secured by the Deed of Trust to the property the subject of this suit.

115. All Defendants named herein claims an interest and estate in the Real Property adverse to Plaintiff in that Defendants' asserts to be the owner of Tangible Note secured by the Deed of Trust to the Real

Property, the subject of this suit.

116. The claims of all Defendants are without any legal right whatsoever, and Defendants have no estate, title, lien or interest in or to the Real Property, or any part of the Real Property.

117. The claim of all Defendants herein named, and each of them, claim some estate, right, title, lien or interest in or to the property adverse to Plaintiffs' title, and these claims constitute a cloud on Plaintiff's title to the Real Property.

118. Plaintiff therefore alleges upon information and belief, that none of the Defendants in this case hold a perfected and secured claim in the real property; and that all Defendants be estopped and precluded from asserting an unsecured claim against Plaintiffs' Real Property.

119. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

### COUNT FOURTEEN
### ROBERT BELCHER V ALL DEFENDANTS
### BREACH OF FIDUCIARY DUTY

120. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

121. The defendants have all committed violations of the plaintiffs' right to a duty of full disclosure by sending the plaintiff fraudulent alleged copies of alleged "real" documents.

122. All defendants violated the covenant of good faith and fair dealing.

123. All defendants were in violation of their duty of Misuse of

superior or influential position.

124. All defendants' failed to act in plaintiffs' best interest.

125. Given that the defendants have breached, misused or failed in all of those allegations, they all breached their fiduciary duty to the plaintiff.

126. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT FIFTEEN
## ROBERT BELCHER V. ALL DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

127.    Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

128.    The defendants, through its agents, employees and/or servants have engaged in a pattern of intentional outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

129.    The defendants, through its agents, employees and/or servants, carried out an ongoing behavior pattern that far surpassed mere insults, annoyances, indignities and other trivialities.

130.    The behavior of the defendants, through its agents, employees and/or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

131.    The behavior of the defendants, through its agents, employees and/or servants was atrocious and beyond all bounds tolerated in a civilized society.

132.    The actions of the defendants, or its agents, employees and/or servants were clearly intentional and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

133.    As a proximate result of defendant's intentional acts, or that of its agents, employees and/or servant's the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.

*WHEREFORE the Plaintiff demands judgment, jointly and severally against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT SIXTEEEN
## ROBERT BELCHER V. ALL DEFENDANTS
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

134. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

135. The defendants, through its agents, employees and/or servants has engaged in a pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

136. The defendants, through its agents, employees and/or servants, carried out an ongoing negligent behavior pattern that far surpassed mere insults, annoyances, indignities and other trivialities.

137. The negligent behavior of the defendants, through its agents, employees and/or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

138. The negligent behavior of the defendants, through its agents, employees and/or servants was atrocious and beyond all bounds tolerated in a civilized society.

139. The negligent actions of the defendants, or its agents, employees and/or servants were clearly negligent and malicious and were done

solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

140. As a proximate result of defendant's negligent acts, or that of its agents, employees and/or servant's the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.

**WHEREFORE the Plaintiff demands judgment, jointly and severally against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.**

## COUNT SEVENTEEN
### ROBERT BELCHER V. ALL DEFENDANTS
### INVASION OF PRIVAVCY

141. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

142. Upon information and belief, Defendants have regularly invaded the Privacy of the Plaintiff by constantly intruding in all of the Plaintiff's affairs – through accessing his credit accounts, discussing the Plaintiffs private account issues with others and continually issuing derogatory statements regarding the Plaintiff which were false.

143. Defendants regularly invaded the Privacy of the Plaintiff by putting the Plaintiff in a false light, continuously and maliciously throughout the entire period of his numerous applications for Modification and throughout Bankruptcy and beyond. The wrongful behavior began in 2018, when Defendants completely abused the plaintiffs' personal information and has continued to the present.

144. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWENTY
## ROBERT BELCHER V. ALL DEFENDANTS
## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION ACT

145. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

146. Defendants have continuously dunned the plaintiff regarding allegedly overdue balances.

147. Such harassment as committed by all of the defendant's agents, servants or employees, acting on behalf of the defendants as alleged in the paragraphs above, are in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C.S. sec 1692.

As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWENTY ONE
## ROBERT BELCHER V. ALL DEFENDANTS
## VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT

148. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

149. All of the Defendant's actions in failing to remove references to the plaintiffs alleged delinquent account(s) from the three national credit reporting agencies represents a gross violation of the Federal Fair Credit Reporting Act.

150. All the defendants knew or should have known that the plaintiff had raised his concerns that by their not removing the alleged debt(s) from the three national credit reporting agencies would cause great harm to the plaintiff.

151. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

**COUNT TWENTY TWO**
**ROBERT BELCHER V. ALL DEFENDANTS**
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT**

152. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

153. On August 20, 2019, plaintiff sent the 93A demand letter (exhibit A) to all the defendants, alleging the unfair acts and practices committed by all the defendants or firms in the instant transaction(s) are divisible into the those very five categories:

    (a)   per se violations of the Federal Consumer Credit Protection Act;

    (b)   Per se violations of laws of the Commonwealth of Massachusetts meant for the protection of the Plaintiff's welfare;

    (c)   Failure to disclose facts which may have influenced the Borrower not to enter into the transaction(s); and

    (d)   Oppressive and otherwise unconscionable conduct.

    (e)   Per Se Violations of the Federal Consumer Credit Protection Act

154.     As a result of Defendants' (either themselves or through their agents, servants or employees) unfair and deceptive acts and practices, Belcher has suffered injury including the loss of the credit account, has suffered from an impaired credit rating, has had credit applications turned down on several occasions because of the derogatory credit reports made by the combined defendants (either themselves or through their agents, servants or employees), and Belcher has been held up to public ridicule and humiliation in his community both personally and professionally, and has suffered severe emotional and physical distress, all as a result of the

Malicious, wanton, and willful reckless behavior of the above named defendants.

155. All of the defendants were engaged in trade or business at all times relevant hereto and in all acts and events referred to herein.

156. The acts or practices referred to herein occurred primarily within the Commonwealth of Massachusetts.

157. The Defendant's act of attempting to foreclose on the Mortgage is/was in violation of the provisions of the Massachusetts General Laws, and thus a per se violation of the Consumer Protection Act.

158. As a direct and proximate result of the unfair and deceptive practices of all the Defendants, their agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, emotional, physical, and psychological harm, and other consequential damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

(A)   Award plaintiff his actual damages;

(B)   Double or treble plaintiff's actual damages pursuant to the Consumer Protection Act;

(C)   Award reasonable attorney's fees plus interest and costs;

(D)   Award such other relief as the Court deems just and proper.

## COUNT TWENTY THREE
## BELCHER V ALL DEFENDANTS
## DECLARATORY RELIEF

159. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

160. By Declaring that any of the Defendants lack any interest in the subject property which would permit them to foreclose, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject properties.

161. By Declaring that the trust deed is not a lien against the subject properties, ordering the immediate release of the trust deed of record, and quieting title to the subject properties in Plaintiff and against Defendants and all claiming by, through or under them.

162. A refund of any wrongfully or improperly collected fees and payments to Defendants to which it had no right.

163. Pre- and post-judgment interest at the maximum rate allowed by law.

164. Attorney's fees.

165. Such other and further relief at law and/or in equity to which Plaintiff may be justly entitled including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as are allowed by law.

## COUNT TWENTY FOUR
## ZARINA BELCHER V. ALL DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

166. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

167. The defendants, through its agents, employees and/or servants have engaged in a pattern of intentional outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

168. The defendants, through its agents, employees and/or servants, carried out an ongoing behavior pattern that far surpassed mere insults, annoyances, indignities and other trivialities.

169. The behavior of the defendants, through its agents, employees and/or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

170. The behavior of the defendants, through its agents, employees and/or servants was atrocious and beyond all bounds tolerated in a civilized society.

171. The actions of the defendants, or its agents, employees and/or servants were clearly intentional and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

172. As a proximate result of defendant's intentional acts, or that of its agents, employees and/or servant's the Plaintiff has been humiliated,

embarrassed, emotionally distressed, and has been severely injured in both mind and body.

**WHEREFORE the Plaintiff demands judgment, jointly and severally against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.**

### COUNT TWENTY FIVE
### ZARINA BELCHER V. ALL DEFENDANTS
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

173. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.
174. The defendants, through its agents, employees and/or servants has engaged in a pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.
175. The defendants, through its agents, employees and/or servants, carried out an ongoing negligent behavior pattern that far surpassed mere insults, annoyances, indignities and other trivialities.
176. The negligent behavior of the defendants, through its agents, employees and/or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.
177. The negligent behavior of the defendants, through its agents, employees and/or servants was atrocious and beyond all bounds tolerated in a civilized society.
178. The negligent actions of the defendants, or its agents, employees and/or servants were clearly negligent and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.
179. As a proximate result of defendant's negligent acts, or that of its agents, employees and/or servant's the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.

*WHEREFORE the Plaintiff demands judgment, jointly and severally against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWENTY SIX
## ZARINA BELCHER V. ALL DEFENDANTS
## INVASION OF PRIVAVCY

180. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

181. Upon information and belief, Defendants have regularly invaded the Privacy of the Plaintiff by constantly intruding in all of the Plaintiff's affairs – through accessing his credit accounts, discussing the Plaintiffs private account issues with others and continually issuing derogatory statements regarding the Plaintiff which were false.

182. Defendants regularly invaded the Privacy of the Plaintiff by putting the Plaintiff in a false light, continuously and maliciously throughout the entire period of his numerous applications for Modification and throughout Bankruptcy and beyond. The wrongful behavior began in 2005, when Defendants completely abused the plaintiff's personal information and has continued to the present.

183. Defendants have regularly invaded the Privacy of the Plaintiff by recording telephone calls, without notice, of the Plaintiff making calls to the Defendants at Defendant's regular places of business.

184. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWENTY SEVEN
## ZARINA BELCHER V. ALL DEFENDANTS

## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION ACT

185. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

186. Defendants have continuously dunned the plaintiff regarding allegedly overdue balances.

187. Such harassment as committed by all of the defendant's agents, servants or employees, acting on behalf of the defendants as alleged in the paragraphs above, are in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C.S. sec 1692.

188. Such harassment as committed by all of the defendant's agents, servants or employees, acting on behalf of the defendants as alleged in the paragraphs above, are in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C.S. sec 1692.

189. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWENTY EIGHT
## ZARINA BELCHER V. ALL DEFENDANTS
## VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT

190. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

191. All of the Defendant's actions in failing to remove references to the plaintiffs alleged delinquent account(s) from the three national credit reporting agencies represents a gross violation of the Federal Fair Credit Reporting Act.

192. All the defendants knew or should have known that the plaintiff had raised his concerns that by their not removing the alleged debt(s) from the three national credit reporting agencies would cause great harm to the plaintiff.

193. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## PRAYER

*Plaintiff, Robert Belcher prays that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiffs be awarded judgment as follows:*

A. That this Honorable Court rescind the transaction(s) between the parties;

B. That this Honorable Court order any and all defendants to remove from all credit reporting agencies, any reference to the transaction(s) and any entry reflecting negatively to Robert Belcher;

C. That this Honorable Court order Payment of One Million Dollars ($1,000,000.00) as compensation for the Intentional and Negligent Infliction of Emotional Distress caused to Robert Belcher over the duration of the complained of wrongdoing of any or all of the defendants.

D. That this Honorable Court order Payment of One Million Dollars ($1,000,000.00) as compensation for the outrageous Invasion of Privacy of Robert Belcher over the duration of the complained of wrongdoing of all of the defendants.

E. That this Honorable Court order Payment of One Million Dollars ($1,000,000.00) as compensation for the bad Credit rating Robert Belcher has suffered as a result of all the above-named entities, and his subsequent inability to obtain financing on several different occasions;

F. That this honorable Court order Payment of One Million Dollars ($1,000,000.00) to Robert Belcher for all other claims, whether in Tort, Contract or Chapter 93A or the violation of Federal Statutes and Federal Regulations.

*Plaintiff, Zarina Belcher prays that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiffs Zarina Belcher be awarded judgment as follows:*

G. That this Honorable Court order any and all defendants to remove from all credit reporting agencies, any reference to the transaction(s) and any entry reflecting negatively to Zarina Belcher;

H. That this Honorable Court order Payment of One Hundred Thousand Dollars ($100,000.00) as compensation for the Intentional and Negligent Infliction of Emotional Distress caused to Zarina Belcher over the duration of the complained of wrongdoing of any or all of the defendants.

I. That this Honorable Court order Payment of One Hundred Thousand Dollars ($100,000.00) as compensation for the outrageous Invasion of Privacy of Zarina Belcher over the duration of the complained of wrongdoing of all of the defendants.

J. That this Honorable Court order Payment of One Hundred Thousand Dollars ($100,000.00) as compensation for the bad Credit rating Zarina Belcher has suffered as a result of all the above-named entities, and her subsequent inability to obtain financing on several different occasions.

### PLAINTIFFS REQUEST A JURY TRIAL

**THE PLAINITFFS**

**THE PLAINITFFs**
**PRO SE**


Robert Belcher
**590 Truman Highway**
**Hyde Park, MA 02136**
**617 290 6315**


Zarina  Belcher
**590 Truman Highway**
**Hyde Park, MA 02136**
**617 290 6315**

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>20 - 0550 D | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

**PLAINTIFF(S):** ROBERT BELCHER

**ADDRESS:** Latina Belcher
590 TRUMAN Highway
Hyde Park MA 02136

**ATTORNEY:** PO Se

**ADDRESS:**

**BBO:**

**COUNTY**

**DEFENDANT(S)** 1) Bank NY Mellon 2) SPS
Servicing Inc 3) ORLANS PC
240 Greenwich St NY NY 10286

**ADDRESS:** 2) 3217 Decker Lake DR SLC
Utah 84165 3) 465 Waverly
Oaks Rd Waltham MA 02452

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>BE11B99, So4 | TYPE OF ACTION (specify)<br>TORT, Foreclosure | TRACK | HAS A JURY CLAIM BEEN MADE?<br>☒ YES   ☐ NO |
|---|---|---|---|

"If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☒ YES  ☐ NO          Is this a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................... $
2. Total doctor expenses ............................................................. $
3. Total chiropractic expenses ..................................................... $
4. Total physical therapy expenses ............................................... $
5. Total other expenses (describe below) ...................................... $
                                                                    **Subtotal (A):** $

B. Documented lost wages and compensation to date ...................... $
C. Documented property damages to date ...................................... $
D. Reasonably anticipated future medical and hospital expenses ........ $
E. Reasonably anticipated lost wages ........................................... $
F. Other documented items of damages (describe below) ................. $

G. Briefly describe plaintiff's injury, including the nature and extent of injury: 4,300,000.00
Wrongful foreclosure, Intentional Infliction    **TOTAL (A-F):$**
of Emotional Distress, Negligent Infliction of
Emotional Distress, Invasion of Privacy ~ Chapter 93A
Violation of FFDCA          Violation of FFCRA

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

**TOTAL: $**

**Signature of Attorney/ Unrepresented Plaintiff: X** _____   **Date:** 2/27/20

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.
NONE

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _____                              **Date:** _____

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 2084 CV 00550

ROBERT BELCHER                    )
ZARINA BELCHER                    )
    PLAINITFFS,                )
                               )
VS.                               )
                               )
BANK OF NEW YORK, MELLON          )
                               )
SELECT PORTFOLIO SERVICING, INC   )
                               )
ORLANS, PC                        )
                               )
JOHN DOES 1 – 10                  )
    DEFENDANTS                 )

# EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION.

    **COMES NOW, Plaintiff ROBERT BELCHER,** *pro se,* **(hereafter "Plaintiff) and files for an** *Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction,* **against the listed Defendants. A temporary restraining order is appropriate to maintain the status quo. Plaintiff's home of 30 years will be sold on March 3, 2020 and Plaintiff and his family will be evicted and left homeless by that action, without immediate intervention from this Court.**

## A. THE PREMISES

**1.** A single family residence located at 590 Truman Highway, Hyde Park, MA 02136. The Owner is the plaintiff Robert Belcher. It is described in a certificate of Title No 117651 LOT #: 14 SO at Suffolk County REGISTRY OF DEEDS, PLAN BOOK 584 page 51. The Original mortgage date date was December 22, 2005. The real estate located in Hyde Park, Suffolk County in the Commonwealth of Massachusetts, is occupied by the plaintiff and his family, and has been occupied continuously by the plaintiff since 1990, is hereinafter referred to as the "Premises."

# B. THE PARTIES

2. Plaintiff Robert Belcher is now, and at all times relevant to this action, is an Individual who was a resident of the County of Suffolk, State of Massachusetts. At all times relevant to this action, Plaintiff was the listed owner of the premises located at 590 Truman Highway, Hyde Park 02136 (the "Premises").

3. Plaintiff, Robert Belcher (hereinafter "BELCHER"), is a permanent resident of Massachusetts, and resides at 590 Truman Highway, Hyde Park, Suffolk County, Massachusetts 02136.

4. Defendant, BANK OF NEW YRRK, MELLON ("BANKNY") on information and belief is an International Banking Conglomerate, with its Principal place of Business at 260 Greenwich Street, New York, NY and claims to be the Trustee which allegedly is a lender or holder in due course of the instant mortgage and or note. Through its wholly-owned or controlled subsidiaries, its partner and\or joint venturers or its agents or servants, regularly transacts or transacted business within the Commonwealth of Massachusetts, and specifically did so as to the acts and transactions underlying the claim of the plaintiff herein.

5. Defendant, SELECT PORTFOLIO SERVICES, INC ("SPS") on information and belief, is a mortgage servicing corporation providing residential mortgage servicing to Banks and has a Principal place of Business at 3217 Decker Lake Drive, Salt Lake City, Utah 84165. Either directly or through its predecessor(s) in interest, its wholly-owned or controlled subsidiaries, its partners and\or joint venturers, or its agents or servants, regularly transacts or transacted business within the Commonwealth of Massachusetts, and specifically did so as to the acts and transactions underlying the claims of the plaintiff herein.

6. Defendant, ORLANS PC ("OPC"), on information and belief, is a law firm in Waltham, Massachusetts and is the agent of some or all of the defendants and its various entities, and is a Licensed to practice law in Massachusetts, with a Principal place of Business at 465 Waverly Oaks Road, Waltham, Massachusetts 02452, and the acts or transactions that are the subject of this Complaint took place within this Commonwealth of Massachusetts.

7. As to Defendants John Does 1 – 10, Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as John Does 1 through 10, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Property. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained through discovery. Plaintiff is informed and believes and herein alleges that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

8. Plaintiffs are informed and believes and thereon allege that at all times herein mentioned, jointly and severally, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the wrongdoings alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture to one or all of the defendants.

## INTRODUCTION

9. Plaintiff requests the decree to temporarily and permanently enjoin Defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to Plaintiffs' title to the property.

10. Said unlawful non-judicial foreclosure action has caused and continues to cause Plaintiff great and irreparable injury in that the real property is unique, and was designed and built by him in 1989-1990.

11. The wrongful conduct of the above specified Defendants, and each of them, unless restrained and enjoined by an Order of the

Court, will continue to cause great and irreparable harm to Plaintiffs. Plaintiffs will not have the beneficial use and enjoyment of the home and will lose the property.

12. Plaintiffs have no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate to prevent irreparable loss to Plaintiffs.

13. Plaintiffs suffered and will continue to suffer unless Defendants' wrongful conduct is restrained and enjoined because real property is inherently unique, and it will be impossible for plaintiffs to determine the precise amount of damage it will suffer.

14. The wrongful conduct of the above specified Defendants, and each of them, unless restrained and enjoined by an Order of the Court, will continue to cause great and irreparable harm to Plaintiff. Plaintiff will not have the beneficial use and enjoyment of the Home and will lose the Property.

## THE STANDARD FOR INJUNCTIVE RELIEF

Pursuant to Rule 65, a moving party must show that 1) Irreparable harm will result in the absence of an injunction or restraining order; and 2) That the moving party has a likelihood of success on the merits. *Baptist Health v. Murphy*, 226 SW 3d. 800 (Sup. Ct. 2006).

## IRREPARABLE INJURY

Foreclosing on Plaintiffs' home without allowing a full determination on the merits of Plaintiffs' claim will cause irreparable injury to Plaintiff and his family and cause substantial harm far outweighing the potential injury to Defendants should the injunction be granted.

Plaintiffs' home is unique and non-fungible.  It is where memories, both good and bad are made.  It was designed and built according to his family's taste and likes. Home defines who we are, what we were and what we can be.  There are no two homes alike.

Allowing Defendants to pursue foreclosure while Plaintiffs' case is pending deprives Plaintiffs of all this, and more.  Without a home,

Plaintiff will not be able to fully and adequately prosecute the claims against Defendants and in turn, allows Defendants to continue their nefarious, predatory practices against Plaintiff and others similarly situated.

## PLAINTIFF IS LIKELY TO PREVAIL
## ON THE MERITS AT TRIAL

The foreclosure sale and any further transfer of ownership or encumbrance must be enjoined because the evidence demonstrates that plaintiff will succeed on the merits at trial.

Plaintiff alleges and supports through affidavits and exhibits, causes of action against Defendants that will show Defendants do not have any legal right to foreclose on Plaintiff's Real Property.

An actual controversy has arisen and now exists between Plaintiff and Defendants regarding their respective rights and duties. Plaintiffs contend that the Note and Deed of Trust were not transferred or assigned pursuant to the governing PSA or New York Law.  Plaintiff also alleges that Defendants committed fraud in the inducement and concealment at the initiation of the loan, and the fraud continues to the present day.

A judicial declaration is necessary and appropriate under the circumstances so that Plaintiff may determine the rights, obligations and duties owed by Defendants and whether those duties were adhered to.

At the very basis of Plaintiff's Complaint, based upon the facts outlined herein and in the Complaint, Plaintiff alleges and can demonstrate at trial that Defendants breached their status as a real holder in interest and through misrepresentation are about to foreclose on plaintiff's real property and that because of the securitization process, Defendants and their predecessors in interest failed to properly assign Plaintiff's Note and Deed of Trust in compliance with State law and Federal Law governing the original loan.

## NOTICE TO DEFENDANTS

Plaintiff hereby verifies that he has attempted to provide notice to all Defendants that the Complaint, the Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction, And Declaratory Relief was going to be filed on or before the foreclosure date.

Specifically, Plaintiffs have made the following efforts in good faith and with full diligence: The instate defendant, Orlans, PC will be served within 48 hours by Middlesex County Constable Bob Sweeney of Cambridge. The out of state defendants will be served pursuant to Massachusetts Long Arm Statute by certified mail within 48 hours.

If the Court sees fit to order the TRO as requested by the plaintiff, the law firm that is slated to conduct the foreclosure on March 6, 2020, will be served, in hand, by the plaintiff as soon as the TRO is issued today.

## PRAYER

WHEREFORE, Plaintiff requests that this Honorable Court order as follows:

A. A temporary restraining order, a preliminary injunction, and a permanent injunction enjoining Defendants, Defendants' agents, attorneys, and representatives, and all persons acting in concert or participating with them, from selling, attempting to sell, or causing to be sold the property, either under the power of sale in the Deed of Trust or by foreclosure action until this matter is fully adjudicated in a court of competent jurisdiction;

B. If a temporary restraining order is granted *ex parte*, to set this Application for hearing on the merits prior to the expiration of the *ex parte* temporary restraining order; and

C. Any further relief that the court may deem just and equitable.

D. A proposed order is attached hereto, should the Court honor the plaintiff's request/

# ROBERT BELCHER

**THE PLAINTIFF, PRO SE**

**590 TRUMAN HIGHWAY**
**HYDE PARK, MA 02136**
**617 290 6315**

**DATE: FEBRUARY 27, 2020**

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, SS                                    SUPERIOR COURT DEPARTMENT
                                               CIVIL ACTION NO. 2084 CV 00550

ROBERT BELCHER                                 )
ZARINA BELCHER                                 )
     PLAINITFFS,                               )

VS.                                            )
                                               )
BANK OF NEW YORK, MELLON                       )
                                               )
SELECT PORTFOLIO SERVICING, INC                )
                                               )
ORLANS, PC                                     )
                                               )
JOHN DOES 1 – 10                               )
     DEFENDANTS                                )

# ORDER
# TEMPORARY RESTRAINING ORDER

       Upon Motion, and after notice and hearing, the Court finds and rules that immediate and irreparable injury, loss, or damage will result to Robert Belcher unless this Temporary Restraining Order is granted ex parte.  Therefore, defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are ordered to cease and desist from foreclosing or any other action regarding the premises at 590 Truman Highway, Hyde Park, MA 02136

       This order has been entered at        A.M./P.M. on February, 28, 2020 and shall expire in ten days from the date

of this issuance (On March 9, 2020) unless it is extended for a like period by consent of the parties or by further order of this Court.

For good cause shown, the Court orders that plaintiff is not required to give security for the issuance of this Temporary Restraining Order.

Date: February 28, 2020

Judge,
Suffolk Superior Court

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _2084CV 00550_

_Robert Belcher_
_Zarina Belcher_ , PLAINTIFF(S),
v. _Bank of New York Mellon ETAL_
_Select Portfolio Servicing Inc_
_Orlans PC_ , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO _Select Port folio Servicing Inc._ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Suffolk County_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, _Suffolk_ Court, _Boston MA_ (address), by mail or in person, **AND**

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _590 Truman Hwy Hyde Park MA 02136_

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4.   Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____February 27_____, 20 20.

_Michael Joseph Donovan_
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

### PROOF OF SERVICE

! hereby certify and return that I served a copy of the within summons, together with a copy of the complaint in this action upon the within named defendant by:

X In hand service to: Sequeira Lavender
☐ Accepted by an adult male/female over the age of 18
☐ Left at last & usual place of abode
☐ Copy mailed first class on:
To: 155 Federal Street
Boston, MA

DATE OF SERVICE: 03-02-2020

Signed under the penalties of perjury

Robert Sweeney
CONSTABLE & PROCESS SERVER

X   Statement of Damages
X   Plaintiff's Interrogatories
X   Request For Production of Documents
☐ Affidavit Disclosing Care or Custody Proceedings
☐ Public Assistance Affidavit
☐ Track Assignment Notice
☐ Exhibits
☐ Financial Statement
☐ Affidavit
X Other   Plaintiff's Request For Admissions

Bank of New York, Mellon

## Commonwealth of Massachusetts

SUFFOLK, SS.

*Robert Belcher*
*Zelina Belcher*, PLAINTIFF(S),

v. *Bank of New York Mellon Et AL*
*Select portfolio servicing Inc*
*Orlans, PC*, DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. *2084CV/00550*

### SUMMONS

THIS SUMMONS IS DIRECTED TO _Orlans, PC_ (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Suffolk County_ Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, _Suffolk Cty_ Court, _Suffolk MA_ (address), by mail or in person, AND
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _590 Trumara Regi Hyde Park MA 02136_

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _February 27_, 20 20.

_Michael Joseph Donovan_
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

### PROOF OF SERVICE

I hereby certify and return that I served a copy of the within summons, together with a copy of the complaint in this action upon the within named defendant by:

X In hand service to: _Jason MacKeen_
□ Accepted by an adult male/female over the age of 18
□ Left at last & usual place of abode
□ Copy mailed first class on: _____
To: _4465 Waverly Oaks Road_
   _Waltham, MA_

DATE OF SERVICE: _03-02-2020_

Signed under the penalties of perjury

_____
Robert Sweeney
CONSTABLE & PROCESS SERVER

X _Statement of Damages_
X _Plaintiffs Interrogatories_
X _Request For Production of Documents_
□ Affidavit Disclosing Care or Custody Proceedings
□ Public Assistance Affidavit
□ Track Assignment Notice
□ Exhibits
□ Financial Statement
□ Affidavit
X Other _Plaintiffs Request For Admissions_

_Delans, PC_

## Commonwealth of Massachusetts

SUFFOLK, SS.                                           TRIAL COURT OF THE COMMONWEALTH
                                                       SUPERIOR COURT DEPARTMENT
                                                       CIVIL DOCKET NO. *2084cv00550*

*Robert Belcher*
*Zartina Belcher* _____, PLAINTIFF(S),
v. *Bank New York Mellon Et AL*
*Select Portfolio Servicing Inc*
*Orlans, PC* _____, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO *Bank of New York Mellon* (Defendant's name)

You are being sued.  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the *Suffolk County* Court.  YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1.  You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  If you need more time to respond, you may request an extension of time in writing from the Court.

2.  How to Respond.  To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

    a.  Filing your signed original response with the Clerk's Office for Civil Business, *Suffolk City* Court, *Boston MA* (address), by mail or in person,  AND

    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: *590 Tremont Hwy Hyde park MA 02136*

3.  What to include in your response.  An "Answer" is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _February 27_, 20 _20_

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

### PROOF OF SERVICE

I hereby certify and return that I served a copy of the within summons, together with a copy of the complaint in this action upon the within named defendant by:

X In hand service to: _James DeCrescenzo_
☐ Accepted by an adult male/female over the age of 18
☐ Left at last & usual place of abode
☐ Copy mailed first class on:_____
To: _84 State Street_
      _Boston, MA_

DATE OF SERVICE: _03·02·2020_

Signed under the penalties of perjury

_____
Robert Sweeney
CONSTABLE & PROCESS SERVER

X Statement of Damages
X Plaintiff's Interrogatories
X Request For Production of Documents
☐ Affidavit Disclosing Care or Custody Proceedings
☐ Public Assistance Affidavit
☐ Track Assignment Notice
☐ Exhibits
☐ Financial Statement
☐ Affidavit
X Other _Plaintiff's Request For Admissions_

_Select Portfolio Servicing, Inc._