UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 1:20-cv-10511-IT

**Robert Belcher and Zarina Belcher,**

**Plaintiffs**

v.

**Bank of New York Mellon; Select Portfolio Servicing, Inc.; and Orlans PC,**

**Defendants**

## MEMORANDUM OF LAW IN SUPPORT OF ORLANS PC'S MOTION TO DISMISS

### Introduction

Orlans PC ("Orlans") is foreclosure counsel for the mortgagee, Defendant Bank of New York Mellon in regard to the subject property, 590 Truman Highway a/k/a 590 Truman Parkway, Boston (Hyde Park), Massachusetts 02136 ("the Property"). Although Orlans has been named a Defendant in this action, there are no viable claims made in the Complaint against Orlans.

### Legal Argument

Plaintiff's Complaint does not state a claim upon which relief can be granted as to Orlans. The United States Supreme Court has issued a decision in a case that specifically discusses the standard for dismissal. In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), the Court seemingly modified the time-honored standard for dismissal set forth in Conley v. Gibson, 355 U.S. 41, 47 (1957), replacing that decision's "no set of facts" language for a "plausibility" standard with respect to notice pleading in complaints. In other words, according to the Supreme Court in Bell Atlantic, a court should not dismiss a complaint if there are "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974, or if the plaintiff has

demonstrated a "reasonably founded hope that the [discovery] process will reveal relevant evidence' to support his or her claims" *Id.* at 1967.

A review of the voluminous Complaint finds that nowhere in the Complaint are any real claims raised against Orlans. There is an allegation of a violation of the Fair Debt Collection Practices Act but in <u>Obduskey v. McCarthy & Holthus LLP</u>, No. 17-1307 (Mar. 20 2019), the Supreme Court decided (in a unanimous decision) that law firms performing non-judicial foreclosures are not debt collectors under the FDCPA.

The bulk of the Complaint involves the origination of the 2005 loan and a 93A claim based on this underlying claim. Any such claims at this point are time barred. There is also a claim of infliction of emotion distress, but the facts of this case do not meet the requisite elements for such a claim. "The tort of infliction of emotional distress requires a showing: 1) that the defendant intended to cause, or should have known that this conduct would cause, emotional distress; 2) that the defendant's conduct was extreme and outrageous; 3) that the conduct in fact caused the plaintiff emotional distress; and 4) that the plaintiff's distress was severe." <u>Carolyn Carter-Galica v. Town of Warren, et. al.</u>, 76 Mass.App.Ct. 1134 (2010), citing <u>Howcraft v. Peabody</u>, 51 Mass.App.Ct. 573, 596 (2001). The tort of infliction of emotional distress "requires a defendant to have acted intentionally in a manner 'extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community". <u>Uchenna Nkemjika Aguoji v. Harvard University, et. al.</u>, 77 Mass.App.Ct. 115 (2010), citing <u>Tetrault v. Mahoney, Hawkes & Goldings</u>, 425 Mass. 456 (1997). Commencing foreclosure proceedings on a property where the loan is severely default can hardly be deemed to fall into such a category.

Most importantly, as foreclosure counsel, Orlans cannot be held liable for claims brought against its clients. "Generally speaking an attorney is 'immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client.'" Sain v. HSBC Mortgage Services, 2009 U.S. Dist. Ct. LEXIS 77336.

The Plaintiff in this action was the mortgagor on the subject loan. Orlans owes him no fiduciary duty. See Balerna v. Gilberti, 281 F.R.D. 63, 65 n.4 (D.Mass. 2012). "Massachusetts law makes it plain as a pikestaff that an attorney does not owe a fiduciary duty to a person who she does not represent." Darlene Manson, et al. v. GMAC Mortgage LLC, et al., 2012 U.S. Dist. LEXIS 59492, at 28 (D. Mass. Apr. 30, 2012), citing Logotheti v. Gordon, 414 Mass. 308, 312 (1993); Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 522 (1989); Page v. Frazier, 388 Mass. 55, 61-68 (1983). See also MacMillan v. Scheffy, 147 N.H. 362, 365 (2001) ("[W]e decline to impose on an attorney a duty of care to a non-client whose interests are adverse to those of the client."). To find an attorney liable for the actions of his/her client is not only unfair but it impedes effective representation of the client.

## Conclusion

For all of the reasons set forth above, Plaintiff's Complaint fails to state a claim for which relief can be granted as to Orlans. Orlans must be dismissed from this action pursuant to Fed.R.Civ.P. 12(b)(6).

Respectfully submitted,
Orlans PC,
By its Attorney,

*/s/ Effie Gikas*

Effie L. Gikas, BBO # 654693
Orlans PC
465 Waverley Oaks Road, Suite 401
Waltham, Massachusetts 02452
(781) 790-7835
egikas@orlans.com

## CERTIFICATE OF SERVICE

I, hereby certify that on this date the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are non-registered participants.

*/s/ Effie Gikas*

Effie L. Gikas

Dated: April 22, 2020