UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT BELCHER and ZARINA BELCHER,<br><br>    Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK, MELLON, SELECT PORTFOLIO SERVICING, INC., ORLANS PC AND JOHN DOES 1-10<br><br>    Defendants. | Civil Action No. 1:20-cv-10511-IT |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

Defendants Select Portfolio Servicing, Inc. ("SPS") and The Bank of New York Mellon, formerly known as The Bank of New York as successor Trustee to JPMorgan Chase Bank, N.A., as trustee for the Certificateholders of Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 ("Bank of New York") (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint.

### I.    INTRODUCTION

Through their 28-count, 193-paragraph Complaint, Plaintiffs seek to enjoin the foreclosure auction of real property located at 590 Truman Highway, Hyde Park, Massachusetts (the "Property"),[1] as well as a rescission of their mortgage loan and $4.3 million in monetary damages.

---

[1] The foreclosure sale scheduled for March 18, 2020 was cancelled as the result of Robert Belcher's Chapter 13 bankruptcy filing on March 16, 2020. This sale has not been rescheduled.

1

The Complaint's 28 counts are premised on three common factual themes: (1) Bank of New York's chain of title to the Mortgage is defective; (2) in 2005, the original lender approved Plaintiffs for a loan they could not afford; and (3), Defendants failed to adequately respond to Plaintiffs' requests for the original Note, original Mortgage, and certified copies of additional unspecified loan documents.

As set forth below, Plaintiffs' claims fail as a matter of law. ***First***, Plaintiffs do not have standing to challenge a facially valid chain of title. *The Bank of New York Mellon Corp. v. Wain*, 85 Mass. App. Ct. 498, 503 (2014). ***Second***, Plaintiffs' loan origination claims accrued in 2005 and are now time-barred. *O'Brien v. Deutsche Bank Nat'l Trust Co.*, 948 F.3d 31, 35 (1st Cir. 2020). ***Third***, and finally, Plaintiffs' general request to produce loan documents, without more, fails to meet the pleading requirements of Rule 8 and Rule 9 of the Federal Rules of Civil Procedure, as these claims fail to provide Defendants with "fair notice of what the . . . claim is and the grounds upon which it rests". *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957).

Where Plaintiffs have failed to set forth a viable claim for relief, this Honorable Court should dismiss the Complaint with prejudice.

## II.   FACTUAL BACKGROUND

The Complaint is anything but a short and plain statement of the claim as is required by Rule 8(a) of the Federal Rules of Civil Procedure. The Complaint is unnecessarily vague, ambiguous and overly broad. Giving the Complaint a generous reading and construing it in the light most favorable to the Plaintiffs, Defendants briefly sets forth the following facts and, for the

purpose of this motion only, accept them as true. The facts are derived from the pleadings and documents referenced in the pleadings.[2]

This matter concerns a mortgage that Plaintiffs have not paid in 13 years. *See* Complaint ¶ 7. On December 22, 2005, Plaintiffs executed a promissory note in favor of Union Federal Bank of Indianapolis in exchange for $412,000 (the "Note"). *See* Complaint ¶ 24; *see also* a copy of the Note, attached hereto as Exhibit A.[3] That same day, as security for the Note, Plaintiffs granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Union Federal Bank of Indianapolis (the "Mortgage"). *See* Complaint ¶ 24; *see also* a copy of the Mortgage, attached hereto as Exhibit B. The Note and Mortgage together shall be referred to as the "Mortgage Loan".

The Mortgage is secured by real property located at 590 Truman Highway, Hyde Park, Massachusetts (the "Property"). *See* Complaint ¶ 25; *see also* Exhibit B. SPS is the loan servicer for Plaintiff's Mortgage Loan. *See* Complaint ¶ 4. On April 26, 2010, MERS assigned the Mortgage to Bank of New York. *See* Complaint ¶ 30; *see also* a copy of the Assignment of Mortgage, attached hereto as Exhibit C.

Plaintiffs allege that in 2005, the original lender, JPMorgan Chase,[4] offered Plaintiffs a loan that they could not afford. *See* Complaint ¶ 7. Nonetheless, Plaintiffs accepted the loan terms and closed on the Mortgage Loan in December of 2005. *See* Complaint ¶ 7. At the time of origination, the lender indicated that Plaintiffs could refinance the Mortgage Loan after making

---

[2] Defendants properly reference documents discussed or referred to in the Complaint. *See Watterson v. Page*, 987 F.2d, 3-4 (1st Cir. 1993) (Court may look to document central to the plaintiff's claim and referenced in the complaint whose authenticity is not disputed); *see also Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.)*, 324 F.3d 12, 19 (1st Cir. 2003) ("[M]atters of public record are fair game in adjudicating Rule 12(b)(6) motions, and court's reference to such matters does not convert a motion to dismiss into a motion for summary judgment.").
[3] The Note is endorsed to Bank of New York. *See* Exhibit A.
[4] Plaintiffs' Complaint identifies the original lender as "Chase". Plaintiffs identify the lender as "JPMorgan Chase" in Exhibit A to the Complaint.

one year of loan payments. *See* Complaint ¶ 7. However, Plaintiffs never refinanced the Mortgage Loan. *See* Complaint ¶ 7.

Plaintiffs made payments toward the Mortgage Loan for approximately two years. *See* Complaint ¶ 7. Plaintiffs began falling behind on their loan payments in 2007 and, in late 2007, began receiving foreclosure notices. *See* Complaint ¶ 7. At various times from 2011 through the present, Plaintiffs requested Defendants to produce the original Note and Mortgage, as well as "certified copies" of additional, unidentified loan documents. *See* Complaint ¶ 7. Plaintiffs allege that they never received the requested documents. *See* Complaint ¶ 7.

The Mortgage Loan is in default. Accordingly, Bank of New York scheduled the foreclosure auction of the Property for March 3, 2020. Bank of New York has postponed the auction to March 18, 2020.

### III.   STANDARD OF REVIEW

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give ... plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element

necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

In the instant action, Plaintiffs fail to establish a viable claim for relief on any of the 28 counts of the Complaint. Plaintiffs' failure to set forth facts to support a plausible claim for relief warrants this Honorable Court's dismissal of the Complaint with prejudice.

## IV. LEGAL ARGUMENT

Plaintiffs' sprawling 28-count, 193-paragraph Complaint takes aim at Bank of New York's chain of title, origination of the Mortgage Loan in 2005 and Defendants' responses to Plaintiffs' general requests to produce loan documents. Where Plaintiffs' claims are devoid of factual or legal support, the Complaint should be dismissed with prejudice.

### A. The Complaint Fails to Satisfy the Pleading Requirements of Fed. R. Civ. P. 8.

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests". *Twombly*, 550 U.S. at 555. "A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." *Kuehl v. Fed. Deposit Ins. Corp.*, 8 F.3d 905, 908 (1st Cir. 1993) (citing *Vakalis v. Shawmut Corp.*, 925 F.2d 34, 36 (1st Cir. 1991)).

Plaintiffs' Complaint is a prime example of the type of pleading Rule 8 seeks to prevent. The Complaint carries on for 37 pages, yet fails to set forth specific facts to support any of its 28 counts. Instead, the Complaint is replete with vague, generalized allegations against Defendants.

5

Quite simply, the Complaint fails to set forth a short plain statement showing the Plaintiff is entitled to relief. Accordingly, the Court should dismiss the Complaint with prejudice.

### A. Plaintiffs Fail to Set Forth a Viable Challenge to Bank of New York's Chain of Title.[5]

Through their Complaint, Plaintiffs challenge Bank of New York's chain of title to the Mortgage on the basis that: (1) the Assignment of Mortgage to Bank of New York is defective; (2) MERS, a prior mortgagee, lacked capacity to hold title to the Mortgage; and (3) securitization of the Mortgage Loan invalidates Bank of New York's title to the Mortgage. As set forth below, each of Plaintiffs' claims have been addressed and rejected by courts in Massachusetts. This Honorable Court should follow existing legal precedent and reject Plaintiffs' claims in this action.

1. Plaintiffs Lack Standing to Challenge a Facially Valid Assignment of Mortgage.

Through their filings, "Plaintiffs contend the Note and Deed of Trust were not transferred or assigned pursuant to the governing PSA or New York Law." *See* Plaintiffs' Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction ("Pl. Mot.") at 5. Likewise, Plaintiffs allege that "[u]pon information and belief, Mary Cook fraudulently signed [the Assignment of Mortgage] as Vice President of MERS without disclosure of her employment by Assignee agent MERS." *See* Complaint ¶ 32. However, Plaintiffs lack standing to assert these claims.

It is undisputed that Bank of New York has a facially valid chain of title.[6] An Assignment of Mortgage that complies with G.L. c. 183, § 54B is effective to pass title. *Wain*, 85 Mass. App. Ct. at 503. It is well-settled that "a mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective

---

[5] Plaintiffs challenge the chain of title to the Mortgage in counts 1, 2, 3, 4, 9, 10, 11, 12, 13, 15, 16, 20, 21, 22, 23, 24, 25, 27 and 28 of the Complaint.
[6] See Exhibit B and Exhibit C.

6

to pass legal title." *Culhane v. Aurora Loan Servs. Of Nebraska,* 708 F.3d 282 (1st Cir. 2013). "[C]laims that merely assert procedural infirmities in the assignment of a mortgage, such as a failure to abide by the terms of a governing trust agreement, are barred for lack of standing." *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 354 (1st Cir. 2013).  Standing exists only where a borrower alleges "the assigning party never possessed legal title." *Id*.  Here, Plaintiffs fail to assert more than alleged procedural shortcomings in the Assignment of Mortgage.

Plaintiffs cannot overcome their lack of standing by alleging the Assignment of Mortgage was executed outside of the terms of the applicable Pooling and Servicing Agreement.  This argument was addressed and rejected by the Massachusetts Appeals Court in *Ressler v. Deutsche Bank*, 92 Mass. App. Ct. 502 (2017).  In *Ressler*, the borrower alleged that "[Deutsche Bank] had acquired her mortgage in violation of the governing pooling and service agreement, making its foreclosure on her mortgage invalid." *Id*. at 502-503.  The *Ressler* Court summarily disposed of this argument, stating "the borrowers various arguments are . . . squarely barred by precedent" and "perilously close to being frivolous". *Id*. at 503, 510.  Likewise, Plaintiffs cannot challenge Defendants' valid chain of title by alleging the Assignment of Mortgage was "robo signed", as alleged in ¶ 33 of the Complaint.  *Wilson*, 744 F.3d at 13 ("'[T]he bare allegation of 'robo-signing' does nothing to undermine the validity of the … Assignment…").  Accordingly, Plaintiffs fail to state a viable claim for relief.

    2. <u>The Note and Mortgage May Be Split Under Massachusetts Law</u>.

Plaintiffs challenge Bank of New York's chain of title on the basis that "MERS is not named as the payee of the December 22, 2005 negotiable promissory note and mortgage but is named acting solely as a 'nominee' for the lender as the beneficiary of the Security Interest

7

Security Deed." *See* Complaint ¶ 27. This is a fundamental misstatement of Massachusetts foreclosure law.

"Under Massachusetts law, the note and mortgage are separate legal instruments and, under common law, they can travel separately." *Galvin v. U.S. Bank, N.A*, 852 F.3d 146, 155 (1st Cir. 2017). "Suffice it to say, Massachusetts allows a mortgage to be split from its underlying note … and where, as here, MERS possesses a legal interest in that mortgage, such an interest is transferable." *Butler v. Deutsche Bank Trust Company Americas*, 748 F. 3d 28, 32-33 (1st Cir. 2014). "MERS's designation as nominee means that it 'holds title for the owner of the beneficial interest,' not, as [the borrower] appears to suggest, that it lacks title altogether." *Mills v. U.S. Bank, N.A.*, 753 F.3d 47, 53 (1st Cir. 2014), citing *Culhane*, 708 F.3d at 293; *see also Dyer v. Wells Fargo Bank, N.A.*, 2020 U.S. App. LEXIS 12331 *4 (1st Cir. 2020) ("[A] mortgage contract that names 'MERS … as nominee for [Lender] and [Lender]'s successors and assigns' does suffice to make MERS the mortgage holder and thus authorizes MERS to assign the mortgage on behalf of the lender to the lender's successors and assigns.")

In the instant action, the Mortgage was originally held by MERS as nominee for the original lender. *See* Exhibit B. MERS is a proper mortgagee and possessed the legal capacity to transfer the Mortgage. Accordingly, this Court should reject Plaintiff's claim to the contrary.

3. Plaintiffs' Challenge to Securitization Fails as a Matter of Law.

Plaintiffs allege that "only the Depositor, Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 is the rightful party that can convey the asset into the trust pursuant to the Investor offering documents as filed with the Securities and Exchange [C]ommission." *See* Complaint ¶ 39.

8

This argument was flatly rejected by the Massachusetts Appeals Court in *Mitchell v. U.S. Bank National Association*, 95 Mass. App. Ct. 901, 902-903 (2019) (rescript).  In *Mitchell*, the Appeals Court upheld the foreclosure of a securitized mortgage loan, holding that "[t]he bearer, or possessor, of the note at the time of foreclosure was [the foreclosing entity] as trustee.  [The foreclosing entity], as trustee, was thus the entity 'entitled to receive payments' of amounts due under the note.  The holding of property and the receipt of payments due are well recognized and common functions of a trustee." *Id*. at 903.  The *Mitchell* Court aptly noted that "the [borrowers] cite no case or other authority for the proposition that the securitization transaction fundamentally altered the enforcement rights under the note and mortgage." *Id*.  Consequently, Plaintiffs' claim fails as a matter of law.

### B. **Plaintiffs' Claims Arising from the Origination of the Loan are Barred by the Applicable Statutes of Limitations.**[7]

Plaintiffs allege that "CHASE allegedly got the loan approval even though CHASE knew or should have known that the BELCHER [sic] did not have the resources to pay their regular payments." *See* Complaint ¶ 7.  Under Massachusetts law, claims sounding in fraud are subject to a three-year statute of limitations. *Stolzoff v. Waste Sys. Int'l, Inc.*, 58 Mass. App. Ct. 747, 755 (2003).  Claims under G.L. c. 93A are subject to a four-year statute of limitations.  G.L. c. 260, § 5A.  Claims under the Predatory Lending Statute, G.L. c. 183C, are subject to a five-year statute of limitations.  G.L. c. 183C, § 15(b)(1).  The statute of limitations begins to run at the time a borrower executes the loan documents. *O'Brien*, 948 F.3d at 35 (A borrower's claim alleging "[u]nfair and deceptive practices by enforcing a mortgage, the terms of which are unlawful" accrues on the date the borrower signed the loan documents).

---

[7]  Plaintiffs challenge loan origination in counts 1, 4, 5, 8, 9, 10, 11, 15, 16, 20, 21, 22, 23, 24, 25, 27 and 28 of the Complaint.

9

Here, it is unclear which counts of the Complaint's target origination of the Mortgage Loan. However, it is abundantly clear that all of Plaintiffs' claims regarding origination accrued when Plaintiffs executed the Mortgage Loan in 2005. As noted above, all of these claims are now time-barred.

### C. **Plaintiffs Fail to Set forth a Viable Claim Arising from Their Requests for Loan Documentation.**[8]

Plaintiffs allege Defendants failed to produce the original Note or Mortgage, and failed to provide "certified copies" of additional unspecified loan documents. *See* Complaint ¶ 7. However, the Complaint does not identify a legal obligation for Defendants to produce the requested documentation.

1. Plaintiffs Fail to Plead Sufficient Facts to Establish a Claim Against Defendants.

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests". *Twombly*, 550 U.S. at 555.

In the instant action, Plaintiffs assert that "Defendants failed to submit documentation to plaintiff's numerous requests for same, thus they cannot … assign the subject Deed of Trust". *See* Complaint ¶ 51. Defendants are left to speculate what documentation is at issue, when it was requested, and how this documentation could conceivably derail a valid Assignment of Mortgage.

To the extent Plaintiffs seek copies of recorded documents, they fail to articulate why these documents were not available to them at the Suffolk County Registry of Deeds. Moreover, there is no requirement to produce a chain of assignments for the Note. *See LaRace v. Wells Fargo Bank, N.A.*, 27 LCR 239, 243, 2019 Mass. LCR LEXIS 93, *21 (May 17, 2019) ("[I]t is not

---

[8] Plaintiffs address their requests for loan documentation in counts 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 24, 25 and 26 of the Complaint.

necessary to demonstrate a chain of title or to even identify past holders of a note in order to provide evidence that one is the current holder of the note, because the chain is demonstrated by the endorsements on the note itself and are self-evident. Physically holding the note, along with an endorsement of the note either in blank or to the holder, is sufficient.").

Therefore, Plaintiffs' Complaint fails to set forth a viable claim for relief.

2. <u>Plaintiffs Fail to Plead Fraud with Particularity</u>.

In Count 5 of the Complaint, Plaintiffs allege that "Defendant … fraudulently misrepresented and substituted certain items of information to be included in the documents sent by the defendants in response to the plaintiffs' requests." *See* Complaint ¶ 66.

To sustain a claim for fraud, a plaintiff must set forth facts establishing "that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his damage." *Danca v. Taunton Sav. Bank,* 385 Mass. 1, 8 (1982). Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, allegations of fraud must be pleaded with particularity.

Count 5 of the Complaint is woefully deficient in this respect. Rather than pleading specific facts, Plaintiffs make conclusory claims that Defendants allegedly "engaged in fraudulent behavior in[]arranging substitutes of the documents, allegedly of the original real estate loans that are the subject of this lawsuit". *See* Complaint ¶ 68. This conclusory claim defies the heightened pleading requirement of Rule 9, and therefore fails to set forth a viable claim for relief.

3. <u>There is No Requirement to Produce the Original Promissory Note in a Non-Judicial Foreclosure</u>.

Plaintiffs allege that Defendants failed to produce the original Note or Mortgage as part of the foreclosure.  *See* Complaint ¶ 7.  This argument fails under prevailing foreclosure law in Massachusetts.

"It has long been recognized that statutes are a key source of authority generally governing mortgages."  *Eaton v. Fannie Mae*, 462 Mass. 569, 579 (2012), citing *Fay v. Cheney*, 31 Mass. 399, 14 Pick. 399, 400-401 (1833).  General Laws c. 244, § 14 governs the procedure for foreclosing by the statutory power of sale contained in a mortgage.  There is nothing in this statute requirement production of the original promissory note in order to complete a non-judicial foreclosure.  The regulation interpreting the statute, 209 CMR 18.21A, is likewise devoid of any such requirement.

The United States District Court for the District of Massachusetts has addressed this issue twice within the last two years.  In *Bek v. Wells Fargo Home Mort.*, a borrower sought to enjoin a foreclosure on the basis that the foreclosing entity failed to produce the original promissory note for inspection.  *Bek v. Wells Fargo Home Mortg.*, 2018 U.S. Dist. LEXIS  152896, *14-15 (D. Mass. Sept. 7, 2018).  The Court dismissed the borrower's complaint on a Rule 12(b)(6) motion, holding that neither G.L. c. 244, § 14 nor 209 CMR 18.21A requires production of the original promissory note to conduct a valid foreclosure.  *Id*.  Along the same lines, the Court in *Culley v. Bank of Am., N.A.* held that "[b]ecause the law does not require the original Note be produced to the mortgagor to effectuate a valid foreclosure, this allegation fails to state a plausible claim."  *Cully v. Bank of Am., N.A.*, 2019 U.S. Dist. LEXIS 53709, *25 (D. Mass. Mar. 29, 2019).

Here, Defendants have no duty to produce the original Note or Mortgage as part of the foreclosure.  Thus, Plaintiffs fail to set forth a valid basis for relief.

**D. Plaintiffs Remaining Claims Fail to Establish a Basis for Enjoining Foreclosure.**

In counts 20, 21, 27 and 28, Plaintiffs assert claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA") in connection with Defendants' handling of the Mortgage Loan. These claims are derivative of Plaintiffs' remaining claims, and they fail for the reasons set forth above. To the extent these claims set forth independent causes of action, they fail on the merits.

1. <u>Plaintiffs Fail to Assert a Viable Cause of Action Under the FDCPA</u>.

The Borrowers allege that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") where "Defendants have continuously dunned the plaintiff regarding allegedly overdue balances." *See* Complaint ¶ 186. This allegation is insufficient to raise a claim under the FDCPA.

    a. *Plaintiffs fail to assert actionable conduct under the FDCPA*.

Congress enacted the FDCPA to eliminate "the use of abusive, deceptive, and unfair collection practices." 15 U.S.C. § 1692(a). Although the FDCPA restricts certain actions, it does not implement a wholesale ban on a sending correspondence to borrowers for allegedly overdue balances. Furthermore, a claim under the FDCPA has a one-year statute of limitations. 15 U.S.C. § 1692k(d).

Here, Plaintiffs fail to set forth details of what actions, if any, Defendants took in violation of the FDCPA. Defendants readily acknowledge that they have not made a payment in 13 years. *See* Complaint ¶ 7. Plaintiffs' general statement that Defendants "continuously dunned the plaintiff" is exactly the type of pleading that Rule 8 is designed to prevent. Thus, Plaintiffs' conclusory statement that they have been "continuously dunned", without more, fails to set forth a viable claim under the FDCPA.

    b. *Defendant Bank of New York is exempt from liability under the FDCPA.*

To establish an individual defendant's liability for FDCPA purposes, a plaintiff first must establish that the defendant is a "debt collector". *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017). The FDCPA defines a debt collector as:

> Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or assorted to be owed or due another.

*See* 15 U.S.C. §1692a(6). In the present action, Bank of New York is the owner of the Mortgage Loan. *See* Exhibit B and Exhibit C. Bank of New York is not attempting to collect a debt due to another. Thus, Bank of New York is not a "debt collector" as defined by the FDCPA.

    2. Plaintiffs have failed to assert a viable claim under FCRA.

Plaintiffs allege that "Defendant's actions in failing to remove references to the plaintiffs alleged delinquent account(s) from the three national credit reporting agencies represents a gross violation of the Federal Fair Credit Reporting Act." *See* Complaint ¶¶ 149, 191.

"The FCRA is intended to protect consumers against the compilation and dissemination of *inaccurate* credit information." *DeAndrade v. Trans Union LLC*, 523 F. 3d 61, 67 (1st Cir. 2008). Here, Plaintiffs allege that Defendants are reporting their account as delinquent. However, Plaintiffs do not allege that this reporting is *inaccurate*. Indeed, Plaintiff acknowledge throughout the Complaint that they have failed to make a payment in more than 10 years. As such, Plaintiffs have failed to set forth sufficient facts to establish a claim under FCRA.

## **CONCLUSION**

    WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Honorable Court dismiss the Complaint with prejudice.

          Respectfully submitted,
**PARKER IBRAHIM & BERG LLP**
*Attorney for Defendants,*
Select Portfolio Servicing, Inc. and The Bank of New York Mellon, formerly known as The Bank of New York as successor Trustee to JPMorgan Chase Bank, N.A., as trustee for the Certificateholders of Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4,

*/s/ Donald W. Seeley Jr.*
Jeffrey D. Adams, Esq. BBO# 662697
Donald W. Seeley Jr., BBO# 663568
2 Oliver Street, Suite 405
Boston, Massachusetts 02109
Phone: 617.918.7604
Facsimile: 617.918.7878
Email: jeffrey.adams@piblaw.com
       Donald.seeley@piblaw.com

Dated: April 30, 2020

## CERTIFICATE OF SERVICE

    I, Donald W. Seeley Jr., Esq., hereby certify that on April 30, 2020 a true and correct copy of the foregoing document was served upon all parties or counsel of record via this Court's CM/ECF system.

          */s/ Donald W. Seeley Jr.*
          Donald W. Seeley Jr.