

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

## 2084CV00550 Belcher, Robert et al vs. Bank of New York, Mellon et al

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 02/27/2020 |
| **ACTION CODE:** | BE1 | **CASE TRACK:** | A - Average |
| **DESCRIPTION:** | Fraud, Business Torts , etc. | | |
| **CASE DISPOSITION DATE** | 03/24/2020 | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE :** | 03/24/2020 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil D |

### PARTIES

**Plaintiff**
Belcher, Robert
590 Truman Highway
Hyde Park, MA 02136

**Attorney**                                    **PROPER**
Pro Se
Massachusetts Bar
Added Date: 02/28/2020

**Plaintiff**
Belcher, Zarina
590 Truman Highway
Hyde Park, MA 02136

**Attorney**                                    **PROPER**
Pro Se
Massachusetts Bar
Added Date: 02/27/2020

**Defendant**
Bank of New York, Mellon

**Attorney**                                    **662697**
Jeffrey Adams
Parker Ibrahim & Berg LLP
Parker Ibrahim & Berg LLP
2 Oliver St 4th Floor
Suite 405
Boston, MA 02111
Work Phone (617) 918-7611
Added Date: 03/03/2020

**Attorney**                                    **663568**
Donald W Seeley
Parker Ibrahim & Berg
Parker Ibrahim & Berg
2 Oliver St 4th Floor
Suite 405
Boston, MA 02109
Work Phone (617) 918-7604
Added Date: 03/03/2020

**Defendant**
Does 1-10, John

**Defendant**
Orlans PC


| Defendant | Attorney | 662697 |
|---|---|---|
| Select Portfolio Services, Inc. | Jeffrey Adams<br>Parker Ibrahim & Berg LLP<br>Parker Ibrahim & Berg LLP<br>2 Oliver St 4th Floor<br>Suite 405<br>Boston, MA 02111<br>Work Phone (617) 918-7611<br>Added Date: 03/03/2020 | |
| | **Attorney**<br>Donald W Seeley<br>Parker Ibrahim & Berg<br>Parker Ibrahim & Berg<br>2 Oliver St 4th Floor<br>Suite 405<br>Boston, MA 02109<br>Work Phone (617) 918-7604<br>Added Date: 03/03/2020 | 663568 |



**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 02/27/2020 | | Attorney appearance<br>On this date Pro Se added for Plaintiff Zarina Belcher | |
| 02/27/2020 | | Case assigned to:<br>DCM Track A - Average was added on 02/27/2020 | |
| 02/27/2020 | 1 | Original civil complaint filed. | |
| 02/27/2020 | 2 | Civil action cover sheet filed.<br><br>(4,300,000.00) | |
| 02/27/2020 | | Demand for jury trial entered. | |
| 02/28/2020 | | Attorney appearance<br>On this date Pro Se added for Plaintiff Robert Belcher | |
| 02/28/2020 | 3 | Plaintiff Robert Belcher's EMERGENCY Motion for<br>Temporary Restraining Order and/or Preliminary Injunction | |
| 02/28/2020 | | Summons and order of notice issued on a Complaint for a Preliminary Injunction , returnable on 03/02/2020 02:00 PM Hearing on Preliminary Injunction.<br><br>Applies To: Bank of New York, Mellon (Defendant); Select Portfolio Services, Inc. (Defendant); Orlans PC (Defendant) | Ullmann |
| 03/02/2020 | | Event Result:: Hearing on Preliminary Injunction scheduled on:<br>03/02/2020 02:00 PM<br>Has been: Rescheduled       For the following reason: Request of Defendant<br>Hon. Debra A Squires-Lee, Presiding<br>Staff:<br>    Paul Kenneally, Assistant Clerk | Squires-Lee |
| 03/03/2020 | 4 | Service Returned for<br>Defendant Select Portfolio Services, Inc.: Service through person in charge / agent; | |
| 03/03/2020 | 5 | Service Returned for<br>Defendant Orlans PC: Service through person in charge / agent; | |
| 03/03/2020 | 6 | Service Returned for<br>Defendant Bank of New York, Mellon: Service through person in charge / agent; | |
| 03/03/2020 | | Attorney appearance<br>On this date Jeffrey Adams, Esq. added for Defendant Bank of New York, Mellon | |
| 03/03/2020 | | Attorney appearance<br>On this date Donald W Seeley, Jr., Esq. added for Defendant Bank of New York, Mellon | |
| 03/03/2020 | | Attorney appearance<br>On this date Jeffrey Adams, Esq. added for Defendant Select Portfolio Services, Inc. | |



| | | |
|---|---|---|
| 03/03/2020 | | Attorney appearance<br>On this date Donald W Seeley, Jr., Esq. added for Defendant Select Portfolio Services, Inc. | |
| 03/10/2020 | | The following form was generated:<br><br>Notice to Appear<br>Sent On: 03/10/2020 15:12:35 | |
| 03/13/2020 | 7 | Notice of Removal to the United States District Court filed by<br><br>Defendants Select Portfolio Services, Inc. and Bank of New York, Mellon(US Dist #20-cv-10511)<br><br>Applies To: Bank of New York, Mellon (Defendant); Select Portfolio Services, Inc. (Defendant) | |
| 03/13/2020 | | Event Result:: Hearing on Preliminary Injunction scheduled on: 03/16/2020 02:00 PM<br>Has been: Canceled    For the following reason: Court Order<br>Hon. Robert L Ullmann, Presiding<br>Staff:<br>Margaret M Buckley, Assistant Clerk Magistrate | Ullmann |
| 03/24/2020 | | REMOVED to the U.S. District Court<br>of Massachusetts | |
| 03/24/2020 | | Case transferred to another court. | |

I HEREBY ATTEST AND CERTIFY ON

April 14, 2020 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

First Asst. Clerk

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, SS**

**SUPERIOR COURT DEPARTMENT**
**CIVIL ACTION NO.** 2084CV00550 D

**ROBERT BELCHER**  )
**ZARINA BELCHER**  )
    **PLAINITFFS,**  )
      )
**VS.**  )
      )
**BANK OF NEW YORK, MELLON**  )
      )
**SELECT PORTFOLIO SERVICING, INC**  )
      )
**ORLANS, PC**  )
      )
**JOHN DOES 1 – 10**  )
    **DEFENDANTS**  )

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
**F I L E D**
FEB 2 7 2020
MICHAEL JOSEPH DONOVAN
CLERK OF COURT

# COMPLAINT

## JURISDICTION

1. Venue is proper in Suffolk County, as the actions complained of occurred in Suffolk County. Further, the plaintiff is a resident of 590 Truman Highway in Hyde Park, Massachusetts, within Suffolk County and all of the defendants regularly conducted business within Suffolk County, within the Commonwealth of Massachusetts. This Court has jurisdiction over this matter pursuant to the State Constitution and statutes and the Massachusetts Rules of Civil Procedure.

## THE PREMISES

1. A single family Residence located at 590 Truman Highway, Hyde Park, MA 02136. The Owner is the plaintiff Robert Belcher. It is described in Certificate of Title No 117651 LOT #: 14 SO at Suffolk County REGISTRY OF DEEDS, PLAN BOOK 584 page 51. The Original mortgage date was December 22, 2005. The real estate located in Hyde Park, Suffolk County in the Commonwealth of Massachusetts, is occupied by the plaintiff and his family, and has been occupied continuously by the plaintiff since 1990, is hereinafter referred to as the "Premises."

# THE PARTIES

2. Plaintiff, Robert Belcher (hereinafter "BELCHER"), is a permanent resident of Massachusetts, and resides at 590 Truman Highway, Hyde Park, Suffolk County, in the Commonwealth of Massachusetts, the premises, as referred to above.

3. Defendant, BANK OF NEW YORK, MELLON ("BANKNY") on information and belief is an International Banking Conglomerate, with its Principal place of Business at 240 Greenwich Street, New York, NY 10286 and claims to be the Trustee which allegedly is a lender or Holder in Due Course of the instant original mortgage and or original note. Through its wholly-owned or controlled subsidiaries, its partner and\or joint ventures or its agents or servants, regularly transacts or transacted business within the Commonwealth of Massachusetts, and specifically did so as to the acts and transactions underlying the claim of the plaintiff herein.

4. Defendant, SELECT PORTFOLIO SERVICES, Inc. ("SPS") on information and belief, is a mortgage servicing corporation providing residential mortgage servicing to Banks with its Principal place of Business at 3217 Decker Lake Drive, Salt Lake City, Utah 84165. Either directly or through its predecessor(s) in interest, its wholly-owned or controlled subsidiaries, its partners and\or joint ventures', or its agents or servants, regularly transacts or transacted business within the Commonwealth of Massachusetts, and specifically did so as to the acts and transactions underlying the claims of the plaintiff herein.

5. Defendant, ORLANS PC ("OPC"), on information and belief, is a law firm in Waltham, Massachusetts and is the agent of some or all of the defendants and its various entities, and is a Licensed to practice law in Massachusetts, with a Principal place of Business at 465 Waverly Oaks Road, Waltham, Massachusetts 02452, and the acts or transactions that are the subject of this Complaint took place within this Commonwealth of Massachusetts.

6. As to Defendants John Does 1 – 10, Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as John Does 1 through 10, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Property. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained through discovery. Plaintiff is informed and believes and herein alleges that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

7. Plaintiffs are informed and believes and thereon allege that at all times herein mentioned, jointly and severally, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the wrongdoings alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture to one or all of the defendants.

## HISTORY OF THE TRANSACTIONS

I represent myself, Robert Belcher, in regard to my re-financed mortgage loan, allegedly originally granted by CHASE, (which was my only knowledge at the time of the granting of the mortgage) and subsequently allegedly assigned to MERS and then to BANK OF NY or other unknown (to me) lenders, and also the mortgage was assigned to more than one mortgage servicing agency. I am without a clue, after 15 years, as to the identity of the Holder in Due Course of the original "Mortgage" or the original "Note" that was signed by me at the closing held on December 22, 2005. I was not experienced in a "closing" on the mortgaging of real estate, and trusted the lender to be doing the right thing. I was not given a copy of the documents I had just signed at the closing. I was informed that a copy would be sent to me a "few" days later. It has been much more than a few days, and I have yet to receive a certified copy of those original documents bearing my signature. I have asked for certified copy of the original documents more than one hundred times, and an attorney representing my interest has asked three times in writing, as well as telephonically. All I have ever received is documents that have been fraudulently assembled. For example page 1 of the copies of the originals adjustable rate rider is often different, depending only on the date it was sent to me. The totality of the document becomes meaningless when pages are shifted and replaced by additions and replacement pages that are not originals.

I purchased separately the land that the house is situated on. I have lived in my family home since October 1990, after being lent the money for construction buy a now defunct credit union.

Originally, in November of 2005, I was sent to CHASE by a mortgage originator agent. I was also attracted to CHASE because it seemed that a large national and world-wide banking institution was a bank I could trust.

Upon speaking with the loan originator r of CHASE, I learned that my credit was allegedly not stellar, (according to the loan originator) and that CHASE could only "qualify" me for a very high interest loan with a "subsidiary" of CHASE. The mortgage was for $412,000.00.

CHASE allegedly got the loan approval even though CHASE knew or should have known that the BELCHER did not have the resources to pay the regular payments. CHASE nevertheless went ahead with the mortgage transactions, because CHASE representatives represented to BELCHER that BELCHER would be able to organize his finances to make it possible to make payments on time, and then BELCHER would be able to get a lower interest "regular" loan.

CHASE knowingly, willfully, and fraudulently misrepresented to Belcher, a vulnerable person (unsophisticated in matters such as mortgage loans) (Aren't we all?) to whom CHASE owed a heightened duty of fiduciary care¹ that, provided BELCHER made his payments on time each month, BELCHER would qualify after a one-year period for a "regularly amortizing loan at prevailing interest rates". In reliance upon this material representation, BELCHERs entered into this first mortgage loan transaction with, ALLEGEDLY, CHASE.

To avoid losing his family home, which BELCHER has now shared with his family for over 30 years, BELCHER made and notated each and every payment to CHASE agents for the first approximately twenty-four months. BELCHER lived with the fear that he could lose his home, and with the hope that he could save it, with CHASE's promised help to refinance, in a year.

But when it was time to put the "regular" loan in place, CHASE seemed unable to do anything for BELCHER, even though the BELCHER had lived up to his end of the agreement. The representative of CHASE, insisted that BELCHER continue to make his regular mortgage payments each month at the high "interest only" payments, and no new mortgage was presented at prevailing rates, with an amortized payment schedule. Finally, long after the two years had ended, the interest rate was precipitously raised, and BELCHER could no longer keep making the high payments, and fell somewhat behind in his mortgage payments.

Now BELCHER began to hear from CHASE about a new and different "prevailing rates" loan. BELCHER took notes every time any representative of the lender (CHASE) called and BELCHER listened helplessly as those representatives manipulated the terms and misrepresented the process.

Around this time (late 2007) BELCHER began to receive foreclosure threat notices from CHASE. The notices were designed solely to intimidate and frighten BELCHER and were procedurally and substantively ineffective[ii]. Each notice sent indicated that a foreclosure and exercise of power of sale would imminently occur.

When BELCHER reminded CHASE of the agreement, BELCHER received a letter from CHASE that said "sorry you feel let down, we cannot help you, as your loan has been assigned to "MERS".  BELCHER, to this day, has no idea who MERS is and upon information in belief does not believe that MERS was ever a proper "Holder in Due Course" of his original Mortgage and original note. Apparently CHASE or other lenders in the background had allegedly transferred their interest in the loan.

Thus, In 2007, BELCHER fell behind, and CHASE or MERS, allegedly the new holder of the original mortgage and note regarding the premises, began a relentless four year pursuit of BELCHER's home. BELCHER was unable to determine who the proper Holder in Due Course was at that time. BELCHER subsequently wrote to CHASE and MERS several times asking simply for proof that CHASE or MERS had the original note and original mortgage on BELCHER's property. Neither CHASE or MERS ever responded to BELCHER'S plea for proof of who actually was a Holder in Due Course of his original mortgage and original note.

On April 26, 2010 an Assignment of Mortgage was sent to BELCHER notifying him that the mortgage was then assigned to BANYNY as Trustee for the certificate holders of Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4.

The effective date of that Assignment had been December 8, 2009.  Apparently BELCHER was not notified of the Assignment until four months after it was effective.  And, query, how does a Trust formed after the date of the mortgage get to Holder in Due Course so many months after the original mortgage was granted and the original note signed, allegedly by CHASE. There had been no mention at the closing of Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 at the closing, nor at any time during the first five years of the mortgage. It is understandable that the Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 wasn't mentioned at the closing because it didn't exist at the time of the closing.

Finally, in August 2011, BELCHER sought the advice of Attorney Tony Blaize of Boston, Massachusetts, regarding the issue of proper proof of ownership of the original note and mortgage regarding the premises.  Attorney Blaize agreed

with BELCHER that he shouldn't pay anybody until an entity stepped up and proved ownership of the original note and original mortgage for the property. Attorney Blaize, in August of 2011, wrote two letters to EMC (then the mortgage servicing agency, wholly owned by CHASE, and now defunct) asking for certified copies of the original note and original mortgage. EMC, through CHASE only sent an unsigned copy (allegedly the proof) of ownership of the "original note" and "original mortgage".

Again, in August of 2012, Attorney Blaize requested for the third time that EMC again send a certified copy of the "original note" and "original mortgage" with regard to the premises. EMC responded by sending different copies to BELCHER's attorney. In addition they allegedly sent the original "closing" paperwork that had not ever been disclosed to BELCHER, (which is required by Federal laws protecting consumers from the misbehavior of banks and their closing representatives. That paperwork contains fabrications on the settlement statement because it shows two different settlement sheets, which make the entire package dubious and also included UNSIGNED documents.

Since that time, BELCHER has sent numerous certified letters to SPS (the mortgage servicing agent now assigned by BANKNY asking for the original mortgage and original note, which would represent proof of someone being a Holder in Due Course of the original mortgage and original note on the premises.

Yet, BELCHER has been advised by an attorney that the assignment to BANKNY cannot be valid, because MERS was never allowed to assume the role of lender. In addition, MERS has been sued hundreds of thousands of times by consumers throughout the United States and by the Attorney's Generals of all fifty states and by the Federal Government, and lost, found to have never been a true assignee in all the times it had claimed to be the true assignee.

In fact, BELCHER received a settlement from a class action won by the Attorney General of Massachusetts for predatory lending practice.

If arguendo, MERS had no legal right to become a Holder in Due Course, then everything after they became an assignee, should be found to be invalid. Thus, BELCHER claims that BANKNY could have never received an assignment from MERS because they were not a true Holder in Due Course.

BELCHER argues that the entire transaction, carried out on December 22, 2005, has always been clouded by improprieties of CHASE, MERS, BANK OF

INDIANAPOLIS, BANK NEW YORK, MELLON, EMC, and after 2014 by SELECT PORTFOLIO SERVCIING AND ORLANS, PC.

BELCHER, upon information and belief, states that while fifteen years has passed since this transaction, the last thirteen years there has been no serious attempts to collect from BELCHER, no earlier attempts at foreclosure, is arguably proof that the above named entities all knew or should have known that the transaction was flawed from the beginning.

BELCHER, upon information and belief, states that the Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-t Certificates, Series 2006-AR4, was apparently the only true Holder in Due Course and litigated against the lenders, and won their claims, for selling them worthless mortgages.

BELCHER, upon information and belief, states that the lenders who have since claimed to be Holder's in Due Course had insurance coverage for those losses accrued from Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 and revered from those insurers and were made whole. Thus any attempt by a lender to foreclose on the premises reflects another attempt by those entities to recover for the third time, which represents a windfall to the claimed lenders or Holders of Due Course.

BELCHER also argues, upon information and belief that the attorney who is handling the threatened foreclosure, knew or should have known of all the above referenced conduct of his client as the number of claims filed against lenders like his client is staggering. Yet he sits there  participating in a foreclose he knew was unscrupulous, and greatly benefitting his client at the expense of an unsophisticated minority, hard-working. Ordinary American homeowner.

To this day, not one entity has ever proven that they in fact are the Holder in Due Course of the "original mortgage" and "original note" regarding the premises.

Now, after a total of 13 years of no mortgage payments having been made by BELCHER, BANKNY, the alleged Trustee, through its mortgage servicing agency, SELECT PORTFOLIO SERVICING, INC and it lawyers ORLANS, PC is attempting to hold an foreclosure auction.

# GENERAL ALLEGATIONS

8. This is an action brought by Plaintiff for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages.

9. Plaintiff, homeowner, disputes Defendants' superior colorable claim to legal title and equitable title of the Prime Market Real Property in question (hereafter, the "Premises"), which is the subject of this instant action. Plaintiff, arguably, is the owner of the property by Deed of Trust.

10. From 1998 until the financial crash of 2008-2009, over 60 million purported consumer credit mortgage loan transactions were purportedly sold by Non-Depository payor Banks to Special Purpose Vehicles (hereinafter "SPV").

11. Plaintiffs are informed and believe, and thereon allege that Defendants participated in a transactional scheme whereby a purported Tangible Note is converted/exchanged for a Payment Intangible asset to provide an alternative investment offering via Special Deposit to certificate or bond holders which were expected to be relatively safe; which, were offered by Wall Street Firms to the secondary market through purported mortgage backed securities. \

12. Defendants PREDESSOR IN INTEREST deployed MERS as an electronic agent under the Constructive Deed of Trust as nominee/beneficiary for each successor Defendant as bailor/bailee to streamline a purportedly hypothecated security interest "Secret Liens" over the Payment Intangible after acquired collateral unlawfully construed as "Proceeds" of Plaintiffs' Real Property.

13. Plaintiff is informed and believes, and thereon allege that MERS only tracks and updates ownership of the Payment Intangible registered with the MERS database software system; MERS cannot transfer the beneficial right to the Tangible Accommodated Note instrument; a legitimate "True Sale" of a Tangible Note instrument can only be transferred in an ordinary course of business by proper negotiation for full value, transfer and delivery by operation of all applicable law.

14. Plaintiff is informed and believes, and thereon allege that payment for full value of the entire instrument was executed in an ordinary course of business from on or about December 22, 2005 to present. There are no documents or records Defendants can produce that demonstrate that prior to on or about December 22, 2005, the closing date for Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 was fully 6 months after the loan was made

the Tangible Note was duly endorsed, transferred and delivered to **Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4** in an ordinary course of business by operation of all applicable law, including all intervening transfers including any purported transfers in the personal property Payment Intangible. Nor can any documents or records be produced that demonstrate that prior to the on or about December 22, 2005, the Deed of Trust was duly assigned, transferred and delivered to **Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4.** via the Custodian of Records, JPMORGAN CHASE., including all Secret Liens purportedly securing the Payment Intangible intervening transfers/assignments.

15. Plaintiff further alleges that any documents i.e. a later 2010 MERS Assignment of Deed of Trust that purport to transfer a hypothecated beneficial security interest over the Payment Intangible underlying collateral of the Tangible Note or Bill of Exchange to Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 after the Closing Date February 1, 2006, are void as a matter of law; no security interest in the Real Property was perfected in the name of any of the successor Defendants. The alleged holder of the Tangible Note is not the beneficiary of the Deed of Trust. The alleged beneficiary of Plaintiffs' Deed of Trust, MERS, did not have the requisite title, perfected security interest or standing to proceed in a foreclosure; and/or is not the real party in interest as agent or nominee to any action taken or to be taken against the Real Property by any SUCCESSOR Defendants.

16. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, any assignment of a Deed of Trust without proper transfer in an ordinary course of business of the Tangible Note that it secures is a legal nullity by operation of law.

17. Plaintiff is informed and believes, and thereon alleges that the Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 had no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of herein below.

18. Plaintiff alleges that Defendants, and each of them, cannot establish possession, show proper receipt, transfer, negotiations, assignment and ownership of the Tangible Note or Deed of Trust, resulting in imperfect security interests and claims; therefore, none of the Defendants have perfected any colorable claim of title or security interest in the Real Property.

19. Defendants, and each of them, cannot establish that the Deed of Trust purportedly securing the Tangle Note, were legally or properly acquired in accordance to all applicable law. Plaintiffs therefore allege, upon

information and belief, that none of the parties to transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Real Property; and that all Defendants are equitably estopped and precluded from asserting an unsecured claim against Plaintiffs' estate.

20. Plaintiff alleges that an actual controversy has arisen and now exists between the Plaintiff and Defendants, and each of them.

21. Plaintiff desires a judicial determination and declaration of its rights about the Real Property and the corresponding Tangible Note and Deed of Trust.

22. Plaintiff also seeks redress from Defendants identified herein for damages, for other injunctive relief, and for cancellation of written instruments based upon:

    a. An invalid and unperfected security interest in Plaintiffs' Real Property hereinafter described;

    b. Void "True Sales;"

    c. An incomplete and ineffectual perfection of a security interest in Plaintiffs' Real Property

23. Plaintiffs are the Superior Recorded owners of the Prime Market Property Grant Deed.

24. On or about December 22, 2005, Plaintiff executed a negotiable promissory note and a security interest in the form of a mortgage in the amount of $412,000.00.

25. The December 22, 2005 negotiable promissory note and mortgage was recorded on December 22, 2005 in BK 46598 PG 405 of the Official Records of Suffolk County, Massachusetts.

26. The original lender of the promissory note and beneficiary of the mortgage is TO BE DETERMINED.

27. Upon information and belief, MERS is not named as the payee of the December 22, 2005 negotiable promissory note and mortgage but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Security Deed.

28. The purported Mortgage loan contracts between the parties are specific as to the duties of each party.

29. MERS failed to record any Assignment of Deed of Trust in the Suffolk County Recorder's Office.

The December 22, 2005 negotiable promissory note was sold, transferred, assigned and securitized into the Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 with a closing date of April 16, 2016

30. On June 30, 2008, a Corporation Assignment of Mortgage was recorded in BK 584 PG 51 of the Official Records, Suffolk County as instrument number 713600 to Bank New York, Mellon. as Trustee.

31. The June 30, 2008 Corporation Assignment of Mortgage was unlawfully signed by Mary Cook as Vice President of MERS without disclosure of her true employment working for the Assignee, not the Assignor.

32. Upon information and belief, Mary Cook fraudulently signed as Vice President of MERS without disclosure of her employment by Assignee agent MERS.

33. The signature of Mary Cook (from the ROBO signing scandal) is an indication that MERS attempted to conceal the assignment of the mortgage to client Bank New York, Mellon. without an Assignor.

34. The April 26, 2010 Corporation Assignment of Mortgage is an illegal unilateral transfer and void.

35. There is no evidence in the April 26, 2010 Corporation Assignment of Mortgage of any verified proof of funds; a note endorsement; a bill of sale; a declaration of value; or transfer taxes as having been paid to Suffolk County, Massachusetts "for value received" for this $412,000 security interest.

36. On January 20, 2020, approximately 15 years and one months had expired since the December 22, 2005 negotiable promissory note was placed into the Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4.

37. On June 30, 2008, approximately two years and four months had expired since Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 Closing Date of April 20, 2006.

38. On April 26, 2010, an Assignment of Mortgage was recorded in BK 584 PG 51 of the Official Records, Suffolk County as instrument number 713600to Bank New York, Mellon. as Trustee for Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4.

39. Plaintiffs allege that only the Depositor, Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 is the rightful party that can convey the asset into the trust pursuant to investor offering documents as filed with the Securities and Exchange commission.

## COUNT ONE
## ROBERT BELCHER V ALL DEFENDANTS
## LACK OF STANDING/WRONGFUL FORECLOSURE

40.    Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

41.    An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiff contends that Defendants and each of them, do not have an equitable right to foreclose on the premises.

42.    Defendants, each of them, have failed to perfect any security interest in the real property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust.

43.    Thus, the purported power of sale, or power to foreclose non-judicially, by the above specified Defendants, and each of them, never applied.

44.    Plaintiffs request  this Court find that the purported power of sale contained in the Deed of Trust is a nullified by operation of law'

45.    Defendants' actions in the processing, handling and attempted foreclosure of this this transaction involved numerous fraudulent, false, deceptive and misleading practices, including, but not limited to, violations of State laws designed to protect borrowers, which has directly caused Plaintiffs to be at an equitable disadvantage to the combined defendants.

46.    For this reason, as well as the other reasons set forth herein above and below, defendants cannot transfer an interest in Real Property, and cannot recover anything from Plaintiff because of their combined lack of standing to foreclose on the premises.

47. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWO
## ROBERT BELCHER V ALL DEFENDANTS
## FRADULENT CONVEYANCE

48. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

49. Pursuant to State law, one must be able to prove their capacity of Holder of the Tangible Note as one with rights acquired in an ordinary course of business to perfect the transfer of enforcement contract rights to the Deed of Trust instrument as collateral for a Tangible Note debt obligation.

50. Without proper negotiation and physical transfer, the "true sale" of the Tangible Note is invalid as a fraudulent conveyance, or as an unsecured Tangible Note stripped of the Real Property collateral.

51. Defendants failed to submit documents to the plaintiff's numerous requests for same, thus they cannot assume the role as nominee beneficiary for the Originator, to assign the subject Deed of Trust to the any of the defendants.

52. Hence, defendants lack authority as an alleged nominee beneficiary to foreclose on Plaintiffs' Deed of Trust, making any assignment from a predecessor in interest totally defective.

53. Any attempt by defendants to transfer the beneficial interest of a trust deed without actual ownership of the underlying Tangible Note attached together in one with the underlying Payment Intangible Transferable Record, is void under law.

54. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees,

plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

**WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.**

## COUNT THREE
## ROBERT BELCHER V. ALL DEFENDANTS
## ABUSE OF PROCESS

55.     Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

56.     The defendants by attempting to foreclose without any real interest in the property, is without justification to bring any such action.

57.     The foreclosing parties can't prove it owns plaintiff's loan (that it has "standing" to foreclose).

58.     Therefore, Defendants cannot establish that they are entitled to assert a claim in this case.

59.     As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

**WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.**

## COUNT FOUR
## ROBERT BELCHER V. ALL DEFENDANTS
## UNCLEAN HANDS

60.     Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

61. The defendant's wrongful behavior in making false statements and submitting fraudulent documents marks the defendant's status as acting with "Unclean Hands".

62. For this reason, as well as the other reasons set forth herein above and below, the defendants cannot transfer an interest in real property, and cannot recover anything from Plaintiff because of their combined unclean hands.

63. Defendants, and each of them, through the actions alleged above, claim the right to illegally commence foreclosure sale of Plaintiffs' real property under the Deed of Trust on the real property via an *in-rem* action supported by false or fraudulent documents.

64. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT FIVE
## ROBERT BELCHER V. ALL DEFENDANTS
## FRAUD

65. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

66. Defendant, through its agents, servants or employees, fraudulently misrepresented and substituted certain items of information to be included in the documents sent by the defendants in response to the plaintiffs' requests.

67. Those documents, substitutes for the actual documents evidence the defendant's fraudulent compilation of allegedly "real and original application for a loan for the purchase of the premises.

68. When Defendants allowed their agents, servants or employees to engage In fraudulent behavior in the in the arranging substitutes of the documents, allegedly of the original real estate loans that are

the subject of this lawsuit the various lenders, the defendants knew or should have known that those agents, servants and or employees were regularly engaged in fraud.

69.   Because defendants had notice of the ongoing fraud, it therefore is subject to the claims of the Plaintiff concerning the fraud.

70.   Said fraud, done by the combined defendants, those defendants knew or should have known about the fraud and that fraud has directly and proximately caused the Plaintiff to continue to have a loan obligation with monthly Payments resulting in lost principal rightly due the Plaintiff, out-of-pocket expenses, emotional and Psychological harm and other consequential damages.

71.   As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT SIX
## ROBERT BELCHER V. ALL DEFENDANTS
## NEGLIGENCE

72.   Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

73.   Defendants, between 2014 and the present have negligently handled the alleged transactions between the parties.

74.   The defendants have negligently sent to the plaintiff dozens of differing, claiming them to be original copies of the original mortgage and the original note and the original note rider, but all of the documents differs in substantive ways.

75.   As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-

pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT SEVEN
## ROBERT BELCHER V. ALL DEFENDANTS
## UNJUST ENRICHMENT

76.   Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

77.   On information and belief all of the defendants'
Express purpose of accelerating and foreclosing the real-
Estate mortgage loan in the Commonwealth, including the
Foreseeable Acceleration and foreclosure against the
Plaintiff was for unscrupulous financial gain to each of the Defendants.

78.   By defrauding the plaintiff, all of the defendants, or its agents, servants or employees will have been enriched, without justification and only as a result of its fraud, if the foreclosure is allowed to proceed.

79.   Upon information and belief, the underlying lender litigated against JP MORGAN CHASE, the original Trustee, and won the litigation and thus the alleged current trustee, the defendant Bank New York, Mellon has no interest in the property and is simply attempting to enrich itself by obtaining the plaintiffs interest.

80.   All defendants had a duty, both in common law and pursuant to various state and Federal statutes and regulations, to properly supervise and control the activities of it assignees and agents so as to prevent those activities from causing injury to persons in the Commonwealth, including the plaintiff.

81.   All the defendants negligently, carelessly and recklessly

Supervised and managed the activities of its assignees,
Agents and servants, so as to permit its assignees,
Agents and servants, to commit oppressive, deceptive and/or
Unfair acts and practices upon persons in the Commonwealth,
Such as the plaintiff, which transactions would financially?
Benefitted all of the defendants and their agents, servants,
Officers or employees.

82. All of the defendants, its officers, agents, servants or employees, had actual or constructive knowledge of the activities of its agents, servants or employees, that were causing or would likely cause, or had caused injury to persons in the Commonwealth, such as the plaintiff.

83. As a direct and proximate result of the negligence of all
The defendants Plaintiff incurred damages, including the
Threatened loss of the home which had housed his family for
Over thirty (30) years, caused emotional distress, physical
Harm and other psychological damages, out-of-pocket
Expenses and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

### COUNT EIGHT
### ROBERT BELCHER V. ALL DEFENDANTS
### FALSE AND MISLEADING REPRESENTATIONS
### 15 U.S.C. 1692E

84. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

85. All of the Defendant's systemic practices rise to the level of false or misleading representations under the plain definition of those words and have misled and harmed the plaintiff.

86. All of the defendants have engaged in these systematic false and misleading representations not only to the Plaintiff, but to others, including the public.

87. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT NINE
## ROBERT BELCHER V. ALL DEFENDANTS
## INTENTIONAL MISREPRESENTATION

88. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

89. Defendant's agents, servants or employees intentionally made fraudulent statements and submitted fraudulent documents to the plaintiff, and those statements and documents concerned some fact that a reasonable person would consider important to any decision that the plaintiff was about to make.

90. When the defendant's agent, servants or employees intentionally made the statements or provided the fraudulent documents, the defendant either knew or should have known that the statements or the documents were false or negligently made by willfully disregarding the truth or falsity.

91. The defendants, or its agents, servants or employees intentionally made the false statements and provided the fraudulent documents with the intention that the plaintiff would rely on those statements or documents in making his decision.

92. In making the plaintiff's decision, plaintiff did in fact rely on the defendant's agents, servants or employee's intentional statements and fraudulent documents as true, and that reliance by plaintiff was reasonable under the circumstances.

93. As a direct and proximate result of the above referenced intentional misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TEN
## ROBERT BELCHER V. ALL DEFENDANTS
## NEGLIGENT MISREPRESENTATION

94.     Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

95.     Defendant's agents, servants or employees negligently made fraudulent statements and submitted fraudulent documents to the plaintiff, and those statements and documents concerned some fact that a reasonable person would consider important to any decision that the plaintiff was about to make.

96.     When the defendant's agent, servants or employees negligently made the statements or provided the fraudulent documents, the defendant either knew or should have known that the statements or the documents were false or negligently made by willfully disregarding the truth or falsity.

97.     The defendants, or its agents, servants or employees negligently made the false statements and provided the fraudulent documents with the intention that the plaintiff would rely on those statements or documents in making his decision.

98.     In making the plaintiff's decision, plaintiff did in fact rely on the defendant's agents, servants or employee's negligent statements and fraudulent documents as true, and that reliance by plaintiff was reasonable under the circumstances.

99.     As a direct and proximate result of the above referenced negligent misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT ELEVEN

## ROBERT BELCHER V. ALL DEFENDANTS
## FALSE OR MISLEADING REPRESENATIONS
## 15 U.S.C.A.1125 (a)

100.  Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

101.  Defendant's systemic practices rise to the level of false or misleading representations under the plain definition of those words and have misled and harmed the plaintiff.

102.  Defendants have engaged in these systematic false and misleading representations not only to the Plaintiff, but to others, including the public.

103.  As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWELVE
## ROBERT BELCHER V. ALL DEFENDANTS
## SLANDER OF TITLE

104.  Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

105.  Defendant's communication with several third parties throughout the period of 2014 until the present regarding the plaintiff and the premises.

106.  The defendants over that time period of 2014 to present made several false statements and produced many false documents.

107.  Defendants, by withholding such facts have potentially committed a grave error and caused the Slander of Title.

108. **The act of recording the purported Defendant's Assignment of Deed of Trust into the Official Records of the Suffolk County Recorder's Office is a communication to a third party of a false statement derogatory to Plaintiffs' title made with malice causing special damages to the Plaintiffs' claim of title.**

109. **Plaintiffs should be the equitable owner of the Subject Property.**

110. **Plaintiffs seek to quiet title as of the date of the filing of this Complaint.**

111. **Plaintiffs seek a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that the Defendants be declared to have no interest estate, right, title or interest in the subject property and that the Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights.**

112. **As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.**

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT THIRTEEN
## BELCHER V ALL DEFENDANTS
### QUIET TITLE

113. **Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.**

114. **All Defendants' named herein claim an interest and estate in the property is adverse to Plaintiffs in that Defendants asserts they are owner(s) of the note secured by the Deed of Trust to the property the subject of this suit.**

115. **All Defendants named herein claims an interest and estate in the Real Property adverse to Plaintiff in that Defendants' asserts to be the owner of Tangible Note secured by the Deed of Trust to the Real**

Property, the subject of this suit.

116. The claims of all Defendants are without any legal right whatsoever, and Defendants have no estate, title, lien or interest in or to the Real Property, or any part of the Real Property.

117. The claim of all Defendants herein named, and each of them, claim some estate, right, title, lien or interest in or to the property adverse to Plaintiffs' title, and these claims constitute a cloud on Plaintiff's title to the Real Property.

118. Plaintiff therefore alleges upon information and belief, that none of the Defendants in this case hold a perfected and secured claim in the real property; and that all Defendants be estopped and precluded from asserting an unsecured claim against Plaintiffs' Real Property.

119. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT FOURTEEN
## ROBERT BELCHER V ALL DEFENDANTS
## BREACH OF FIDUCIARY DUTY

120. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

121. The defendants have all committed violations of the plaintiffs' right to a duty of full disclosure by sending the plaintiff fraudulent alleged copies of alleged "real" documents.

122. All defendants violated the covenant of good faith and fair dealing.

123. All defendants were in violation of their duty of Misuse of

superior or influential position.

124. **All defendants' failed to act in plaintiffs' best interest.**

125. **Given that the defendants have breached, misused or failed in all of those allegations, they all breached their fiduciary duty to the plaintiff.**

126. **As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.**

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT FIFTEEN
## ROBERT BELCHER V. ALL DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

127. **Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.**

128. **The defendants, through its agents, employees and/or servants have engaged in a pattern of intentional outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.**

129. **The defendants, through its agents, employees and/or servants, carried out an ongoing behavior pattern that far surpassed mere insults, annoyances, indignities and other trivialities.**

130. **The behavior of the defendants, through its agents, employees and/or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.**

131. **The behavior of the defendants, through its agents, employees and/or servants was atrocious and beyond all bounds tolerated in a civilized society.**

132. The actions of the defendants, or its agents, employees and/or servants were clearly intentional and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

133. As a proximate result of defendant's intentional acts, or that of its agents, employees and/or servant's the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.

*WHEREFORE the Plaintiff demands judgment, jointly and severally against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT SIXTEEEN
## ROBERT BELCHER V. ALL DEFENDANTS
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

134. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

135. The defendants, through its agents, employees and/or servants has engaged in a pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

136. The defendants, through its agents, employees and/or servants, carried out an ongoing negligent behavior pattern that far surpassed mere insults, annoyances, indignities and other trivialities.

137. The negligent behavior of the defendants, through its agents, employees and/or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

138. The negligent behavior of the defendants, through its agents, employees and/or servants was atrocious and beyond all bounds tolerated in a civilized society.

139. The negligent actions of the defendants, or its agents, employees and/or servants were clearly negligent and malicious and were done

solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

140. As a proximate result of defendant's negligent acts, or that of its agents, employees and/or servant's the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.

*WHEREFORE the Plaintiff demands judgment, jointly and severally against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT SEVENTEEN
## ROBERT BELCHER V. ALL DEFENDANTS
## INVASION OF PRIVAVCY

141. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

142. Upon information and belief, Defendants have regularly invaded the Privacy of the Plaintiff by constantly intruding in all of the Plaintiff's affairs – through accessing his credit accounts, discussing the Plaintiffs private account issues with others and continually issuing derogatory statements regarding the Plaintiff which were false.

143. Defendants regularly invaded the Privacy of the Plaintiff by putting the Plaintiff in a false light, continuously and maliciously throughout the entire period of his numerous applications for Modification and throughout Bankruptcy and beyond. The wrongful behavior began in 2018, when Defendants completely abused the plaintiffs' personal information and has continued to the present.

144. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWENTY
### ROBERT BELCHER V. ALL DEFENDANTS
### VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION ACT

145. **Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.**

146. **Defendants have continuously dunned the plaintiff regarding allegedly overdue balances.**

147. **Such harassment as committed by all of the defendant's agents, servants or employees, acting on behalf of the defendants as alleged in the paragraphs above, are in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C.S. sec 1692.**
**As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.**

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWENTY ONE
### ROBERT BELCHER V. ALL DEFENDANTS
### VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT

148. **Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.**

149. **All of the Defendant's actions in failing to remove references to the plaintiffs alleged delinquent account(s) from the three national credit reporting agencies represents a gross violation of the Federal Fair Credit Reporting Act.**

150. All the defendants knew or should have known that the plaintiff had raised his concerns that by their not removing the alleged debt(s) from the three national credit reporting agencies would cause great harm to the plaintiff.

151. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWENTY TWO
## ROBERT BELCHER V. ALL DEFENDANTS
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT

152. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

153. On August 20, 2019, plaintiff sent the 93A demand letter (exhibit A) to all the defendants, alleging the unfair acts and practices committed by all the defendants or firms in the instant transaction(s) are divisible into the those very five categories:

    (a)   per se violations of the Federal Consumer Credit Protection Act;

    (b)   Per se violations of laws of the Commonwealth of Massachusetts meant for the protection of the Plaintiff's welfare;

    (c)   Failure to disclose facts which may have influenced the Borrower not to enter into the transaction(s);

    (d)   Oppressive and otherwise unconscionable conduct.

    (e)   Per Se Violations of the Federal Consumer Credit Protection Act

Malicious, wanton, and willful reckless behavior of the above named defendants.

155. All of the defendants were engaged in trade or business at all times relevant hereto and in all acts and events referred to herein.

156. The acts or practices referred to herein occurred primarily within the Commonwealth of Massachusetts.

157. The Defendant's act of attempting to foreclose on the Mortgage is/was in violation of the provisions of the Massachusetts General Laws, and thus a per se violation of the Consumer Protection Act.

158. As a direct and proximate result of the unfair and deceptive practices of all the Defendants, their agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, emotional, physical, and psychological harm, and other consequential damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

(A)   Award plaintiff his actual damages;

(B)   Double or treble plaintiff's actual damages pursuant to the Consumer Protection Act;

(C)   Award reasonable attorney's fees plus interest and costs;

(D)   Award such other relief as the Court deems just and proper.

## COUNT TWENTY THREE
## BELCHER V ALL DEFENDANTS
## DECLARATORY RELIEF

159. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

160. By Declaring that any of the Defendants lack any interest in the subject property which would permit them to foreclose, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject properties.

161. By Declaring that the trust deed is not a lien against the subject properties, ordering the immediate release of the trust deed of record, and quieting title to the subject properties in Plaintiff and against Defendants and all claiming by, through or under them.

162.  A refund of any wrongfully or improperly collected fees and payments to Defendants to which it had no right.

163.  Pre- and post-judgment interest at the maximum rate allowed by law.

164.  Attorney's fees.

165.  Such other and further relief at law and/or in equity to which Plaintiff may be justly entitled including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as are allowed by law.

## COUNT TWENTY FOUR
## ZARINA BELCHER V. ALL DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

166.  Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

167.  The defendants, through its agents, employees and/or servants have engaged in a pattern of intentional outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

168.  The defendants, through its agents, employees and/or servants, carried out an ongoing behavior pattern that far surpassed mere insults, annoyances, indignities and other trivialities.

169.  The behavior of the defendants, through its agents, employees and/or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

170.  The behavior of the defendants, through its agents, employees and/or servants was atrocious and beyond all bounds tolerated in a civilized society.

171.  The actions of the defendants, or its agents, employees and/or servants were clearly intentional and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

172.  As a proximate result of defendant's intentional acts, or that of its agents, employees and/or servant's the Plaintiff has been humiliated,

embarrassed, emotionally distressed, and has been severely injured in both mind and body.

*WHEREFORE the Plaintiff demands judgment, jointly and severally against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWENTY FIVE
## ZARINA BELCHER V. ALL DEFENDANTS
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

173. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

174. The defendants, through its agents, employees and/or servants has engaged in a pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

175. The defendants, through its agents, employees and/or servants, carried out an ongoing negligent behavior pattern that far surpassed mere insults, annoyances, indignities and other trivialities.

176. The negligent behavior of the defendants, through its agents, employees and/or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

177. The negligent behavior of the defendants, through its agents, employees and/or servants was atrocious and beyond all bounds tolerated in a civilized society.

178. The negligent actions of the defendants, or its agents, employees and/or servants were clearly negligent and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

179. As a proximate result of defendant's negligent acts, or that of its agents, employees and/or servant's the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.

*WHEREFORE the Plaintiff demands judgment, jointly and severally against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWENTY SIX
## ZARINA BELCHER V. ALL DEFENDANTS
## INVASION OF PRIVAVCY

180.  Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

181.  Upon information and belief, Defendants have regularly invaded the Privacy of the Plaintiff by constantly intruding in all of the Plaintiff's affairs – through accessing his credit accounts, discussing the Plaintiffs private account issues with others and continually issuing derogatory statements regarding the Plaintiff which were false.

182.  Defendants regularly invaded the Privacy of the Plaintiff by putting the Plaintiff in a false light, continuously and maliciously throughout the entire period of his numerous applications for Modification and throughout Bankruptcy and beyond. The wrongful behavior began in 2005, when Defendants completely abused the plaintiff's personal information and has continued to the present.

183.  Defendants have regularly invaded the Privacy of the Plaintiff by recording telephone calls, without notice, of the Plaintiff making calls to the Defendants at Defendant's regular places of business.

184.  As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWENTY SEVEN
## ZARINA BELCHER V. ALL DEFENDANTS

## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION ACT

185. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

186. Defendants have continuously dunned the plaintiff regarding allegedly overdue balances.

187. Such harassment as committed by all of the defendant's agents, servants or employees, acting on behalf of the defendants as alleged in the paragraphs above, are in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C.S. sec 1692.

188. Such harassment as committed by all of the defendant's agents, servants or employees, acting on behalf of the defendants as alleged in the paragraphs above, are in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C.S. sec 1692.

189. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## COUNT TWENTY EIGHT
## ZARINA BELCHER V. ALL DEFENDANTS
## VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT

190. Plaintiff repeats and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

191. All of the Defendant's actions in failing to remove references to the plaintiffs alleged delinquent account(s) from the three national credit reporting agencies represents a gross violation of the Federal Fair Credit Reporting Act.

192. All the defendants knew or should have known that the plaintiff had raised his concerns that by their not removing the alleged debt(s) from the three national credit reporting agencies would cause great harm to the plaintiff.

193. As a direct and proximate result of the above referenced misconduct of Defendants, its agents, servants or employees, plaintiff has suffered loss of money or property in the form of out-of-pocket expenses, severe emotional, physical, and psychological harm, consequential and other damages.

*WHEREFORE the Plaintiff demands judgment, jointly and severally, against all of the Defendants in an amount that will fairly and adequately compensate plaintiff for plaintiffs' damages, plus interest and costs.*

## PRAYER

*Plaintiff, Robert Belcher prays that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiffs be awarded judgment as follows:*

A. That this Honorable Court rescind the transaction(s) between the parties;

B. That this Honorable Court order any and all defendants to remove from all credit reporting agencies, any reference to the transaction(s) and any entry reflecting negatively to Robert Belcher;

C. That this Honorable Court order Payment of One Million Dollars ($1,000,000.00) as compensation for the Intentional and Negligent Infliction of Emotional Distress caused to Robert Belcher over the duration of the complained of wrongdoing of any or all of the defendants.

D. That this Honorable Court order Payment of One Million Dollars ($1,000,000.00) as compensation for the outrageous Invasion of Privacy of Robert Belcher over the duration of the complained of wrongdoing of all of the defendants.

E. That this Honorable Court order Payment of One Million Dollars ($1,000,000.00) as compensation for the bad Credit rating Robert Belcher has suffered as a result of all the above-named entities, and his subsequent inability to obtain financing on several different occasions;

F. That this honorable Court order Payment of One Million Dollars ($1,000,000.00) to Robert Belcher for all other claims, whether in Tort, Contract or Chapter 93A or the violation of Federal Statutes and Federal Regulations.

*Plaintiff, Zarina Belcher prays that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiffs Zarina Belcher be awarded judgment as follows:*

G. That this Honorable Court order any and all defendants to remove from all credit reporting agencies, any reference to the transaction(s) and any entry reflecting negatively to Zarina Belcher;

H. That this Honorable Court order Payment of One Hundred Thousand Dollars ($100,000.00) as compensation for the Intentional and Negligent Infliction of Emotional Distress caused to Zarina Belcher over the duration of the complained of wrongdoing of any or all of the defendants.

I. That this Honorable Court order Payment of One Hundred Thousand Dollars ($100,000.00) as compensation for the outrageous Invasion of Privacy of Zarina Belcher over the duration of the complained of wrongdoing of all of the defendants.

J. That this Honorable Court order Payment of One Hundred Thousand Dollars ($100,000.00) as compensation for the bad Credit rating Zarina Belcher has suffered as a result of all the above-named entities, and her subsequent inability to obtain financing on several different occasions.

## PLAINTIFFS REQUEST A JURY TRIAL

**THE PLAINITFFS**

**THE PLAINITFFs**
**PRO SE**

_[signature]_

**Robert Belcher**
**590 Truman Highway**
**Hyde Park, MA 02136**
**617 290 6315**

_[signature]_

**Zarina Belcher**
**590 Truman Highway**
**Hyde Park, MA 02136**
**617 290 6315**

I HEREBY ATTEST AND CERTIFY ON
April 14, 2020 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _[signature]_

First Asst. Clerk

**ROBERT BELCHER**
**590 TRUMAN HIGHWAY**
**HYDE PARK, MA 02136**
**617 290 6315**

**AUGUST 20, 2019**

**President/CEO**
**JP MORGAN CHASE**
**270 Park Avenue**
**New York, NY 10017**

# Exhibit A

**President/CEO**
**MERS**
1818 Library Street
Suite 300
Reston, VA 20190

**President/CEO**
**EMC MORTGAGE, LLC**
**909 Hidden Ridge Drive**
**Suite 200**
**Irving, TX 75038**

**President/CEO**
**THE BANK OF NEW YORK, MELLON**
**4 New York Plaza, 6th Floor**
**New York, NY 10004**

**President/CEO**
**SELECT PORTFILIO SERVICING, INC.**
**3217 Decker Lake Drive**
**SALT LAKE CITY, UTAH 84165-0250**

**ORLANS, PC**
**PO BOX 540540**
**Waltham, MA 02454**

**RE:   CHAPTER 93A CONSUMER PROTECTION DEMAND LETTER VIA**
**FIRST CLASS MAIL AND CERTIFIED MAIL, RETURN**
**RECEIPT REQUESTED**

**Dear Sirs or Madams:**

This letter is a demand for relief pursuant to the Massachusetts Consumer Protection Act, G. L. c. 93A, Secs. 2 and 9 arising out of an alleged mortgage between the parties for the premises at 590 Truman Highway, Hyde Park, MA 02136.

## THE PREMISES

A Residence
Location: 590 TRUMAN HIGHWAY
Owner: ROBERT BELCHER
Plan #: 35139-A
LENDER/NOTE HOLDER:
What I thought to be the Original Lender: JP Morgan Chase – yet, apparently it was Union Federal Bank of Indianapolis or allegedly Waterman Mortgage Company, Inc., or allegedly EMC Mortgage Corp.
OTHER ALLEGED NOTE HOLDER IN INTEREST: MERS, the Bank of New York, Mellon
CURRENT ORIGINAL MORTGAGE HOLDER: Unknown
ORIGINAL CLOSING DATE: December 22, 2005

## DEMAND

I represent myself, Robert Belcher, in regard to an alleged mortgage loan originally and allegedly granted by JP MORGAN CHASE, and subsequently allegedly assigned to other banks and MERS and other unknown (to me) lenders, and also assigned to several mortgage servicing agents. I, Robert Belcher, am without a clue, after nearly fourteen years, as to the identity of the "Note Holder" of any mortgage or note on the premises noted above. Despite many telephone and letter inquires, including several from me and at least two from my lawyer over more than 10 years, nobody can seem to answer the question definitively –who possesses the right to claim an ownership interest in my house.

I have asked for a certified copy of the ORIGINAL NOTE AND ORIGINAL MORTGAGE but not one entity has ever responded to my requests WITH A CERTIFIED COPY OF THE ORIGINAL MORTGAGE OR NOTE.

On information and belief – not one of the addresses of this letter has any idea where the original note and the original mortgage are. If I file

a suit, I would seek to prove that **NOT ONE OF THEM HAS AN ORIGINAL MORTGAGE OR NOTE.**

On information and belief, some insurer paid off a lender at some point along the pendency of the alleged mortgage loan. I would seek to prove that an insurer paid the balance due to the alleged lender at some point in time.

Also, upon information and belief this loan, and others like it, were the subject of lawsuits between the alleged lender and the asset backed securities holders who originally provided the funding for the mortgage lender(s) and the mortgage lender(s) lost that suit because of their misbehavior. I will seek documentation in litigation which will prove that allegation.

It's not possible – with all the broken laws that any alleged lender would now be coming to me for relief due to the doctrine of "unclean hands" or the doctrine of "unearned windfall". Whoever the lender was – and I could never determine who it was, failed to ever properly notice, (according to the notice provisions of the note and mortgage) Belcher over the years.

In the closing documents the lender is referred to as three different entities. That poor process that resulted in much confusion for Belcher has continued to the present day.

Ask yourself, why an alleged lender allowed this alleged mortgage to be unpaid for more than 12 years without any serious collection activity. After all, it's only now that foreclosure activity seems to be moving forward, albeit – slowly. And since I have not impeded anybody's efforts to resolve this unpaid alleged mortgage, you can't say it had anything to do with my behavior.

I have lived in my family home since December 1991. (The premises). I originally had a construction loan from Randolph Credit Union in Randolph, Massachusetts (since have gone out of business). I then applied for and was granted a conventional mortgage by Wells Fargo Bank. That mortgage was paid off in December 2005.

Originally, in November of 2005, I was approached by an agent allegedly representing JP Morgan Chase. I felt comfortable borrowing from JP Morgan Chase because it seemed that a large nation-wide banking institution was a bank I could trust. I also was given printed materials in the office of the representative indicating that the rates stated at that time were to be fixed rates. I was handed a flyer which indicated "low fixed rates, "no hidden costs", and "fast closings". I was impressed by

all the written materials that made it seem as though I was in good hands.

Upon speaking with the agent of JP Morgan Chase I learned that my credit was allegedly not stellar, (according to the loan originator) and that he (for now "John Doe") could only "qualify" me for a fixed rate loan with a subsidiary of JP Morgan Chase, located in the same office, Company "Doe". The mortgage was for $412,000.00.

John Doe allowed for this loan approval even though John Doe knew or should have known that Belcher did not have the resources to pay the regular payments. John Doe nevertheless went ahead with the mortgage transaction, , because company Doe representatives represented to Belcher that Belcher would be able to organize his finances to make it possible to make every payment on time, and then, in a year or two,  he would be able to get a lower interest "regular" conventional mortgage loan instead of a sub-prime loan.

 When Belcher applied for and received the new mortgage, apparently another "sub-prime" mortgage at that time and signed a new note and mortgage on December 22, 2005 with (I thought) JP Morgan Chase. Apparently, according to documentation the loan was really with the Union Federal Bank of Indianapolis.  As far as I knew, I was borrowing from JP Morgan Chase which I thought to be the "Lender" and the "Note Holder" of my newly executed mortgage and note. That loan allegedly required me to pay $1421.90 a month for 30 years.

The lender or anyone who takes this note by transfer and who is entitled to receive payments under this note is called the "Note Holder"

To me this means you have to possess the original note to be eligible to receive payments or to attempt by any means to make any attempts to collect on this note – after all I have many "copies" of the Note in question, but if I give those many copies to many strangers on the street do they qualify as a note holder. The answer has to be no because it would merely be a copy of a note – not a "note" that is held by a "note holder" ie: the original note

Since early on in the process, within the first year, I had no idea who the "note holder" was – and I had signed an agreement to make payments only to the holder of a note.

Part of the note calls for and requires the "note holder" to send by certified mail, notices of any changes in terms or conditions or transfers of the note – no notices were ever sent.

I quickly learned that the fixed rate mortgage I was to be given, turned out to be an adjustable rate mortgage and that my rate would be increased each year.

Over the next few years, the burden of my increasingly onerous mortgage payment became too much to bear. The payment obligation, and ever rising taxes, insurance, and the fact that I had been "Upside down" ever since I was granted this apparent sub-prime mortgage. I began to investigate my situation and, for the life of me, I couldn't find out who to call regarding the mortgage and the need of getting some input from the "lender" to make my financial situation more comfortable for my family.

Around August of 2011, Belcher contacted a lawyer about his inability to find out who was the note holder of his mortgage because he had never received any notices from anybody about any changes in the "note holder" status. Belcher had begun to receive foreclosure notices from various entities. (Those notices and telephone calls have continued to the present). The notices were apparently designed solely to intimidate and frighten Belcher, and were procedurally and substantively ineffective[i] Each notice sent over a period of ten years, up to the present, indicated that a foreclosure and exercise of power of sale would imminently occur.

ON August 16, 2011 and again on August 22, 2012 Belcher's attorney wrote to the apparent "Note Holders" and copied the entities servicing the mortgages, requesting proof of ownership or proof of being the valid "Note Holder" and the attorney's requests were totally ignored.

In 2013 through 2016, Belcher again requested documentation from the lawyers and mortgage servicing agents he was receiving mail and calls from. He merely asked for proof of Note Holder status. Belcher also requested a tally of all payments made so he could verify his records as to payments.

Again in 2017 and 2018, and up to now, in 2019, when Belcher received mail or telephone calls from SPS and BNYM and law firms attempting to collect from Belcher, he again requested the documentation of Note Holder Status and proof of payments. All his efforts were fruitless.

As of this writing, Bank of New York, who now claims ownership of the mortgage has accelerated the note and placed the mortgage in foreclosure again, this time demanding a payoff in excess of $700, 000.00

If BNYM were to foreclose, they would be fully paid for all the fees and

costs, and own the property outright relatively soon. If they were to succeed, they would assume ownership of my family's home at far less than its value. I have paid payments over the years of more than one million dollars since I first built this house.

I am hereby making a formal demand for relief on behalf of myself under Massachusetts General Laws Chapter 93A against JP Morgan Chase, The Bank of New York, Mellon, and Select Portfolio Servicing, Inc. (the most recent mortgage servicing agent) and the combined conduct of those three entities to the extent it was unfair and deceptive to me. The lender(s) and servicing company, and some as alleged successors in interest to the original lenders and original servicing companies have violated Mass Gen Law Chap 93A. in the following ways;

JP Morgan Chase knowingly, willfully, and fraudulently misrepresented to Belcher, a vulnerable person (A minority, unsophisticated in matters such as mortgage loans (Aren't we all?) to whom JP Morgan Chase owed a heightened duty of fiduciary care[ii], that it was offering him a fixed rate mortgage. In reliance upon this material representation, Belcher, believing he was being offered a loan by JP Morgan Chase, entered into this mortgage loan transaction.

## THE VIOLATIONS UNDER 93A

**1)** As Successor in interest to JP Morgan Chase (hereinafter "JPMC) and allegedly Union Federal Bank of Indianapolis (hereinafter UFBI), Bank New York, Mellon (hereinafter BNYM), engaged in Predatory lending practices that imposed unfair and abusive loan terms on Belcher;

**2)** As Successor in interest to JPMC and allegedly UFBI, BNYM by engaging in Predatory lending practices that convinced Belcher to accept unfair terms through deceptive, coercive, exploitative or unscrupulous actions for a loan that Belcher couldn't afford;

**3)** As Successor in interest to JPMC and allegedly UFBI, BNYM by engaged in a Predatory lending scheme where a lender takes advantage of a borrower. Low-income, immigrants, racial minorities, elderly, or otherwise vulnerable people are often the target of this type of lending;

**4)** In this case, Belcher, the borrower is a minority. As Successor in interest to JPMC and allegedly UFBI, BNYM by engaging in "packing" loans with expensive credit insurance products that had limited or no benefit to Belcher;

**5)** As Successor in interest to JPMC and allegedly UFBI, BNYM, by providing loan terms that made it more difficult or impossible for Belcher to reduce or repay the indebtedness and would lead Belcher into foreclosure;

**6)** As Successor in interest to JPMC and allegedly UFBI, BNYM, Through marketing inappropriate or expensive products to borrowers like Belcher who are elderly, immigrants, racial minorities or have little education and who would have qualified for mainstream credit products and terms;

**7)** As Successor in interest to JPMC and allegedly UFBI, BNYM, by failing to disclose the true costs and risks of the loan(s);

**8)** As Successor in interest to JPMC and allegedly UFBI, BNYM, by engaging in Creditor overreaching by allowing the cost of a mortgage to be substantially more than the benefit Belcher received from the loan; added commission

**9)** As Successor in interest to JPMC and allegedly UFBI, BNYM, by engaging in creditor overreaching by the misrepresentation of terms and the benefits of the mortgage and important disclosures which were not provided to Belcher;

**10)** As Successor in interest to JPMC and allegedly UFBI BNYM the behavior of the lender(s), in making the loan to Belcher for the premises was wrongful in that they knew or should have known the terms were likely to quickly lead to a foreclosure since the loan(s) were most likely unsuitable and unsustainable for Belcher;

**11)** As Successor in interest to JPMC and allegedly UFBI, BNYM the lender(s) by extending credit to a financially distressed borrower with terms that made a default and a subsequent foreclosure) more likely;

**12)** As Successor in interest to JPMCand allegedly UFBI, BNYM, the lender(s), by granting an adjustable rate loan to Belcher who was on a fixed income and had little income growth potential;

**13)** As Successor in interest to JPMC and allegedly UFBI, BNYM the lender(s), and the servicing entity, Select Portfolio Servicing, Inc (hereinafter "SPS") have continuously refused to provide Belcher with requested documentation to reveal to Belcher that the Lender was indeed the true owner of the mortgage and note which would show

that they in fact were the owner of the note and had a valid mortgage and note pertaining to the premises;

14) Belcher has requested, several times, (including through his attorney(s) that the alleged successors in interest provide him (or his attorney(s))with a certified copy of the original note and original mortgage pertaining to the premises. To date those entities have failed to provide any such documentation.

15) As Successor(s) in Interest, the lender(s) and servicing entity, have failed to provide Belcher with any documentation or evidence that some lender received the benefit of a payout from an insurance policy which, upon information and belief, paid the alleged obligation of Belcher and as a result hold no real interest in the premises. Thus, the entities are engaged in unconscionable behavior which would lead to their experiencing a significant windfall at Belcher's expense. They would, in effect, be paid twice.

16) As Successor(s) in Interest, the lender(s) and servicing entity, have failed to provide Belcher with any documentation or evidence that some lender received the benefit of a payout from a lawsuit filed by and settled by the original investors which, upon information and belief, paid the alleged obligation of Belcher and as a result hold no real interest in the premises. Thus, the entities are engaged in unconscionable behavior which would lead to their experiencing a significant windfall at Belcher's expense.

17) As Successor in interest to JPMC and allegedly UFBI, BNYM, the lender(s) and servicing entity, SPS, have engaged in hundreds of violations of the Federal Fair Credit Reporting Act to the extent that they have, hundreds of times, reported to the three national credit reporting agencies, that Belcher had a delinquent loan with those entities when their right to report such debt is unclear and heavily disputed;

18) As Successor(s) in Interest, the lender(s) (either itself or through its agents, servants or employees) committed unfair and deceptive acts and practices, Belcher has suffered injury including the loss of the credit rating, has suffered from an impaired credit rating, has had credit applications turned down on several occasions because of the derogatory credit reports made by the above entities (either itself or through its agents, servants or employees), and Belcher has been held up to public ridicule and humiliation in his community both personally and professionally, and has suffered severe emotional and

physical distress, all as a result of the malicious, wanton, and willful reckless behavior of the Bank of New York, Mellon and Select Portfolio Servicing, Inc.. JP MORGAN CHASE The losses attributable to Belcher are estimated to be approximately FIVE Million ($5,000,000.00) Dollars.

19)     Claims of wrongdoing by banks and loan servicers triggered a 50-state investigation in the last ten years into whether millions of foreclosures were properly documented as the housing market collapsed. Lending practices have also pitted mortgage-bond investors against banks over misrepresentations such as overstatements of **borrowers'** income and inflated appraisals, as in the instant case.

20)     the Lawyer who handled the original closing was paid by Belcher, yet in fact, represented the bank. That lawyer knew or should have known of all the above referenced conduct of his/her client as the number of claims filed against lenders like his client is staggering. Yet he/she sat there and participated in a closing he/she knew was unscrupulous, and greatly benefitting his client(s) at the expense of an unsophisticated minority, hard-working consumer/home buyer. Long after the closing, that lawyer sent copies of unsigned Truth-In-Lending documents to Belcher for his signature, having apparently withheld those required documents from Belcher during the closing.

21)     The Lawyer(s) (of the successors in interest)who handled the threatened foreclosures several times in the last ten years, upon information and belief, was/were paid by the lender(s) and servicing company(s) and represented the lender(s) and servicing company(s). That lawyer(s), knew or should have known of all the above referenced unfair and deceptive conduct of his client(s) as the number of claims filed against lenders and mortgage servicing companies, like his client(s) is staggering. Yet that lawyer(s) sat there and participated in attempting to foreclose on the premises when he/she knew was an unscrupulous mortgage, and greatly benefitting his client(s) at the expense of an unsophisticated minority, hard-working consumer and home buyer;

22)     As a result of all the above named lender(s) and/or mortgage servicing company(s) (either itself or through its agents, servants or employees,)  and their unfair and deceptive acts and practices, Belcher has suffered injury including the loss of the credit rating, has suffered from an impaired credit rating, has had credit applications turned down on several occasions because of the derogatory credit reports made by the above lender(s) or mortgage servicing company(s) (either itself or through its agents, servants or employees), and has been held up to public ridicule and humiliation in

his community both personally and professionally, and has suffered greatly.

## Demand for Settlement

1) Rescind the transaction;

2) Remove from all credit reporting agencies, any reference to the transaction(s) and any entry reflecting negatively to Belcher;

3) Payment of One Million Dollars ($1,000,000.00) as compensation for the emotional distress caused to Belcher because of the vast number of harassing telephone calls and mailed dunning notices to his home.

4) Payment of One Million Dollars ($1,000,000.00) as compensation for the Invasion of Privacy of Belcher because of the vast number of harassing telephone calls and mailed dunning notices to his home.

(5) Payment of One Million Dollar ($1,000,000.00) as compensation for the bad Credit rating Belcher has suffered as a result of all the above named entities, and his subsequent inability to obtain financing on several different occasions;

(6) Payment of One Million Dollars ($1,000,000.00) to Belcher for all other claims, whether in Tort, Contract or Chapter 93A; and

(7) Payment of One Million Dollars ($1,000,000.00) as compensation for the violation of the Federal Fair Debt Collection Act which caused great harm to Belcher because of the vast number of harassing telephone calls and mailed dunning notices to his home.

## Conclusion

If you – the lenders, servicing firms or law firms are found to have violated Chapter 93A by acts and practices that are found to be unfair or deceptive, Belcher will be awarded his actual damages and will also automatically receive an award whereby you will be required to pay all of Belcher' reasonable attorney's fees, if litigation proves necessary. Furthermore, if the court determines that you- the lenders,  law firms conduct (or the conduct of the predecessors in interest, or your wholly-owned affiliate(s)) was willfully or knowingly unfair or deceptive, the court must award Belcher up to three times, but not less than two times, actual damages, if you refuse to grant relief pursuant to this demand letter and a court determines that your refusal, after your review of this letter, was made in bad faith with reason to know your conduct was unfair and deceptive in violation of Chapter 93A.

Failure to respond to this c. 93A demand letter within thirty (30) days offering a reasonable settlement will compel Belcher to prosecute additional claims against the defendants.

Under the statutes previously cited, there are legal consequences to the defendants some of which have been stated herein, but others of which either entity may wish to consult with legal counsel about.

Very truly yours,

Robert. Belcher

[i.] The note calls for a thirty day notice prior to

acceleration, whereas the letter indicates a ten day period; the letter fails to indicate that the borrower has a right to reinstate the note after the acceleration. The letter does not conform to the covenants and agreements of Para. 17 of the governing mortgage and is therefore legally ineffective. Although the letter violates the Fair Debt Collection Act which is sufficient in itself to state a claim under Ch. 93A, the Borrower transaction is so flush with substantive lending-related violations alone that a full analysis of non-lending related violations would exceed the author's time restraints.

ii. **Mortgage broker created a fiduciary relationship with borrower by adver,**

tising "financial experts", "pinpoint needs", "highly experienced", "customize payments to suit your needs". Therefore a duty arose to advise the borrower of the disadvantageous terms of the high-rate mortgage and large balloon payment. <u>Wyatt v. Union Mortgage Co.</u> 24 Cal. 3d 773, 598 P2d 45 (1979). (Broker's failure to counsel borrowers led to actual damages of $1,000.00 and punitive damages of $200,000.00).

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 20-0550 D | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S): ROBERT BELCHER
Zakina Belcher

ADDRESS: 590 TRUMAN Highway
Hyde Park MA 02136

COUNTY:

ATTORNEY: PO Se

ADDRESS:

DEFENDANT(S): 1) Bank NY Mellon 2) SPS Servicing Inc 3) Orlans PC
ADDRESS: 1) 240 Greenwich St NY, NY 10286
2) 3217 Decker Lake DR SLC Utah 84165 3) 465 Waverly Oaks Rd Waltham MA 02452

BBO:

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. BE11 B99, S04 | TYPE OF ACTION (specify) Tort, Foreclosure | TRACK | HAS A JURY CLAIM BEEN MADE? ☒ YES ☐ NO |
|---|---|---|---|

"If "Other" please describe:

| Is there a claim under G.L. c. 93A? ☒ YES ☐ NO | Is this a class action under Mass. R. Civ. P. 23? ☐ YES ☒ NO |
|---|---|

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................... $
2. Total doctor expenses ................................................................. $
3. Total chiropractic expenses ......................................................... $
4. Total physical therapy expenses .................................................. $
5. Total other expenses (describe below) ......................................... $

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED
FEB 27 2020
MICHAEL JOSEPH DONOVAN
CLERK OF COURT

Subtotal (A): $

B. Documented lost wages and compensation to date ........................ $
C. Documented property damages to date ........................................ $
D. Reasonably anticipated future medical and hospital expenses ........ $
E. Reasonably anticipated lost wages ............................................. $
F. Other documented items of damages (describe below) ................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury: Wrongful foreclosure, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Invasion of Privacy - Chapter 93 A Violation of FFDCA

TOTAL (A-F): $ 4,300,000.00

**CONTRACT CLAIMS**
(attach additional sheets as necessary) Violation of FFCRA

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X _[signature]_ Date: 2/27/20

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.
NONE

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X

Date:

I HEREBY ATTEST AND CERTIFY ON
April 14, 2020, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _[signature]_
First Asst. Clerk

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 2084 CV 00550

ROBERT BELCHER )
ZARINA BELCHER )
    PLAINITFFS, )

VS. )
    )
BANK OF NEW YORK, MELLON )
    )
SELECT PORTFOLIO SERVICING, INC )
    )
ORLANS, PC )
    )
JOHN DOES 1 – 10 )
    DEFENDANTS )

# EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION.

    **COMES NOW, Plaintiff ROBERT BELCHER, *pro se*, (hereafter "Plaintiff) and files for an *Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction*, against the listed Defendants. A temporary restraining order is appropriate to maintain the status quo. Plaintiff's home of 30 years will be sold on March 3, 2020 and Plaintiff and his family will be evicted and left homeless by that action, without immediate intervention from this Court.**

## A. THE PREMISES

**1.** A single family residence located at 590 Truman Highway, Hyde Park, MA 02136. The Owner is the plaintiff Robert Belcher. It is described in a certificate of Title No 117651 LOT #: 14 SO at Suffolk County REGISTRY OF DEEDS, PLAN BOOK 584 page 51. The Original mortgage date date was December 22, 2005. The real estate located in Hyde Park, Suffolk County in the Commonwealth of Massachusetts, is occupied by the plaintiff and his family, and has been occupied continuously by the plaintiff since 1990, is hereinafter referred to as the "Premises."

## B. THE PARTIES

**2.** Plaintiff Robert Belcher is now, and at all times relevant to this action, is an Individual who was a resident of the County of Suffolk, State of Massachusetts. At all times relevant to this action, Plaintiff was the listed owner of the premises located at 590 Truman Highway, Hyde Park 02136 (the "Premises").

**3.** Plaintiff, Robert Belcher (hereinafter "BELCHER"), is a permanent resident of Massachusetts, and resides at 590 Truman Highway, Hyde Park, Suffolk County, Massachusetts 02136.

**4.** Defendant, BANK OF NEW YRRK, MELLON ("BANKNY") on information and belief is an International Banking Conglomerate, with its Principal place of Business at 260 Greenwich Street, New York, NY and claims to be the Trustee which allegedly is a lender or holder in due course of the instant mortgage and or note. Through its wholly-owned or controlled subsidiaries, its partner and\or joint venturers or its agents or servants, regularly transacts or transacted business within the Commonwealth of Massachusetts, and specifically did so as to the acts and transactions underlying the claim of the plaintiff herein.

**5.** Defendant, SELECT PORTFOLIO SERVICES, INC ("SPS") on information and belief, is a mortgage servicing corporation providing residential mortgage servicing to Banks and has a Principal place of Business at 3217 Decker Lake Drive, Salt Lake City, Utah 84165. Either directly or through its predecessor(s) in interest, its wholly-owned or controlled subsidiaries, its partners and\or joint venturers, or its agents or servants, regularly transacts or transacted business within the Commonwealth of Massachusetts, and specifically did so as to the acts and transactions underlying the claims of the plaintiff herein.

6. Defendant, ORLANS PC ("OPC"), on information and belief, is a law firm in Waltham, Massachusetts and is the agent of some or all of the defendants and its various entities, and is a Licensed to practice law in Massachusetts, with a Principal place of Business at 465 Waverly Oaks Road, Waltham, Massachusetts 02452, and the acts or transactions that are the subject of this Complaint took place within this Commonwealth of Massachusetts.

7. As to Defendants John Does 1 – 10, Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as John Does 1 through 10, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Property. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained through discovery. Plaintiff is informed and believes and herein alleges that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

8. Plaintiffs are informed and believes and thereon allege that at all times herein mentioned, jointly and severally, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the wrongdoings alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture to one or all of the defendants.

## INTRODUCTION

9. Plaintiff requests the decree to temporarily and permanently enjoin Defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to Plaintiffs' title to the property.

10. Said unlawful non-judicial foreclosure action has caused and continues to cause Plaintiff great and irreparable injury in that the real property is unique, and was designed and built by him in 1989-1990.

11. The wrongful conduct of the above specified Defendants, and each of them, unless restrained and enjoined by an Order of the

Court, will continue to cause great and irreparable harm to Plaintiffs. Plaintiffs will not have the beneficial use and enjoyment of the home and will lose the property.

12. Plaintiffs have no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate to prevent irreparable loss to Plaintiffs.

13. Plaintiffs suffered and will continue to suffer unless Defendants' wrongful conduct is restrained and enjoined because real property is inherently unique, and it will be impossible for plaintiffs to determine the precise amount of damage it will suffer.

14. The wrongful conduct of the above specified Defendants, and each of them, unless restrained and enjoined by an Order of the Court, will continue to cause great and irreparable harm to Plaintiff. Plaintiff will not have the beneficial use and enjoyment of the Home and will lose the Property.

## THE STANDARD FOR INJUNCTIVE RELIEF

Pursuant to Rule 65, a moving party must show that 1) Irreparable harm will result in the absence of an injunction or restraining order; and 2) That the moving party has a likelihood of success on the merits. *Baptist Health v. Murphy*, 226 SW 3d. 800 (Sup. Ct. 2006).

## IRREPARABLE INJURY

Foreclosing on Plaintiffs' home without allowing a full determination on the merits of Plaintiffs' claim will cause irreparable injury to Plaintiff and his family and cause substantial harm far outweighing the potential injury to Defendants should the injunction be granted.

Plaintiffs' home is unique and non-fungible. It is where memories, both good and bad are made. It was designed and built according to his family's taste and likes. Home defines who we are, what we were and what we can be. There are no two homes alike.

Allowing Defendants to pursue foreclosure while Plaintiffs' case is pending deprives Plaintiffs of all this, and more. Without a home,

Plaintiff will not be able to fully and adequately prosecute the claims against Defendants and in turn, allows Defendants to continue their nefarious, predatory practices against Plaintiff and others similarly situated.

## PLAINTIFF IS LIKELY TO PREVAIL
## ON THE MERITS AT TRIAL

The foreclosure sale and any further transfer of ownership or encumbrance must be enjoined because the evidence demonstrates that plaintiff will succeed on the merits at trial.

Plaintiff alleges and supports through affidavits and exhibits, causes of action against Defendants that will show Defendants do not have any legal right to foreclose on Plaintiff's Real Property.

An actual controversy has arisen and now exists between Plaintiff and Defendants regarding their respective rights and duties. Plaintiffs contend that the Note and Deed of Trust were not transferred or assigned pursuant to the governing PSA or New York Law. Plaintiff also alleges that Defendants committed fraud in the inducement and concealment at the initiation of the loan, and the fraud continues to the present day.

A judicial declaration is necessary and appropriate under the circumstances so that Plaintiff may determine the rights, obligations and duties owed by Defendants and whether those duties were adhered to.

At the very basis of Plaintiff's Complaint, based upon the facts outlined herein and in the Complaint, Plaintiff alleges and can demonstrate at trial that Defendants breached their status as a real holder in interest and through misrepresentation are about to foreclose on plaintiff's real property and that because of the securitization process, Defendants and their predecessors in interest failed to properly assign Plaintiff's Note and Deed of Trust in compliance with State law and Federal Law governing the original loan.

## NOTICE TO DEFENDANTS

Plaintiff hereby verifies that he has attempted to provide notice to all Defendants that the Complaint, the Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction, And Declaratory Relief was going to be filed on or before the foreclosure date.

Specifically, Plaintiffs have made the following efforts in good faith and with full diligence: The instate defendant, Orlans, PC will be served within 48 hours by Middlesex County Constable Bob Sweeney of Cambridge. The out of state defendants will be served pursuant to Massachusetts Long Arm Statute by certified mail within 48 hours.

If the Court sees fit to order the TRO as requested by the plaintiff, the law firm that is slated to conduct the foreclosure on March 6, 2020, will be served, in hand, by the plaintiff as soon as the TRO is issued today.

## PRAYER

WHEREFORE, Plaintiff requests that this Honorable Court order as follows:

A. A temporary restraining order, a preliminary injunction, and a permanent injunction enjoining Defendants, Defendants' agents, attorneys, and representatives, and all persons acting in concert or participating with them, from selling, attempting to sell, or causing to be sold the property, either under the power of sale in the Deed of Trust or by foreclosure action until this matter is fully adjudicated in a court of competent jurisdiction;

B. If a temporary restraining order is granted *ex parte*, to set this Application for hearing on the merits prior to the expiration of the *ex parte* temporary restraining order; and

C. Any further relief that the court may deem just and equitable.

D. A proposed order is attached hereto, should the Court honor the plaintiff's request/

**ROBERT BELCHER**

**THE PLAINTIFF, PRO SE**

*[signature]*

**590 TRUMAN HIGHWAY**
**HYDE PARK, MA 02136**
**617 290 6315**

**DATE: FEBRUARY 27, 2020**

SUFFOLK, ss.          SUPERIOR COURT DEPT
date............FEB. 28, 2020
....... C session, Room 313
Monday, March 2, 2020
injunction a preliminary
...... be granted
.......... Willman
ATTEST:
*[signature]* Margaret M Buckley
Assistant Clerk

I HEREBY ATTEST AND CERTIFY ON
<u>April 14, 2020</u>, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *[signature]*

First Asst. Clerk

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2084CV00550

*Robert Belcher*
*Zarina Belcher*_____, PLAINTIFF(S),
v. *Bank of New York Mellon ET AL*
*Select Portfolio Servicing Inc*
_____*Orlans PC*_____, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO *Select Portfolio Servicing Inc* (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the *Suffolk County* Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, *Suffolk* Court, *Boston MA* (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: *590 Truman Hwy Hyde Park MA 02136*

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___February 27___, 20 20.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

### PROOF OF SERVICE

I hereby certify and return that I served a copy of the within summons, together with a copy of the complaint in this action upon the within named defendant by:

☒ In hand service to: Jacreea Lavender
☐ Accepted by an adult male/female over the age of 18
☐ Left at last & usual place of abode
☐ Copy mailed first class on: _____
To: 155 Federal Street
      Boston, MA

DATE OF SERVICE: 03-02-2020

Signed under the penalties of perjury

Robert Sweeney
CONSTABLE & PROCESS SERVER

☒ Statement of Damages
☒ Plaintiff's Interrogatories
☒ Request For Production of Documents
☐ Affidavit Disclosing Care or Custody Proceedings
☐ Public Assistance Affidavit
☐ Track Assignment Notice
☐ Exhibits
☐ Financial Statement
☐ Affidavit
☒ Other Plaintiff's Request For Admissions

Bank of New York, Mellon

I HEREBY ATTEST AND CERTIFY ON
April 14, 2020
_____ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

First Asst. Clerk

5

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _2084CV00550_

*Robert Belcher*

*Zarina Belcher* , PLAINTIFF(S),

v. *Bank of New york Mellon ETAL*
*Select pre 4tfolio servicing Inq*
*Orlans, PC* , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Orlans, PC_ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Suffolk County_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, _Suffolk ct_ Court, _Boston MA_ (address), by mail or in person, **AND**

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _5925 Truman High Hyde Park MA 02136_

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _Febvuary 2L_, 20 _20_.

_Michael Joseph Donovan_
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

# PROOF OF SERVICE OF PROCESS

## PROOF OF SERVICE

I hereby certify and return that I served a copy of the within summons, together with a copy of the complaint in this action upon the within named defendant by:

X In hand service to: _Jason MacKeen_
□ Accepted by an adult male/female over the age of 18
□ Left at last & usual place of abode
□ Copy mailed first class on:
To: _465 Waverly Oaks Road_
_Waltham, MA_

DATE OF SERVICE: _03-02-2020_

Signed under the penalties of perjury

_____
Robert Sweeney
CONSTABLE & PROCESS SERVER

X _Statement of Damages_
X _Plaintiff's Interrogatories_
X _Request For Production of Documents_
□ Affidavit Disclosing Care or Custody Proceedings
□ Public Assistance Affidavit
□ Track Assignment Notice
□ Exhibits
□ Financial Statement
□ Affidavit
X Other _Plaintiff's Request For Admissions_

_Delans, PC_

I HEREBY ATTEST AND CERTIFY ON
April 14, 2020 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2084CV00550

_Robert Belcher_
_Zarina Belcher_ , PLAINTIFF(S),
v. _Bank New York Mellon ET AL_
_Select Portfolio Servicing Inc_
_Orlans, PC_ , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Bank of New York Mellon_ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Suffolk County_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, _Suffolk County_ Court, _Boston MA_ (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _590 Truman Hwy Hyde park MA 02136_ .

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _February 27_, 20_20_

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

### PROOF OF SERVICE

I hereby certify and return that I served a copy of the within summons, together with a copy of the complaint in this action upon the within named defendant by:

X In hand service to: _James DeCrescenzo_
□ Accepted by an adult male/female over the age of 18
□ Left at last & usual place of abode
□ Copy mailed first class on: _____
To: _84 State Street_
_Boston, MA_

DATE OF SERVICE: _03·02·2020_

X Statement of Damages
X Plaintiff's Interrogatories
X Request For Production of Documents
□ Affidavit Disclosing Care or Custody Proceedings
□ Public Assistance Affidavit
□ Track Assignment Notice
□ Exhibits
□ Financial Statement
□ Affidavit
X Other _Plaintiff's Request For Admissions_

Signed under the penalties of perjury

Robert Sweeney
CONSTABLE & PROCESS SERVER

_Select Portfolio Servicing, Inc._

ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

I HEREBY ATTEST AND CERTIFY ON
April 14, 2020 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
First Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
C.A. No. 2084CV00550

US Dist # 20-CV-10511

| | |
|---|---|
| ROBERT BELCHER and ZARINA BELCHER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BANK OF NEW YORK, MELLON, SELECT PORTFOLIO SERVICING, INC., ORLANS PC AND JOHN DOES 1-10 | ) ) ) ) ) |
| Defendants. | ) ) ) |

## NOTICE OF NOTICE OF REMOVAL

**To:** **THE CLERK OF COURT AND ALL COUNSEL OF RECORD**

PLEASE TAKE NOTICE THAT Defendants Select Portfolio Servicing, Inc. and The Bank of New York Mellon, formerly known as The Bank of New York as successor Trustee to JPMorgan Chase Bank, N.A., as trustee for the Certificateholders of Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4, identified in the Complaint as Bank of New York, Mellon, have filed a Notice of Removal with the United States District Court for the District of Massachusetts. The removal of this case to federal court is based on diversity and federal question jurisdiction. A true and accurate copy of the Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted,

**PARKER IBRAHIM & BERG LLP**
*Attorney for Defendants,*
Select Portfolio Servicing, Inc. and The
Bank of New York Mellon, formerly known
as The Bank of New York as successor
Trustee to JPMorgan Chase Bank, N.A., as
trustee for the Certificateholders of
Structured Asset Mortgage Investments II
Trust 2006-AR4 Mortgage Pass-Through
Certificates, Series 2006-AR4,

I HEREBY ATTEST AND CERTIFY ON
April 14, 2020 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

First Asst. Clerk

*/s/ Donald W. Seeley Jr.*
Jeffrey D. Adams, Esq. BBO# 662697
Donald W. Seeley Jr., BBO# 663568
2 Oliver Street, Suite 405
Boston, Massachusetts 02109
Phone: 617.918.7604
Facsimile: 617.918.7878
Email: jeffrey.adams@piblaw.com
donald.seeley@piblaw.com

## CERTIFICATE OF SERVICE

I, Donald W. Seeley Jr., Esq., hereby certify that on March 12, 2020 a true and correct
copy of the foregoing document was served upon all parties or counsel of by first class mail,
postage prepaid to:

Robert Belcher
590 Truman Highway
Hyde Park, MA 02136
617.290.6315

Zarina Belcher
590 Truman Highway
Hyde Park, MA 02136
617.290.6315

*/s/ Donald W. Seeley Jr.*
Donald W. Seeley Jr.

I HEREBY ATTEST AND CERTIFY ON

_____ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT BELCHER and <br> ZARINA BELCHER, <br><br>    Plaintiffs, <br><br> v. <br><br> BANK OF NEW YORK MELLON, <br> SELECT PORTFOLIO SERVICING, <br> INC., ORLANS PC AND JOHN <br> DOES 1-10 <br><br>    Defendants. | ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 1:20-cv-10511 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

**To: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendants The Bank of New York

Mellon, formerly known as The Bank of New York as successor Trustee to JPMorgan Chase Bank,

N.A., as trustee for the Certificateholders of Structured Asset Mortgage Investments II Trust 2006-

AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 ("Bank of New York"), identified in

the Complaint as Bank of New York, Mellon and Select Portfolio Servicing, Inc. ("SPS")

(collectively "Defendants"), hereby remove to this Court the civil action entitled *Robert Belcher,*

*et al. v. Bank of New York, Mellon, et al.*, pending as Docket No. 2084CV00550 in the Superior

Court Department of the Massachusetts Trial Court, Suffolk County, Boston, Massachusetts.

Plaintiffs also name the law firm of Orlans PC ("Orlans") as a Defendant in this action.  In support

of this Notice of Removal, Defendants Bank of New York and SPS, with consent from Orlans, state as follows:

## FACTUAL BACKGROUND

1.     On or about February 27, 2020, plaintiffs Robert Belcher and Zarina Belcher ("Plaintiffs") filed a Complaint (the "Complaint") against Defendants in the Superior Court Department of the Massachusetts Trial Court, Suffolk County, Boston, Massachusetts.

2.     Fewer than thirty (30) days have elapsed since counsel for Defendants learned of the Complaint.

3.     Pursuant to U.S.C. § 1446(a), Defendants attach a copy of the Complaint and all other available papers filed in the state court action as Exhibit A.

## GROUNDS FOR REMOVAL

4.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, as this suit is a dispute among citizens of different states and the amount in controversy exceeds $75,000.00.  Furthermore, counts 8, 11, 20, 21, 27 and 28 of the Complaint involve federal questions arising from the laws of the United States.

## I.    THERE IS DIVERSITY OF CITIZENSHIP

5.     According to the Complaint, Plaintiffs are individuals residing at 590 Truman Highway, Hyde Park, Massachusetts.  Accordingly, Plaintiffs are citizens of Massachusetts.

6.     SPS is a Utah corporation and is a wholly-owned subsidiary of SPS Holding Corp. SPS Holding Corp. is organized under the laws of the State of Delaware and is not a publicly-traded corporation.  SPS Holding Corp. is wholly owned by Credit Suisse (USA), Inc.  Credit Suisse (USA), Inc. is organized under the laws of the State of Delaware and is not a publicly-traded corporation.  For purposes of diversity jurisdiction under 28 U.S.C. § 1332, SPS is therefore

a citizen of the State of Utah. See 12 U.S.C. § 1464(x); *see also, Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306 (2006).

7.      Bank of New York is a trust organized under the laws of the State of Delaware with a principal place of business located at 383 Madison Avenue, New York, NY 10179. For purposes of diversity jurisdiction under 28 U.S.C. § 1332, Bank of New York is therefore a citizen of the State of New York.

8.      Although defendant law firm Orlans has a principal place of business located in Waltham, Massachusetts, Plaintiffs improperly joined Orlans as defendants to this action. Orlans is foreclosure counsel. Courts have consistently held that foreclosure counsel are not proper defendants in action seeking to contest a mortgage foreclosure auction where legal counsel merely acts on behalf of the foreclosing mortgagee. Courts have routinely dismissed actions brought against foreclosure counsel on a number of grounds applying Massachusetts law, including the failure of any legal duty. *See*, e.g., *Moore v. NovaStar Mortgage, Inc.*, C.A. No. 11-cv-10468-MAP, 2011 WL 2899418, at *2 (D. Mass. July 15, 2011) ("Plaintiff's attempt to impose some sort of contractual duty on Defendant Albitt Law Offices based on the mortgage is unavailing. Defendant Albitt Law Offices was not a party to the mortgage, and Plaintiffs can identify no legal grounds on which the court could impose a duty of good faith as to them or the law firm representing the party adverse to them in the foreclosure proceeding."); *see also Manson v. GMAC Mortgage*, LLC, 283 F.R.D. 30, 42 (D. Mass. 2012) ("The law firm defendants also argue that even where certification proper, and even if *Ibanez* violations were uncovered, they owed no duty to the putative class members with respect to three of the claims (wrongful foreclosure; improper notice; and breach of the duty of good faith and reasonable diligence). The court agrees. A lawyer representing a lender owes no duty to the borrower.").

9.    Here, Orlans served as foreclosure counsel. Orlans, as foreclosure counsel, acted to effectuate the foreclosure of the Property pursuant to applicable law. *Fairhaven Savings Bank v. Callahan*, 391 Mass. 1011 (1984) ("We accept the judge's determination that the plaintiff-mortgagee conducted the foreclosure, with its lawyers merely assisting in the preparation of legal documents."). Furthermore, under the doctrine of fraudulent joinder, "removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant." *Universal Truck & Equip. Co., Inc. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014). "The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact." *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 4 (D. Mass. 2001).

10.    Here, Plaintiffs' claims against Orlans have no reasonable basis in law and fact because they are barred by the litigation privilege. "Under Massachusetts law, an attorney's statements are absolutely privileged 'where such statements are made by an attorney engaged in his function as an attorney whether in the institution or conduct of litigation or in conferences and other communications preliminary to litigation.'" *Blanchette v. Cataldo*, 734 F.2d 869, 877 (1st Cir. 1984) (quoting *Sriberg v. Raymond*, 370 Mass. 105, 109 (1976)). The privilege applies as a general bar to all civil liability based upon an attorney's statements, and it applies even if the offensive statements were uttered maliciously or in bad faith. *Doe v. Nutter, McClennen & Fish*, 41 Mass. App. Ct. 137, 140 (1996).

11.    Thus, Orlans has no real connection to the controversy arising out of the foreclosure of the mortgage at issue, and the claims against Orlans are barred by the litigation privilege. Accordingly, Plaintiffs' fraudulent joinder of Orlans does not defeat subject matter jurisdiction

based on diversity, where "there right of removal cannot be defeated" by including separate claims for recovery against the law firm. *Carey v. Board of Governors of Kernwood Country Club*, 337 F. sup. 2d 339, 341 (D. Mass. 2004) (quoting Healthcare Corp., 178 F. Supp. 2d 1, 4 (D. Mass. 2001)).

12.     Accordingly, because Plaintiffs are citizens of Massachusetts, Bank of New York is a citizen of New York and SPS is a citizen of Utah, this action is between citizens of different states. 28 U.S.C. §1332.

## II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

13.     Plaintiffs filed this 28-count, 193-paragraph Complaint alleging violations of state and federal laws in connection with the origination of their mortgage loan in 2005. Plaintiffs also assert that the chain of assignment to Bank of New York is defective on the basis that the Assignment of Mortgage was consummated in violation of the operative Pooling and Servicing Agreement, and that Mortgage Electronic Registration Systems, Inc., a prior holder of the Mortgage, lacked the legal capacity to hold title to the Mortgage. The Complaint seeks monetary damages totaling $4.3 million. The face value of the mortgage in question is $412,000. The aggregate amount of Plaintiffs' claim exceeds $75,000.00.

## III.     THIS SUIT INVOLVES FEDERAL QUESTIONS ARISING UNDER THE LAWS OF THE UNITED STATES

14.     Through their Complaint, Plaintiffs have alleged violations of 15 U.S.C. § 1125(a), 15 U.S.C. § 1681 and 15 U.S.C. § 1692. *See* Complaint, counts 8, 11, 20, 21, 27 and 28. Thus, removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441(c).

**IV.   PROCEDURAL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

15.     Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of Massachusetts, as the Complaint in this action was filed in the Superior Court Department of the Massachusetts Trial Court, Suffolk County, Boston, Massachusetts.

16.     Defendants have filed a copy of this Notice of Removal with the Superior Court Department of the Massachusetts Trial Court, Suffolk County, Boston, Massachusetts, as required by 28 U.S.C. § 1446(d).

17.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure in accordance with 28 U.S.C. § 1446. The statements and allegations contained herein are true and correct to the best of the knowledge and belief of the undersigned based upon review of the material available.

18.     Based on the foregoing, Defendants have met their burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1332.

19.     This action is one which may be removed to this court by Defendants pursuant to 28 U.S.C. § 1441.

20.     In removing this action, Defendants do not intend to waive any rights or defenses to which it is otherwise entitled to under the Federal Rules of Civil Procedure.

WHEREFORE, Defendants remove this action currently pending in the Superior Court Department of the Massachusetts Trial Court, Suffolk County, Boston, Massachusetts to this Court and respectfully requests that this Court assume jurisdiction of this matter and take all further steps as may be required to determine this controversy.

Respectfully submitted,
**PARKER IBRAHIM & BERG LLP**
*Attorney for Defendants,*
Select Portfolio Servicing, Inc. and The
Bank of New York Mellon, formerly known
as The Bank of New York as successor
Trustee to JPMorgan Chase Bank, N.A., as
trustee for the Certificateholders of
Structured Asset Mortgage Investments II
Trust 2006-AR4 Mortgage Pass-Through
Certificates, Series 2006-AR4,


*/s/ Donald W. Seeley Jr.*
Jeffrey D. Adams, Esq. BBO# 662697
Donald W. Seeley Jr., BBO# 663568
2 Oliver Street, Suite 405
Boston, Massachusetts 02109
Phone: 617.918.7604
Facsimile: 617.918.7878
Email: jeffrey.adams@piblaw.com
           Donald.seeley@piblaw.com


Dated: March 12, 2020

## CERTIFICATE OF SERVICE

I, Donald W. Seeley Jr., Esq., hereby certify that on March 12, 2020 a true and correct copy of the foregoing document was served upon all parties or counsel of record via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system, then by email and first class mail, postage prepaid to:

Robert Belcher
590 Truman Highway
Hyde Park, MA 02136

Zarina Belcher
590 Truman Highway
Hyde Park, MA 02136

/s/ Donald W. Seeley Jr.
Donald W. Seeley Jr.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Robert Belcher and Zarina Belcher

**(b)** County of Residence of First Listed Plaintiff    Suffolk County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

## DEFENDANTS

Select Portfolio Servicing, Inc., Orlans PC, The Bank of New York Mellon, formerly known as The Bank of New York as successor Trustee to JPMorgan Chase Bank, N.A., as Trustee

County of Residence of First Listed Defendant    Salt Lake City
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Donald W. Seeley Jr., PIB Law, 2 Oliver Street, Suite 405, Boston, MA 02109 (for SPS and BNY); Effie Gikas, Orlans PC, 465 Waverly Oaks Road, Suite 401, Waltham, MA 02452 (for Orlans PC)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding    ☒ 2  Removed from State Court    ☐ 3  Remanded from Appellate Court    ☐ 4  Reinstated or Reopened    ☐ 5  Transferred from Another District *(specify)*    ☐ 6  Multidistrict Litigation - Transfer    ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.  §§ 1331, 1332, 1441 and 1446
Brief description of cause:
Plaintiffs seek to enjoin the foreclosure sale of real property

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$4.3 million

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.**

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Robert Belcher, et. al. v. Bank of New York, Mellon, et. al

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐   I.    160, 400, 410, 441, 535, 830*, 835*, 850, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐   II.    110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   ☑   III.   120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

       *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?
   Eastern Division ☑   Central Division ☐   Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☑   NO ☐

**(PLEASE TYPE OR PRINT)**
ATTORNEY'S NAME Donald W. Seeley Jr.
ADDRESS PIB Law, 2 Oliver Street, Suite 405, Boston, MA 02109
TELEPHONE NO. 617.918.7604

(CategoryForm1-2019.wpd )

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 2084 CV 00550

| | |
|---|---|
| ROBERT BELCHER | ) |
| ZARINA BELCHER | ) |
|     PLAINITFFS, | ) |
| | |
| VS. | ) |
| | ) |
| BANK OF NEW YORK, MELLON | ) |
| | ) |
| SELECT PORTFOLIO SERVICING, INC | ) |
| | ) |
| ORLANS, PC | ) |
| | ) |
| JOHN DOES 1 – 10 | ) |
|     DEFENDANTS | ) |

# ORDER
# TEMPORARY RESTRAINING ORDER

Upon Motion, and after notice and hearing, the Court finds and rules that immediate and irreparable injury, loss, or damage will result to Robert Belcher unless this Temporary Restraining Order is granted ex parte. Therefore, defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are ordered to cease and desist from foreclosing or any other action regarding the premises at 590 Truman Highway, Hyde Park, MA 02136

This order has been entered at      A.M./P.M. on February, 28, 2020 and shall expire in ten days from the date

of this issuance (On March 9, 2020) unless it is extended for a like period by consent of the parties or by further order of this Court.

For good cause shown, the Court orders that plaintiff is not required to give security for the issuance of this Temporary Restraining Order.

Date: February 28, 2020

Judge,
Suffolk Superior Court