## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT BELCHER and ZARINA BELCHER, )<br><br>Plaintiffs, )<br><br>v. )<br><br>BANK OF NEW YORK, MELLON, SELECT PORTFOLIO SERVICING, INC., AND JOHN DOES 1-10 )<br><br>Defendants. ) | Civil Action No. 1:20-cv-10511-IT |

ROBERT BELCHER and
ZARINA BELCHER,

      Plaintiffs,

v.

BANK OF NEW YORK, MELLON,
SELECT PORTFOLIO SERVICING,
INC., AND JOHN DOES 1-10

      Defendants.

Civil Action No. 1:20-cv-10511-IT

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

Defendants Select Portfolio Servicing, Inc. ("SPS") and The Bank of New York Mellon, formerly known as The Bank of New York as successor Trustee to JPMorgan Chase Bank, N.A., as trustee for the Certificateholders of Structured Asset Mortgage Investments II Trust 2006-AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 (the "Trust") (collectively, "Defendants"), by and through their undersigned counsel, hereby submit their opposition to the Motion to Amend the Complaint pursuant to Fed. R. Civ. P. Rule 15(a)(2) filed by Plaintiffs Robert Belcher and Zarina Belcher (collectively, "Plaintiffs").  In short, Plaintiffs' Motion to Amend the Complaint must be denied because the claims proposed in the Amended Complaint are untimely and futile.

## I.    INTRODUCTION

Plaintiffs seek leave to file an Amended Complaint that challenges the Trust's chain of title to a promissory note (the "Note") and corresponding mortgage (the "Mortgage") secured by real property located at 590 Truman Highway, Hyde Park, Massachusetts (the "Property").  The

centerpiece of the Amended Complaint is Plaintiffs' claim that "a 2010 assignment of mortgage to [the Trust] is defective and conveys no mortgage title to [the Trust] pursuant to Massachusetts statutes governing title to registered land." *See* Plaintiffs' Amended Complaint ("Am. Compl.") at 1-2.

However, Plaintiffs' Motion fails to set forth cause for the relief being sought. Indeed, Plaintiffs provide no basis for why the instant claims were withheld from their initial Complaint, or how the instant claims are substantively new or different from the claims that were dismissed by this Honorable Court on July 2, 2020.

Notwithstanding these glaring defects, the claims asserted in the Amended Complaint are futile. Specifically, the Trust has a facially valid chain of assignment of the Mortgage and Plaintiffs lack standing to challenge it. *Butler v. Deutsche Bank Trust Company Americas*, 748 F. 3d 28, 34 (1st Cir. 2014). Likewise, Plaintiffs' challenge to the capacity of Mortgage Electronic Registration Systems, Inc. ("MERS") to hold and assign the Mortgage runs contrary to established legal precedent. *Dyer v. Wells Fargo Bank, N.A.*, 956 F.3d 62, 67 (1st. Cir. 2020)

In short, Plaintiffs' Motion is untimely and the Amended Complaint, if allowed to proceed, would be futile. Thus, this Honorable Court must deny Plaintiffs' Motion to Amend the Complaint.

## II.    FACTUAL BACKGROUND

Robert Belcher is the record owner of the Property. *See* Am. Compl. ¶¶ 6, 11. The Property is registered land as defined by G.L. c. 185. *See* Am. Compl. ¶¶ 6, 27-32.

On December 22, 2005, Robert Belcher executed the Note in favor of Union Federal Bank of Indianapolis in exchange for $412,000. *See* Am. Compl. ¶ 7. That same day, as security for the Note, Plaintiffs granted the Mortgage to Mortgage Electronic Registration Systems, Inc.

("MERS"), as nominee for Union Federal Bank of Indianapolis and its successors and assigns.  *See* Am. Compl. ¶ 7; *see also* the Mortgage, attached hereto as <u>Exhibit A</u>.  On December 28, 2005, the Mortgage was registered with the Suffolk Registry District of the Land Court as Document No. 713600, and noted on Certificate of Title No. 117651.  *See* <u>Exhibit A</u>.  The Note and Mortgage together shall be referred to as the "Mortgage Loan".

On April 26, 2010, MERS executed an Assignment of Mortgage to the Trust (the "Assignment of Mortgage").  *See* Am. Compl. ¶ 9; *see also* the Assignment of Mortgage, attached hereto as <u>Exhibit B</u>.  On May 6, 2010, the Assignment of Mortgage was registered with the Suffolk Registry District of the Land Court as Document No. 777619, and noted on Certificate of Title No. 117651.  *See* Am. Compl. ¶ 8; *see also* <u>Exhibit B</u>.

In 2017, the Trust, through its loan servicer and foreclosure counsel, commenced proceedings to foreclose on the Mortgage.  *See* Am. Compl. ¶¶ 12-13.  On December 23, 2019, the Trust registered a document entitled "Affidavit Pursuant to M.G.L. Chapter 244 Sections 35B and 35C" (the "Affidavit").  *See* Am. Compl. ¶ 13; *see also* the Affidavit, attached hereto as <u>Exhibit C</u>.

The Trust scheduled the foreclosure auction of the Property for March of 2020.  The Trust cancelled the auction when Robert Belcher filed for bankruptcy on March 16, 2020.  *See* Paper No. 12.[1]  Due to a state-wide moratorium on foreclosures, the Trust has not rescheduled the auction of the Property.  *See* Chapter 65 of the Acts of 2020.

## III.    STANDARD OF REVIEW

The decision to deny a motion to amend a complaint is within the discretion of the trial court.  *Parker v. Landry*, 935 F.3d 9, 13 (1st Cir. 2019).  "Leave to amend is to be 'freely given',

---

[1]      On April 14, 2020, the U.S. Bankruptcy Court for the District of Massachusetts dismissed Robert Belcher's bankruptcy pursuant to his Motion for Voluntary Dismissal.  *See* Paper No. 15.

unless it would be futile, or reward, *inter alia*, undue or intended delay." *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994) (internal citations omitted).   A proposed amended complaint is futile if it fails to satisfy the threadbare pleading requirements of Rule 12(b)(6). *Privitera v. Curran (In re Curran)*, 855 F.3d 19, 28 (1st Cir. 2017); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 292 (2007).

Furthermore, "undue delay in moving to amend, even standing alone, may be . . . an adequate reason" to deny such a motion.   *In re Lombardo*, 755 F.3d 1, 3 (1st Cir. 2014) (citing *Acosta—Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 51-52 (1st Cir. 1998)).   "[W]hen 'considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has [at the very least] the burden of showing some valid reason for his neglect and delay.'" *Id*. (quoting *Stepanischen v. Merchs. Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983)) (alteration in original).

## IV.   LEGAL ARGUMENT

### A.   Plaintiffs' Motion Fails to Set Forth any Basis for the Relief Being Sought.

Plaintiffs' one-sentence request for leave to file an Amended Complaint fails to articulate any cause for the relief being sought.   Specifically, Plaintiffs' Motion fails to state why the instant challenge to a 2010 Assignment of Mortgage was not included in Plaintiffs' initial Complaint. Additionally, Plaintiffs fail to address how the instant claims are materially distinct from the claims that were dismissed on July 2, 2020.   *See* Paper No. 37.   Indeed, the Amended Complaint appears to be nothing more than a re-packaging of Plaintiffs' now-dismissed initial Complaint.   *See* initial Complaint ("Compl.") ¶ 15 ("Plaintiff further alleges that any documents i.e. a later 2010 MERS Assignment of Deed of Trust … are void as a matter of law"); *see also* Compl. ¶ 18 ("Plaintiff alleges that Defendants, and each of them, cannot establish possession, show proper receipt,

4

transfer, negotiations, assignment and ownership of the Tangible Note or Deed of Trust, resulting in imperfect security interests and claims"); *see also* Compl. ¶ 19 ("Defendants, and each of them, cannot establish that the Deed of Trust purportedly securing the Tangle [sic] Note, were legally or properly acquired in accordance to all applicable law."); *see also* Compl. ¶ 42 ("Defendants, each of them, have failed to perfect any security interest in the real property collateral, or cannot prove to the court that they have a valid interest as a real party in interest to the underlying Deed of Trust.").

Since Plaintiffs have failed to set forth cause in support of the instant Motion, and have simply re-packaged the same claims contained in their initial Complaint, the Court must deny Plaintiffs' Motion to Amend the Complaint on the grounds of untimeliness and futility.

### B. <u>The Assignment of Mortgage was Effective Upon Registration at the Suffolk Registry District of the Land Court.</u>

"[A]ll instruments which assign, extend, discharge and otherwise deal with the mortgage, shall be registered, and shall take effect upon the title only from the time of registration."  G.L. c. 185, § 67.  An assignment of mortgage, once registered, constitutes "notice to all persons from the time of such registering, filing or entering."  G.L. c. 185, § 58.  In the instant action, the Assignment of Mortgage was registered on May 6, 2010 and became effective as of that date.  G.L. c. 185, § 67.

Plaintiffs allege that the Assignment of Mortgage is invalid on the basis that it was executed on April 26, 2010 but sets forth "an effective date of December 8, 2009."  *See* Am. Compl. ¶¶ 9-10, 19.  However, neither the execution date nor the "effective date" invalidate the Assignment of Mortgage.  Rather, the Assignment of Mortgage became effective pursuant to G.L. c. 185, § 67 when it was registered on May 6, 2010.  Since Defendants did not commence foreclosure proceedings until 2017 (*see* Am. Comp. ¶ 13), the discrepancy between the "effective date" and

the registration date is immaterial.  *Eaton v. Federal Nat'l Mtg. Ass'n*, 462 Mass. 569 (2012) (The

foreclosing entity must hold the Note and Mortgage *at the time of foreclosure*).

Plaintiffs further allege that assignments of the beneficial interest in the Mortgage, i.e. the

Note, must be registered as well.  This is a fundamental misinterpretation of the land registration

system in Massachusetts.  Contrary to Plaintiffs' assertions, G.L. c. 185, § 67 "by its plain terms,

and like the land registration system overall, concerns legal title, not beneficial ownership or

equitable rights."  *Commonwealth v. Bank of Am., N.A.*, 2012 Mass. Super. LEXIS 301, *52 (Dec.

3, 2012) (citing *Commonwealth Elect. Co. v. MacCardell*, 450 Mass. 48, 50 (2007)).   As such,

there is no requirement to register a transfer of the Note with the Land Court or Registry of Deeds.

*LaRace v. Wells Fargo Bank, N.A.*, 27 LCR 239, 243, 2019 Mass. LCR LEXIS 93, *21 (May 17,

2019) ("[I]t is not necessary to demonstrate a chain of title or to even identify past holders of a

note in order to provide evidence that one is the current holder of the note, because the chain is

demonstrated by the endorsements on the note itself and are self-evident. Physically holding the

note, along with an endorsement of the note either in blank or to the holder, is sufficient.").  "Under

Massachusetts law, the note and mortgage are separate legal instruments and, under common law,

they can travel separately."  *Galvin v. U.S. Bank, N.A*, 852 F.3d 146, 155 (1st Cir. 2017).

Here, the Trust held the Note and Mortgage at the time it commenced the foreclosure.  *See*

Am. Compl. ¶¶ 7-8, 13; *see also* <u>Exhibits A - C</u>.  Consequently, Plaintiffs' challenge to the Trust's

chain of title to the Mortgage Loan is futile.

## C. <u>Plaintiffs Lack Standing to Challenge a Facially Valid Chain of Title to the Mortgage.</u>

Under Massachusetts law, an assignment is valid if it is "executed before a notary public,

. . . by a person purporting to hold the position of . . . vice president . . . or other similar office . . .

or otherwise purporting to be an authorized signatory for such entity."  G.L. c. 183, § 54B.  An

assignment of mortgage that complies with G.L. c. 183, § 54B is valid and binding.  *Butler*, 748 F. 3d at 34; *Wilson v. HSBC Mort. Servs.*, 744 F.3d 1, 12 (1st Cir. 2014).  It is well-settled that "a mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title." *Culhane v. Aurora Loan Servs. Of Nebraska,* 708 F.3d 282, 291 (1st Cir. 2013).  "[C]laims that merely assert procedural infirmities in the assignment of a mortgage, such as a failure to abide by the terms of a governing trust agreement, are barred for lack of standing." *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 354 (1st Cir. 2013).  Standing exists only where a borrower alleges "the assigning party never possessed legal title." *Id*.

In the instant action, Plaintiffs allege that "a 2010 assignment of mortgage to [the Trust] is defective and conveys no mortgage title …" *See* Am. Compl. at 1-2.  However, Plaintiffs fail to set forth any factual support for this contention.  Indeed, as set forth in the attached exhibits, the Trust has a facially valid chain of title to the Mortgage.  Since the Assignment of Mortgage is not void, Plaintiffs lack standing to contest its validity.  Thus, Plaintiffs' challenge to the Trust's chain of title to the Mortgage fails on the grounds of futility.

**D. Plaintiffs' Challenge to MERS Ignores Established Law in the First Circuit.**

Through their proposed Amended Complaint, Plaintiffs challenge MERS's capacity to hold and assign the Mortgage.  *See* Am. Compl. ¶ 20-26, 33-41.  This is a fundamental misstatement of foreclosure law in the First Circuit. *See Dyer*, 956 F.3d at 67 ("MERS's status as nominee did not bar it from holding the mortgage."); *see also Tucker v. U.S. Bank, N.A.*, 292 F. Supp. 3d 546, 552 (D. Mass. 2018) ("MERS has the legal authority to hold and transfer title in Massachusetts"); *see also Perreira v. Bank of N.Y. Mellon*, 2016 U.S. Dist. LEXIS 163621, *4

(D. Mass. Nov. 28, 2016) ("MERS is unquestionably a proper mortgagee under First Circuit law.").

"Suffice it to say, Massachusetts allows a mortgage to be split from its underlying note … and where, as here, MERS possesses a legal interest in that mortgage, such an interest is transferable." *Butler*, 748 F. 3d at 32-33. "MERS's designation as nominee means that it 'holds title for the owner of the beneficial interest,' not, as [the borrower] appears to suggest, that it lacks title altogether." *Mills v. U.S. Bank, N.A.*, 753 F.3d 47, 53 (1st Cir. 2014) (citing *Culhane,* 708 F.3d at 293).

Here, MERS held the Mortgage as nominee for the original lender and its successors and assigns. *See* Exhibit A. MERS was a proper mortgagee and possessed the legal capacity to assign the Mortgage to the Trust. Plaintiffs' claims to the contrary are futile, thereby requiring denial of their Motion to Amend the Complaint.

### E.  Plaintiffs' Challenge to Securitization Fails as a Matter of Law.

Plaintiffs allege that securitization somehow invalidates the Trust's right to foreclose. *See* Am. Compl. ¶¶ 44-45, 47-49. As a threshold matter, paragraph 20 of the Mortgage expressly authorizes the sale of the Note: "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." *See* Exhibit A. Nonetheless, securitization does not fundamentally alter the borrower-lender relationship of a mortgage loan. A*ndersen v. LaSalle Bank N.A.*, 2016 U.S. Dist. LEXIS 71240, *14 (D. Mass. Jun. 1, 2016) ("[S]ecuritization has no effect on a mortgagee's right to foreclose"); *see also U.S. Bank N.A. v. Ibanez*, 458 Mass. 637, 649 (2011); *see also id.* at 656 (Cordy, J., concurring) (securitization transactions "are not barred nor even burdened by the requirements of Massachusetts law"). Consequently, Plaintiffs' challenge to securitization fails on the grounds of futility.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this

Honorable Court deny Plaintiffs' Motion to Amend the Complaint.


Respectfully submitted,
**PARKER IBRAHIM & BERG LLP**
*Attorney for Defendants,*
Select Portfolio Servicing, Inc. and The
Bank of New York Mellon, formerly known
as The Bank of New York as successor
Trustee to JPMorgan Chase Bank, N.A., as
trustee for the Certificateholders of
Structured Asset Mortgage Investments II
Trust 2006-AR4 Mortgage Pass-Through
Certificates, Series 2006-AR4,


*/s/ Donald W. Seeley Jr.*
Jeffrey D. Adams, Esq. BBO# 662697
Donald W. Seeley Jr., BBO# 663568
2 Oliver Street, Suite 405
Boston, Massachusetts 02109
Phone: 617.918.7604
Facsimile: 617.918.7878
Email: jeffrey.adams@piblaw.com
        Donald.seeley@piblaw.com


Dated: August 21, 2020

## <u>CERTIFICATE OF SERVICE</u>

I, Donald W. Seeley Jr., Esq., hereby certify that on August 21, 2020 a true and correct copy of the foregoing document was served upon all parties or counsel of record via this Court's CM/ECF system and by first class mail to the following:

Robert Belcher
Zarina Belcher
590 Truman Highway
Hyde Park, MA 02136

*/s/ Donald W. Seeley Jr.*
Donald W. Seeley Jr.
